IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DOUGLAS HANDSHOE | ) | PLAINTIFF |
| | ) | |
| v. | ) | Civil Action No.1:14-cv-159-KS-MTP |
| | ) | |
| DANIEL G. "DANNY" ABEL | ) | DEFENDANT |

**MAY IT PLEASE THE COURT:**

This Memorandum in Support of Motion to Strike is respectfully submitted by Defendant, Douglas Handshoe seeking that the impertinent and scandalous material contained Defendant's Motion for Extension of Time be struck from the Court record and that Defendant be given 21 additional days to file his answer.

**LAW AND ARGUMENT**

This Honorable Court should strike Defendant's Motion for Extension of Time because of its pervasive scandalous material. Rule 12(f) provides, in pertinent part, that "[u]pon motion made by a party . . . the court may order stricken from any pleading any . . . scandalous matter." Fed. R. Civ. P. 12(f); see 5C C. Wright and A. Miller, <u>Federal Practice and Procedure</u> (Civil) 2d § 1382, at 465 (2004) ("'Scandalous' matter is that which improperly casts a derogatory light on someone, most typically on a party to the action.") (footnote omitted); 2 <u>Moore's Federal Practice</u> § 12.37[3] at 12-97 ("'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.") (footnote omitted).

While motions to strike are generally disfavored, "the disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type often will be stricken from the pleadings in order to purge the court's files and protect the person who is the subject of the allegations." 5C C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 466-67 (2004); 2 see *Metrokane, Inc. v. The Wine Enthusiast*, 160 F. Supp. 2d 633, 641-42 (S.D.N.Y. 2001) ("Generally, motions to strike are disfavored and usually granted only for scandalous material.") (Citation omitted).

The striking of offensive material is particularly appropriate when the offensive material is not responsive to an argument but, rather, constitutes an inappropriate attempt to abuse the Court's process to attack an individual personally. See, e.g., *Magill v. Appalachia Intermediate Unit 08*, 646 F. Supp. 339, 343 (W.D. Pa. 1986) (striking allegations that "reflect adversely on the moral character of an individual who is not a party to this suit" which were "unnecessary to a decision on the matters in question"); see also *Pigford v. Veneman*, 215 F.R.D. 2, 4-5 (D.D.C. 2003) (striking unfounded accusations that opposing counsel was racist); *Murray v. Sevier*, 156 F.R.D. 235, 258 (D. Kan. 1994) (striking allegation that defendant and his counsel "bought off" and paid "hush money" to prospective witnesses); *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998) (striking allegation that "defendants are '[l]ike vultures feeding on the dead'"); *Nault's Automobile Sales, Inc. v. American Honda Motor Co.*, 148 F.R.D. 25, 29-34 (D.N.H. 1993) (noting that "[w]ith each passing week the pleadings assumed a more hostile and accusatory tone" and striking scandalous assertions).

While Plaintiff is restricting his requests for relief under Rule 12(f) to specific offensive statements or sections within the pleading filed by Defendant, in the case of Defendant's

Extension of Time Motion, the scandalous content pervades the entire motion. The following sets forth examples of Defendant's rhetorical excesses and abuses:

- Accuses Plaintiff of Cyber Stalking a minor child and the child's father, a crime in the State of Mississippi.
- Accuses a lawyer that represented the Plaintiff in the past of cyber stalking a minor child and the child's father, a crime in the State of Mississippi.
- Conclusory and falsely accuses Plaintiff of being in violation of Rule 5.2(a), Federal Rule of Civil Procedure.
- Falsely accuses Plaintiff of writing that Mr. Abel, and/or Mr. Abel's homosexual lover, has sodomized a minor child.

As is clear from the above, Defendant's disregard for civility in his pleading filed with this Court saturates the entire pleading, and were the Court simply to order the deletion of offensive statements, Defendant's Motion for Extension of Time would more resemble Swiss cheese than a legal document. Moreover, it is the responsibility of Defendant, a practicing lawyer, to file pleadings that conform to this Honorable Court's rules; it is not the responsibility of Plaintiff to seek relief to sanitize Defendant's' pleadings after they have become part of the public record.

However, Defendant did manage in the barrage of personal attacks to request an extension of time to file his answer, albeit for an unreasonable 45 day extension of time. Therefore, striking the scandalous accusations from the pleading and granting a reasonable 21 day extension of time to July 28th serves to advance the cause of justice without unduly penalizing the Defendant by causing him to default.

## **CONCLUSION**

Defendant's Motion for Extension of Time constitutes an inappropriate attempt to abuse the Court's process to attack Plaintiff and other third parties personally via a pleading that contains accusation that are unnecessary to a decision on the matter in question. Plaintiff requests that all but the 4th and final paragraphs of Defendant's Motion for Extension of Time be struck from the record and that Defendant be given an extension of time until July 28, 2014 to submit his answer.

Respectfully submitted this 7th day of July, 2014,

Plaintiff and sole owner of Slabbed New Media, LLC
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(228) 284-0004
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, certify I have sent a true and correct copy of the foregoing Memorandum in Support of Motion to Strike to the following via United States Mail:

    Daniel G. Abel
    C/O The Super 8 Motel / Desai Enterprises
    2421 Clearview Parkway, Room 106
    Metairie, LA 70001

                Respectfully submitted this 7th day of July, 2014,

                _____
                Plaintiff and sole owner of Slabbed New Media, LLC
                Douglas Handshoe
                Post Office Box 788
                110 Hall Street
                Wiggins, MS 39577
                (228) 284-0004
                earning04@gmail.com