

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
~~HATTIESBURG~~ DIVISION
Southern

| | | |
|---|---|---|
| DOUGLAS HANDSHOE | * | CASE NO. 14-cv-159 |
| | * | |
| VERSUS | * | JUDGE: KEITH STARRETT |
| | * | |
| DANIEL G. ABEL | * | MAG. JUDGE: MICHAEL T. PARKER |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### FED. R. CIV. P. 12(b)(2) & (3) MOTION TO DISMISS AND
### IN THE ALTERNATIVE 28 U.S.C.A.§1406(a) MOTION TO TRANSFER

Defendant Daniel G. Abel does not live in Mississippi nor does he have contracts with the

State, therefore he makes this appears for the purposes limited to the pleadings filed at this time. This

action comprises forum shopping at its worst, is sanctionable under Fed. R. Civ. P. 11, and must be

dismissed or transferred because there are absolutely no grounds for personal jurisdiction or venue

in this Court.

Plaintiff has filed a dubious action and specious action for "misrepresentation" under the

Digital Millennium Copyright Act against defendant Daniel Abel, who is a Louisiana attorney for

the husband and sole domiciliary parent [guardian] of a minor child in a state court divorce

proceeding.  Plaintiff Mr. Douglas Handshoe filed this action in retaliation for Mr. Abel's

compliance with a Louisiana state court judge's order to do whatever was necessary to stop Mr.

Handshoe from publishing on the internet drawings of a minor child depicting purported sexual

activity. Whatever Mr. Handshoe's motivations for publishing such drawings, they are perverse,

disgusting, and illegal.

Mr. Abel has no contact with the State of Mississippi. He does not live there. He does not



practice law there. He does not do business there. He has entered into no contracts there. He has committed no torts there. He has not damaged Mr. Handshoe or anyone else in the State of Mississippi.

As Mr. Abel has no legal presence in the State of Mississippi, the United States Court for the Southern District of Mississippi does not have personal jurisdiction, venue, or even subject matter jurisdiction over Mr. Abel or the actions all of which have taken place in Jefferson Parish in the State of Louisiana. The internet host company which took down the minor child's drawings that were at issue in the domestic court order in Louisiana, is located in the State of Texas. As all actions taken in compliance with the Louisiana Court's order to have the internet host take down the drawing and comments in question took place in the Courts of and State of Louisiana, venue is not proper under Fed. R. Civ. P. 12 either [*See*: 28 U.S.C.A. §1391]; The court in *Doe v. Geller*, 533 F. Supp. 2d 996 - Dist. Court, ND California 2008 the DMCA provides explicitly that internet users, such as Sapient who wish to rebut a takedown notice must consent to the jurisdiction of a federal district court (see 17 USC 512(g)(3)(D)), but the statute does not require copyright owners who send takedown notices (such as defendants here) to consent to personal jurisdiction (see 17 USC 512(c)(3)). That difference must be viewed as intentional. See *The Adeline, 9 Cranch* 244, 13 U.S. 244, 253, 3 L.Ed. 719 (1815). If that result seems asymmetrical and unfair, then the problem should be resolved by Congress, not this court.

And as the underlying matters and the order to take the drawing down, actually arose from a domestic court judgment in the State of Louisiana, these Federal Courts do not have subject matter jurisdiction over this action. Mr. Abel reserves his right to fully present the issue of subject matter jurisdiction to these Courts if necessary Fed. R. Civ. P. 12(b)(1). As Mr. Handshoe has also failed

to state a claim under Fed. R. Civ. P. 12(b)(6) and failed to name the internet host provider as a defendant under Fed. R. Civ. P. 12(b)(7)—Mr. Abel reserves his right for fully address those Rule 12 issues as well if the Court so orders. The issues of the lack of personal jurisdiction and venue are set forth herein.

