

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DOUGLAS HANDSHOE | ) | PLAINTIFF |
| | ) | |
| v. | ) | Civil Action No.1:14-cv-159-KS-MTP |
| | ) | |
| DANIEL G. "DANNY" ABEL | ) | DEFENDANT |
| | ) | |

**MAY IT PLEASE THE COURT:**

This Memorandum in Support of Motion to Strike is respectfully submitted by Defendant, Douglas Handshoe seeking that the impertinent and scandalous material contained in Defendant's Motion to Seal Exhibits (ECF No. 16) be stricken from the Court record.

### LAW AND ARGUMENT

This Honorable Court should strike Defendant's Motion for Extension of Time because of its pervasive scandalous material. Rule 12(f) provides, in pertinent part, that "[u]pon motion made by a party . . . the court may order stricken from any pleading any . . . scandalous matter." Fed. R. Civ. P. 12(f); see 5C C. Wright and A. Miller, Federal Practice and Procedure (Civil) 2d § 1382, at 465 (2004) ("'Scandalous' matter is that which improperly casts a derogatory light on someone, most typically on a party to the action.") (footnote omitted); 2 Moore's Federal Practice § 12.37[3] at 12-97 ("'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.") (footnote omitted).

While motions to strike are generally disfavored, "the disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type often will be stricken from the pleadings in order to purge the court's files and protect the person who is the

subject of the allegations." 5C C. Wright and A. Miller, <u>Federal Practice and Procedure</u> (Civil) 2d § 1382, at 466-67 (2004); 2 see *Metrokane, Inc. v. The Wine Enthusiast*, 160 F. Supp. 2d 633, 641-42 (S.D.N.Y. 2001) ("Generally, motions to strike are disfavored and usually granted only for scandalous material.") (Citation omitted).

The striking of offensive material is particularly appropriate when the offensive material is not responsive to an argument but, rather, constitutes an inappropriate attempt to abuse the Court's process to attack an individual personally. See, e.g., *Magill v. Appalachia Intermediate Unit 08*, 646 F. Supp. 339, 343 (W.D. Pa. 1986) (striking allegations that "reflect adversely on the moral character of an individual who is not a party to this suit" which were "unnecessary to a decision on the matters in question"); see also *Pigford v. Veneman*, 215 F.R.D. 2, 4-5 (D.D.C. 2003) (striking unfounded accusations that opposing counsel was racist); *Murray v. Sevier*, 156 F.R.D. 235, 258 (D. Kan. 1994) (striking allegation that defendant and his counsel "bought off" and paid "hush money" to prospective witnesses); *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998) (striking allegation that "defendants are '[l]ike vultures feeding on the dead'"); *Nault's Automobile Sales, Inc. v. American Honda Motor Co.*, 148 F.R.D. 25, 29-34 (D.N.H. 1993) (noting that "[w]ith each passing week the pleadings assumed a more hostile and accusatory tone" and striking scandalous assertions).

Plaintiff is requesting the entire brief be stricken as it contains the same exact objectionable language this court has already found to be scandalous and impertinent. (order of this Honorable Court at ECF No. 14) The following sets forth examples of Defendant's continued use of rhetorical excesses and abuses:

- Accuses Plaintiff of Cyber Stalking a minor child and the child's father, a crime in the State of Mississippi.
- Conclusory and falsely accuses Plaintiff of being in violation of Rule 5.2(a), Federal Rule of Civil Procedure.
- Falsely accuses Plaintiff of writing that Mr. Abel's alternative lifestyle partner has sodomized a minor child.

As is clear from the above, Defendant's disregard for civility in his pleading filed with this Court saturates the entire pleading, and were the Court simply to order the deletion of offensive statements, Defendant's Motion to Seal Exhibits would more resemble Swiss cheese than a legal document. Moreover, it is the responsibility of Defendant, a practicing lawyer, to file pleadings that conform to this Honorable Court's rules; it is not the responsibility of Plaintiff to seek relief to sanitize Defendant's pleadings after they have become part of the public record.

Finally, a plain read of the material Defendant Abel seeks to seal reveals that nowhere does Plaintiff disclose the name of a minor child nor does the court order he cites contain any language directing Plaintiff or Plaintiff's webhost to remove anything from the internet. The order, which Defendant prepared for the Louisiana court in a case against a Pro Se Defendant ordered the Court Records in question sealed well after they were filed into the official public record as well as after they appeared on the Slabbed New Media website. Abel's reliance on such a backfilled court order issued in a case involving a Pro Se Defendant to justify his abuse of the Digital Millennium Copyright Act is thus misplaced.[1]

---

[1] Of note is the same public court record contains substantial evidence Attorney Abel advised the Pro Se Defendant in Yount v Steitle to not to comply with the Louisiana court's order regarding the parents seeking of removal of items on the Slabbed New Media Website.

## CONCLUSION

Defendant's Motion to Seal Exhibits constitutes an inappropriate attempt to abuse the Court's process to attack Plaintiff personally via a pleading that contains accusation that are unnecessary to a decision on the matter in question and for which this Honorable Court has already previously struck from the record. Plaintiff prays Defendant's Motion to Seal Exhibits thus be stricken from the official record.

Respectfully submitted this 13th day of August, 2014,

_____

Plaintiff and sole owner of Slabbed New Media, LLC
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(228) 284-0004
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, certify I have sent a true and correct copy of the foregoing Memorandum in Support of Motion to Strike to the following via United States Mail:

Daniel G. Abel
C/O The Super 8 Motel / Desai Enterprises
2421 Clearview Parkway, Room 106
Metairie, LA 70001

Respectfully submitted this 13th day of August, 2014,

_____
Plaintiff and sole owner of Slabbed New Media, LLC
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(228) 284-0004
earning04@gmail.com