IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 13 2014
ARTHUR JOHNSTON
BY_____ DEPUTY

| | |
|---|---|
| DOUGLAS HANDSHOE | PLAINTIFF |
| v. | Civil Action No.1:14-cv-159-KS-MTP |
| DANIEL G. "DANNY" ABEL | DEFENDANT |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S FED. R. CIV. P. 12(b)(2) & (3) MOTION TO DISMISS AND IN THE ALTERNATE 28 U.S.C.A §1406(a) MOTION TO TRANSFER

**MAY IT PLEASE THE COURT:**

This Memorandum in Opposition to Defendant's Fed. R. Civ. P. 12(B)(2) & (3) Motion to Dismiss and in the Alternate 28 U.S.C.A §1406(A) Motion to Transfer is respectfully submitted by Plaintiff, Douglas Handshoe.

Defendant Abel contends Plaintiff has somehow forum shopped this dispute to the United States Court district in which he resides and that filing this action in this judicial district is somehow sanctionable under Fed. R. Civ. P. 11. Abel questions Plaintiff's motivations for publishing the public court documents that lie at the heart of this dispute terming them "perverse" disgusting" and "illegal".  He seeks to have the case dismissed for lack of jurisdiction and/or venue or alternatively have it transferred to the United States District Court for the Eastern District of Louisiana. Additionally defendant exhibited a court order, which he drafted for a Louisiana State Court judge in a case that he was litigating on behalf of his longtime associate Chris Yount against a pro se state court defendant, as justification for abusing the

1

DMCA takedown process[1]. He cites inapplicable jurisprudence dating to 1815 and 1862 to support his motion. Finally he references a SLAPP suit that he filed under seal on behalf of his client Chris Yount against instant Plaintiff and one of instant Plaintiff's Louisiana based Attorneys.[2] Defendant fails to mention however this SLAPP suit was stricken and dismissed under Louisiana's Anti SLAPP statute and Handshoe was awarded reasonable attorney fees.[3] For all of the defendant's figurative pounding of the table with his fist belies the reality that Mr. Abel has no facts on which his Motion to Dismiss can be reasonable based and as such it must be denied as unsupported.

## LAW AND ARGUMENT

Defendant Abel correctly identifies the numerous physical locations where he committed portions of the tort for which he stands accused. However Defendant fail to recognize that substantial portions of the tort to which he stands accused was perpetrated in Mississippi including the injuries leading to the damages he caused to Plaintiff and his Media Company.[4] Defendant Abel instead focuses instead on a curious straw man hypothesis regarding his supposed lack of contact with The State of Mississippi.

---

[1] This court order, which Abel drafted for the Court in the Louisiana 24th JDC case Yount v Steitle, also contains evidence of the after the fact sealing of documents obtained by Plaintiff from the public court record via the online JeffNet system as well as evidence that the Stuart Smith Law Clinic was appointed by the court to be the minor child's lawyer 10 full days before Abel submitted the DMCA takedown notice at the heart of this dispute. The "creative work" in question was filed into the official record of Yount v Steitle and is thus legally considered a public record under Louisiana law.

[2] Mr. Abel has a well-known history and habit of including Plaintiff's counsel as codefendants in his Louisiana based SLAPP suits in order to conflict them out from representing him.

[3] Plaintiff currently has pending before the Louisiana Court a motion to unseal the case, which Defendant Abel, on an ex parte basis, improperly sealed with the assistance of Louisiana State Court Judge Glenn Ansardi, a longtime political associate of both Defendant and the now incarcerated Aaron Broussard.

[4] While the focus of this brief is not on damages, it is unquestioned under long standing jurisprudence that the deprivation of any constitutional right include those found under the first amendment constitute "irreparable harm". See *Elrod v. Burns*, 427 U.S. 347, 373 (1976), which observed that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."

