IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



| | |
|---|---|
| DOUGLAS HANDSHOE | PLAINTIFF |
| v. | Civil Action No.1:14-cv-159-KS-MTP |
| DANIEL G. "DANNY" ABEL | DEFENDANT |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**MAY IT PLEASE THE COURT:**

This Memorandum in Support of Motion for Leave to File Amended Complaint is respectfully submitted by Plaintiff, Douglas Handshoe. Handshoe attempted to first confer with defendant Abel but Abel has gone into hiding since his law license was suspended to do Threat of Harm to the public and Plaintiff is unaware of Defendant Abel's current whereabouts.

**LAW AND ARGUMENT**

Pursuant to Federal Rules of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." A motion to amend under Rule 15(a), however, "permit[s] liberal amendment to facilitate determination of claims on the merits," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (Former 5th Cir. Nov. 1981), imposing serious restrictions on the judge's discretion to deny the motion, id. Absent a strong, declared reason for the denial, a reviewing court will hold the denial of a Rule 15(a) motion to be an abuse of discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Federal Rules of Civil Procedure 20(a)(2) provides that multiple defendants be joined in one action as defendants if:

*(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and*

*(B) any question of law or fact common to all defendants will arise in the action.*

In light of the significant factual and procedural developments since Plaintiff filed the original suit in April 10, 2014 including defendants serving Plaintiff with a defamation suit which was struck under Louisiana's anti-SLAPP statute along with continued coordinated harassment surrounding the same two publications to the Slabbed New Media website, good cause for amending the Complaint is immediately apparent. The existing and proposed Defendants will in no way be prejudiced if the changes are allowed at this point in the proceedings as the fact set is common to each and every one of them. Furthermore, there is no apparent reason for denying the motion to amend, as none of the factors that may militate against it is present in this case. Consistent with the liberal standard that applies to motions to amend under Rules 15(a)(2) and 20(a)(2), the Court should therefore grant Plaintiff's motion.

The interests of justice and judicial economy will undoubtedly be served by having all allegations properly before the Court as set forth in Plaintiff's proposed amended complaint. The amendments are narrowly tailored to reflect the present circumstances and Plaintiff's present understanding of the case. In so doing, the action can more effectively proceed on the merits.

Defendants will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amendment. The determination of whether prejudice would occur often includes

assessing whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. Defendants cannot be prejudiced, or caught off guard, by the new facts alleged by the Plaintiff in the proposed amendment, since the Defendants have first-hand knowledge of the roles that they played in the facts at issue. Additionally, the case remains at an early stage with little discovery conducted thus there will be little additional cost to the existing defendant in connection with the new claims.  Additionally, proposed defendants Fernandez, Lamar and Loyola University have been repeatedly warned about their abusive litigation practices involving a non-party minor child to the case. In light of the fact Fernandez, Lamar or Loyola never filed a formal motion to intervene as an interested party in the defamation suit and have not been court ordered to appear on behalf of the non-party minor child, preferring instead to play a nefarious, shadow role in the proceedings which became manifest during the appellate process, they cannot claim ignorance of their tortious actions.

Finally, Plaintiff's request to file an amended complaint is not futile as Plaintiff has alleged sufficient facts to state a claim for relief that is facially plausible. Where the proposed amendment is not clearly futile, denying leave to amend on this ground is not proper.

Accordingly, in the interest of justice, this Court should grant Plaintiff's motion for leave to file the proposed amended complaint, which is attached as Exhibit 1 to this memorandum of law. The grant of this motion is particularly appropriate here, given the clear absence of any substantial reason to deny leave to amend and join additional parties.

## CONCLUSION

For the reasons identified above, Plaintiff requests that the Honorable Court grant Plaintiff's motion for leave to file the proposed amended complaint. .

Respectfully submitted this 12th day of February, 2015,

_____

Plaintiff and sole owner of Slabbed New Media, LLC
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(228) 284-0004
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, certify I have sent a true and correct copy of the foregoing Memorandum in Support of Motion for Leave to File Amended Complaint to the following via United States Mail:

> Daniel G. Abel
> C/O The Super 8 Motel / Desai Enterprises
> 2421 Clearview Parkway, Room 106
> Metairie, LA 70001

> Chris Yount
> 545 Terrace Street
> Jefferson, LA 70121

I, Douglas Handshoe, certify I have sent a true and correct copy of the foregoing Memorandum in Support of Motion for Leave to File Amended Complaint to the following via email:

> Gita Bolt, Registered Agent and General Counsel
> Loyola University New Orleans
> 6363 St Charles Avenue
> Campus Box 009
> New Orleans, LA 70118
> gbolt@loyno.edu

> Ramona Fernandez
> 1941 Harvard Avenue
> Gretna, LA 70056
> ramonagfernandez@gmail.com

> Janey Lamar
> 3700 Earhart Blvd
> New Orleans, LA 70125
> lamarj17@yahoo.com

Respectfully submitted this 12th day of February, 2015,

_____
Plaintiff and sole owner of Slabbed New Media, LLC
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(228) 284-0004
earning04@gmail.com

5