### I.   Fed. R. Civ. P. 12 (b)(2) Motion to Dismiss for Lack of Personal Jurisdiction

Defendant Daniel G. Abel has no contacts in the State of Mississippi, has taken no actions in the State of Mississippi, was served in Louisiana outside the reach of the subpoena power and the jurisdiction of the United States District Court for the Southern District of Mississippi; Abel has not and does not now submit himself voluntarily to the jurisdiction of these Courts [See: 28 U.S.C.A. § 1760 - Declaration of Daniel G. Abel below].

Mr. Handshoe  has filed a baseless and frivolous action for "misrepresentation" under the Digital Millennium Copyright Act against defendant Mr. Abel.  Mr. Handshoe's lawsuit under this act is nothing more that an attempt to forum shop this matter out of Louisiana where the matters he complains about arose from a Louisiana state court divorce proceeding.

As provided by Fed. R. Civ. P. 12 in pertinent part:

(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction;

(3) improper venue;

(4) insufficient process;

(5) insufficient service of process;

(6) failure to state a claim upon which relief can be granted; and

(7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Defendant Mr. Abel has acted in compliance with an order from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana arising in a domestic relations case styled: *Yount v. Steitle* /Case No. 665-658 / Division "E", with a judgment signed by the Hon. Judge John Moliason, Jr. which is attached hereto [Exhibit No. 1 - Judgment]. All Mr. Abel did was comply with the orders of the domestic relations court in Louisiana. In compliance with the Louisiana Court's judgment, Mr. Abel contracted the internet host provider and provided it with a copy of the Louisiana Court's order.          The conversion of the preliminary order arising in the judgment to remove from the internet and permanently seal the drawings and Mr. Handshoe's comments about the drawing is set for a closed-court hearing on 28 August 2014, in the 24th JDC for the Parish of Jefferson, in the related matter.  Despite the fact that two Louisiana Courts have ordered the drawings and Mr. Handshoe's comments sealed and removed from the internet at Slabbed.org, Mr. Handshoe has posted those drawings and comments as exhibits in this matter now before this Court.

Plaintiff Mr. Handshoe resides in Bay St. Louis and has forum shopped this action to the Mississippi Courts in violation of Fed. R. Civ. P. 12 and the governing jurisprudence. Mr. Handshoe

has attempted other actions against Mr. Abel and other defendants including other internet host providers in the state courts of Mississippi, each of which has been set aside by the Mississippi State courts. Mr. Abel again asks the Court for to order these exhibits removed or sealed under Fed. R. Civ. P. 5.2.

The salient facts include that the record of the divorce proceeding has been ordered sealed by a judge of Louisiana's 24th Judicial District, and that the defendant has been ordered by that court to seek removal of a sexually-explicit drawing authored by the minor child involved in the divorce from publication by plaintiff Douglas Handshoe on his web site, "Slabbed." Mr. Handshoe is of the judgment which has sealed these drawings and Mr. Handshoe's own comments about these drawings.

The Plaintiff Mr. Handshoe has sued the defendant Abel for allegedly misrepresenting that he was an agent of the father in his capacity requesting court-ordered removal of the child's drawing from unauthorized publication on the Plaintiff's web site, Slabbed, by means of a copyright take down notice sent to the Plaintiff's web host. The Slabbed publications also made explicit the identity of the child and his father by reference to the case *Yount v. Steitle*. The Louisiana Court judgment and its order specifically instruct the parties and counsel to do whatever is necessary to have the drawings and comments taken off the internet and removed from the slabbed.org website [Exhibit No. 1 - Judgment].

The various federal and appellate courts are clear as to matters of jurisdiction when parties have no contact and have taken no action with a federal district.

For example, federal district court in District of Columbia did not have personal jurisdiction over municipal housing authority in Louisiana under District of Columbia long-arm statute regarding

contract work performed in Louisiana and governed by Louisiana law, since housing authority did not transact business in, contract for services in, cause tortuous injury in, regularly soliciting business in, engage in persistent course of conduct in, or derive substantial revenue from goods used or consumed in, Washington, D.C. *Fuentes-Fernandez & Company, PSC v. Caballero & Castellanos, PL*, D.D.C.2011, 770 F.Supp.2d 277.  Defendant Abel has no contact with the State of Mississippi in this or any other matter.