2

*Smith v Temco, Inc.*, 252 So. 2d 212 (Miss 1971) is the first in a long line of cases which dealt with the "who shall commit a tort in whole or in part in this State against a resident of this State" requirement for the exercise of personal jurisdiction over out of state defendants. The court in *Smith v Temco* case cited *Dawkins v White Products Corp.* 443F.2d 589 in their opinion reasoning, "We are convinced, Erie-bound as we are, to conclude that the Mississippi Supreme Court, given the facts and presented with the issue, would hold that the complaint as here amended alleged facts which, in spite of the affidavits of non-presence in the state, would permit service on the non-residents under the amended long-arm statute."

The court in *Smith v Temco* continued recognized that, "The tort is not complete until the injury occurs, and if the injury occurs in this State, then, under the amended statute, the tort is committed, at least in part, in this State, and personam jurisdiction of the nonresident tort feasor is conferred upon the Mississippi court."

*Jobe v ATR Marketing, Inc.*, 87 F.3d 751 defines the meaning of "injury" within the context of *Smith v Temco* reasoning "A tort is complete when, and personal jurisdiction lies where, the actual injury occurs. *Smith v. Temco*, 252 So.2d at 216; see also *Rittenhouse v. Mabry*, 832 F.2d 1380, 1384 (5th Cir.1987). In determining where the injury occurred for jurisdictional purposes, actual injury must be distinguished from its resultant consequences, such as pain and suffering, economic effects or other collateral consequences that often stem from the actual injury."

*Internet Doorway, Inc. v. Parks*, 138 F. Supp. 2d 773, reinforces these early jurisdictional concepts as they apply to electronic communications as that court held "the medium in the instant case is an e-mail, which was actively sent to the recipient in hopes that the recipient

would read its contents". Specifically the Court found, "that the active as opposed to passive nature of e-mail weighs in favor of finding personal jurisdiction."

*Brown v Flowers Industries, Inc.*, 688 F.2d 328 (5th Circuit 1982) makes clear it only takes one instance of tortious conduct within Mississippi in order to confer in personam jurisdiction to the Mississippi courts. In that case the Court concluded "When a defendant purposefully avails himself of the benefits and protection of the forum's laws-by engaging in activity ... outside the state that bears reasonably foreseeable consequences in the state-maintenance of the law suit does not offend traditional notions of fair play and substantial justice." The court in Brown v Flowers identified two other factors that "are also relevant in determining whether the exercise of personal jurisdiction comports with due process. These factors are "the interest of the state in providing a forum for the suit" and the "relative conveniences and inconveniences to the parties".

Factual conflicts between the parties in determining jurisdiction "must be resolved in plaintiff(s') favor for purposes of determining whether a prima facie case for in personam jurisdiction has been established".[5]

In this case it is abundantly clear the multiple injuries that result in damages occurred within Mississippi. For instance Defendant's actions sending DMCA takedown notices to Plaintiff's webhost could only result in the disabling of material that was published in Mississippi by a Mississippi legal business entity resulting in injury including but not limited to the "irreparable harm" involved with the improper use of a DMCA takedown notice to suppress the public interest journalism. It is nonsensical to contend that sending a DMCA takedown notice

---

[5] *Brown v Flowers Industries, Inc.*, 688 F.2d 328 (5th Circuit 1982)

directed at a Mississippi business entity did not have foreseeable consequences in Mississippi for that business entity and its owner/publisher, which Defendant actively sought to silence via the improper use of the DMCA takedown process.

Defendant Abel's contention he has no legal contacts with the State of Mississippi is belied by the fact he submitted post judgment affidavits in the case styled *Trout Point Lodge et al v Handshoe* 729 F.3d 481 (2013). In one communication, Abel denied being the disgraced Aaron Broussard's law partner despite a multitude of publicly available legal pleadings which exhibited exactly that fact.[6] Defendant Abel then subsequently improperly accused instant plaintiff and instant plaintiff's lawyer in that case of perpetrating a fraud upon the Court, making false statements and fabricating state court pleading in another case to which neither instant Plaintiff nor instant Plaintiff's lawyer had any connection.[7] In short Abel voluntarily inserted himself into a Mississippi Civil Action to which he supposedly had no legal interest but now which it is abundantly clear that he had substantial connections.