Further, where there was no allegation in breach of contract action that Illinois corporation transacted any business in New York connected with contract other than that related to its negotiation, complaint must be dismissed if negotiation of contract did not constitute transaction of any business within the state. *Northland Paper Co. v. Mohawk Tablet Co.*, S.D.N.Y.1967, 271 F.Supp. 763.

Likewise, individuals and corporations that did not reside and were not found in New York, conducted no business in New York, and had no interest in New York, before the commencement of action against them, and all of whom were served with summons and complaint in either Ohio or Pennsylvania were not subject to personal jurisdiction in the Southern District of New York. *Faim Information Services, Inc. v. Borchert*, S.D.N.Y.1975, 395 F.Supp. 878.

The principle applied by the *Faim* Court is applicable under the facts pertaining to defendant Mr. Abel and the actions he has taken in compliance with the Louisiana State Court's order. As these Courts have no jurisdiction over Abel or any of his actions, this matter should be dismissed.

In summary, Mr. Abel does not have any contacts with the State of Mississippi that would subject him to personal jurisdiction in the State; this action must be dismissed.

II.     **Rule 12 (b)(3) Motion to Dismiss for Lack of Proper Venue**

No acts took place in the State of Mississippi. Mr. Abel has no legal presence in the State of Mississippi: therefore the United States Court for the Southern District of Mississippi do not have personal jurisdiction, venue, or even subject matter jurisdiction over Mr. Abel or the actions all of which took place in the State of Louisiana.

The internet host internet host company that took down the minor child's drawings that were at issue in the domestic court judgment and its order in Louisiana, is located in the State of Texas. As all actions taken in compliance with the Louisiana Court's order to have the internet host take down the drawing and comments in question took place in the courts of and State of Louisiana, venue is not proper under Fed. R. Civ. P. 12(b)(3). Mr. Handshoe filed under the copyright act to fabricate jurisdiction in these Courts, as he has done in the past. This action must be dismissed.

The salient facts include that the record of the divorce proceeding has been ordered sealed by a judge in Louisiana's 24th Judicial District, and that the defendant Abel has been ordered by that court to seek removal of a sexually-explicit drawing by the minor child involved in the divorce from publication on the Plaintiff's web site, "slabbed." Plaintiff is aware of the sealing order.

In this action Mr. Handshoe has sued Mr. Abel for allegedly misrepresenting that Mr. Abel was an agent of the father in his capacity requesting court-ordered removal of the child's drawing from unauthorized publication on the Plaintiff's web site "slabbed.org " by means of a copyright take down notice sent to the Plaintiff's web host.

III.    **Fed. R. Civ. P. (b)(1) & (6) & (7) Motion to Dismiss for Lack of Subject Matter Jurisdiction, Failure to State A Claim and Failure to Join - Rights Not Waived but Reserved**

As the underlying matters actually arose from a domestic court judgment in the State of Louisiana, these federal courts do not have subject matter jurisdiction. Mr. Abel reserves his right to fully present the issue of subject matter jurisdiction to these Courts if necessary under Fed. R. Civ. P. 12(b)(1). As Mr. Handshoe has also failed to state a claim under Fed. R. Civ. P. 12(b)(6) and failed to name the internet host provider as a defendant under Fed. R. Civ. P. 12(b)(7)—Mr. Abel reserves his right to fully address those exceptions as well if the Court so orders. The issues of the lack of personal jurisdiction and venue are set forth above.