Venue is proper in this District per 28 U.S.C. § 1391(b)(2) as this judicial district is the location where "a substantial part of the events or omissions giving rise to the claim occurred". In this instant case events giving rise to the claim occurred partly in Texas, Louisiana and Mississippi with Mississippi clearly being where substantial part of the events giving rise to the claim occurred.

Defendant points to a Louisiana court order that he obtained as justification for his tortious acts but that order does not apply to either Plaintiff or Plaintiff's webhost based upon a plain read of its contents thus it has no part in the chain of events that underpin this action. No

---

[6] Trout Point et Al v Handshoe, USDC Case No. 12cv90, ECF No. 44-1
[7] Id. at ECF No. 48

5

state court can sanction abusing the takedown provisions in the DMCA, which is a Federal law subject only to the jurisdiction and venue of the United States District Courts. Rather the Defendant, in sitting at a computer in Metairie, Louisiana, directed an email to Plaintiff's Texas based webhost which he reasonable should have foreseen would drastically impact the operations of a Mississippi domiciled media company and its owner causing the injury leading to damages, including but not limited to the "irreparable harm" inflicted by the very act of depriving the Plaintiff of valuable constitutional rights under the First Amendment of the United States Constitution by misusing the DMCA takedown process to silence public interest journalism.

Further in civil suits arising under the Copyright Act, 28 U.S.C. § 1400(a) dictates the matter may be brought in the district where the defendant "resides or may be found". "As a general matter, a defendant is "found" in any district in which it is subject to personal jurisdiction" of the court under that forum state's long arm statute."[8] [9]

Finally, as matter of law should this Honorable Court find that it has personal jurisdiction over defendant then it follows that venue is proper. Such a finding dictates that this case should not be transferred to the Eastern District of Louisiana as that forum has no situs with the underlying facts of this case beyond it being the judicial district where Defendant Abel is domiciled.

## CONCLUSION

The Mississippi Courts have personal jurisdiction over the defendant thus venue is proper as defendant committed substantial portions of his tortious acts within Mississippi as defined in

---

[8] Goldstein on Copyright, Third edition, § 15.3.2, citing Thomas Jackson Publg., Inc. v Buckner, 625 F. Supp. 1044, 1046, 1048; Testa v Janssen, 482 F. Supp. 1195, 1199; Battle Creek Equip. Co. v Roberts Mfg., 460 F. Supp. 18, 22 and Greenky v Irving Music, Inc. 217 U.S.P.Q. 750, 751-752

[9] See also Penguin Group (USA) Inc. v. American Buddha (N.Y. Ct. Appeals March 24, 2010) on Certified Question from the United States Second Circuit Court of Appeals

Mississippi's long arm statute and related jurisprudence. For these reasons defendant's motion to dismiss for lack of personal jurisdiction and venue must be denied as unsupported. Additionally, since venue is proper before this Honorable Court, no grounds exist to transfer this case to the Louisiana Eastern District Courts.

Respectfully submitted this 13th day of August, 2014,

_____
Plaintiff and sole owner of Slabbed New Media, LLC
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(228) 284-0004
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, certify I have sent a true and correct copy of the foregoing Memorandum in Opposition to Motion to Dismiss under Fed. R. Civ. P. 12(b)(2) & (3) to the following via United States Mail:

Daniel G. Abel
C/O The Super 8 Motel / Desai Enterprises
2421 Clearview Parkway, Room 106
Metairie, LA 70001

Respectfully submitted this 13th day of August, 2014,

_____
Plaintiff and sole owner of Slabbed New Media, LLC
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(228) 284-0004
earning04@gmail.com