IV.     **Request to Transfer Action Under 28 U.S.C. A. § 1406, to Proper United States District Court Forum, in the Alternative to a Fed. R. Civ. P. 12(b) Dismissal.**

This action should be dismissed as it is forum shopping at its worst and demonstrates a complete lack of understanding of the personal jurisdiction and venue rules in the United States District Courts. The provisions of 28 U.S.C.A. § 1406(a) are applicable as plaintiff Mr. Handshoe has brought this matter to an improper forum.  Although this matter should be dismissed under Fed. R. Civ. P. 12(b) (2) & (3) as well as under Fed. R. Civ. P. (b) (1) & (6) & (7) [those rights to dismiss which are reserved], if the Court does not dismiss this matter then, as all the actions including those of the 24th Judicial District Courts in Louisiana this matter should be transferred to the United States District Courts for the Eastern District of Louisiana.  Defendant Mr. Abel avers that as no acts have been taken in the State of Mississippi whatsoever, if such a copyright claim could advance it should be transferred and has been asked for now, before any other pleadings have been filed.  The jurisprudence as to such transfers favor Mr. Abel's request.

Transfers may be effected under provisions of this section relating to transfers for convenience of witnesses and parties or § 1406 of this title relating to transfers to correct defects in venue even

though defendant has not been served with process. *In re Library Editions of Children's Books*, Jud.Pan.Mult.Lit.1969, 299 F.Supp. 1139. In this instance, Mr. Abel had no contact with and took no actions in Mississippi or in the Southern District of Its Federal Courts. Therefore the provision of 28 U.S.C.A. § 1404(a) does not seem to apply as this forum and under these facts is not proper. The provisions of 28 U.S.C. § 1406(a) are applicable as plaintiff Mr. Handshoe has plainly brought this matter in an improper forum.

The case law is clear that this matter must be transferred. Even where defendants' delay in moving for transfer until three of four months allocated for discovery passed was not significant enough to support finding that interests of justice favored New York, rather than Maine, as forum, even though plaintiff spent time and money retaining experts to testify in New York during discovery period. *Babbidge v. Apex Oil Co.*, S.D.N.Y.1987, 676 F.Supp. 517. Mr. Abel has requested this transfer if the Court does not dismiss this matter. There has been no discovery or proceedings on the merits to this point.

Where, as here a motion to transfer should be made early in the proceeding; *Blumenthal v. Management Assistance, Inc.*, N.D.Ill.1979, 480 F.Supp. 470. Mr. Abel's motion to dismiss and in the alternative to transfer is made in the first pleading filed in this matter [after the Court granted extension of time to answer]; if dismissal is not granted, transfer to the United States District Courts for the Eastern District of Louisiana is required because there is patently no jurisdiction or venue in this Court.

### Declaration / Jurat

I, Daniel G. Abel, attorney at law licensed by the State of Louisiana, do hereby declare and verify under penalty of perjury that the foregoing facts and averments set forth by me above, are true

and correct to the best of my knowledge and belief, under the provisions of 28 U.C.S. § 1760.

I have executed this declaration on 4 August 2014 and signed hereto.

*DANIEL G ABEL*

Daniel G. Abel, LSB No. 8348

Respectfully submitted,

*DANIEL ABEL*

Daniel G. Abel
2421 Clearview Pkwy.
Metairie, LA 70001
Telephone: 504.284.8521
Facsimile: 888.577.8815

Certificate of Service

*DANIEL ABEL*

I have filed this pleading by USPS Mail with the Clerks of Court and also sent a copy by USPS mail to Mr. Handshoe and on 4 August 2014.

CC.   US Attorney Kenneth Polite
U.S. Attorney's Office
650 Poydras Street
New Orleans, LA 70130

US Attorney Gregory K. Davis
US Attorney's Office
501 East Court Street
Suite 4. 430
Jackson, Mississippi 39201

Served Long-Arm by Certified Mail
On This 4 August 2014 To the Addresses
Provided on the Summons:

Douglas Handshoe
P.O. Box 788
Wiggins, MS. 39577*
and
Douglas Handshoe
110 Hall Street
Wiggins, MS. 39577**

* / ** NB -   The Certified Mail Sent to Mr. Handshoe At Each of the Addresses
He Provided on the Original Summons, Were Not Accepted But Were
Returned to Mr. Abel Who Has Them On File in New Orleans