*Exhibit #2 B to proposed Amended complaint.* [handwritten]

OFFICE OF THE
5TH CIRCUIT COURT OF APPEAL
STATE OF LOUISIANA

2015 JAN 20   PM 3:57

FILE FOR RECORD

COURT OF APPEAL

FIFTH CIRCUIT

STATE OF LOUISIANA

DOCKET NO. 2014-CA -919

CHRIS E. YOUNT

VERSUS

DOUGLAS K. HANDSHOE, ET AL.

APPEAL OF JUDGMENT
ORIGINAL BRIEF FILED FOR
PLAINTIFF CHRIS YOUNT INDIVIDUALLY
AND ON BEHALF OF HIS MINOR CHILD
ARISING FROM 24ND JUDICIAL DISTRICT COURT
FOR THE PARISH OF JEFFERSON
CASE NO. 736,680 [SEC. D]
HON. SCOTT U. SCHLEGAL
PRESIDING

RAMONA FERNANDEZ
LSB NO. 24743
STUART H. SMITH LAW CLINIC &
CENTER FOR SOCIAL JUSTICE
LOYOLA LAW SCHOOL
7214 ST. CHARLES AVE.
CAMPUS BOX 902
NEW ORLEANS LA 70118
TELEPHONE: 504.862.5590

*ATTORNEY FOR MINOR CHILD*

JANEY LAMAR, *STUDENT PRACTITIONER*

CHRIS E. YOUNT
545 TERRACE STREET
JEFFERSON LA 70121
FASCIMILE: 504.284.8521

*PRO SE*

### TABLE OF CONTENTS

|  | Page |
|---|---|
| Table of Contents | ii |
| Table of Authorities | iii |
| Jurisdiction of the Court | 1 |
| Statement of the Case | 1 |
| Trial Court's Errors | 6 |
| Legal Issues Presented | 6 |
| Summary of Argument & Action of the Trial Court | 6 |
| Authorities & Argument | 7 |
| Conclusion | 14 |
| Affidavit As To Facts, &c. | 16 |
| Verification of Service | 16 |

See Documents In Record:

A.  Original Petition Filed By Mr. Yount Individually and On Behalf of the Minor Child

B.  28 July 2014 Transcript from Hearing With Court's Reasons

C.  Defendant Handshoe's Art. 971 Motion to Strike and Counsel's Rebuttal to Mr. Yount's Opposition and Handshoe Exhibits

D.  Petitioner Yount's Opposition to Handshoe's Art. 971 Motion

E.  28 July 2014 Judgment from Trial Court Without Reasons

F.  Notice to File Supervisory Writ Application with 5th Circuit

G.  5th Circuit Order On Extension to File Writ Application

H.  5th Circuit Order Granting Time to Perfect Appeal

I.  Trial Court Order and Notice Regarding Appeal

# TABLE OF AUTHORITIES

Louisiana Code Articles

    LSA-C.C.P art. 971 ............................................................. 1, 6, 7, passim

Louisiana Jurisprudence

    *Aymond v Dupree*, Third Circuit Court of Appeal, ......... 10, 11, 12 passim

        Case No. 05-1248, from the Pineville City Court
        for the Parish of Rapides, No. 5-0153

    *Lee v. Pennington*, Fourth Circuit Court of Appeal .............. 12

        02-381 (La.App. 4 Cir. 10/16/02), 830 So.2d 1037,
        writ denied, 02-2790 (La. 1/24/03), 836 So.2d 52.

    *Savoie v. Page* ............................................................... 9, 10, 11 passim

        Court of Appeal of Louisiana,Third Circuit / *Raymond
        SAVOIE v. Don PAGE* / No. 09-0415. Decided:
        November 4, 2009

Trial Court's Reasons for Judgment

        28 July 2014 Hearing Transcript, pp. 32-35 ........ 8, 9, 10, passim

## Jurisdiction of the Court

The Fifth Circuit Court of Appeal has jurisdiction over this matter which arose from the 24nd Judicial District Court for the Parish of Jefferson. Jurisdiction and venue vests in these Courts as the actions involved occurred in these Courts and as the damages occurred in the Parish of Jefferson, State of Louisiana.

This Court of Appeal has found and ruled that the judgment was properly the subject of appeal and has ordered the petitioner Mr. Yount to perfect and file his appeal. The Trial Court has confirmed the same. This brief is the original brief of appeal filed in compliance with the Fifth Circuit Court of Appeal's order.

## Statement of the Case

Plaintiff Chris Yount personally and on behalf of the minor child over whom he is sole /domiciliary parent, filed this action and averred the following facts. Defendants Handshoe, Slabbed.org and others have published online defamatory statements about a minor child and false statements about his father's alleged sexual relations with that child. All the allegations are sociopathic attacks on Mr. Yount as Mr. Handshoe has issues with Mr. Yount personally because of other matters. Mr. Yount is not a public person and the issues are not public issues. The Trial Court has reached this conclusion as well.

Defendant Douglas K. Handshoe is a resident of Bay St. Louis, Mississippi. He publishes an Internet web site know as the Slabbed blog /aka/ Slabbed New Media, LLC. which targets Louisiana and the metropolitan area as one of its primary audiences.

Defendant Slabbed.org is INTERNET WEBSITE which is used by Handshoe, Truitt, and others to cyber-stalk and defame private persons as well as public officials.

Defendants have falsely and publicly accused [online] Plaintiff of sodomy

involving his son. In the alternative, Defendants created the false innuendo that Plaintiff sodomized his son. Counsel and Mr. Yount have informed and met with federal law enforcement authorities regarding Mr. Handshoe's cyber-stalking. Mr. Handshoe has also cyber-stalked other judges and attorneys in Jefferson Parish including Judge Raymond Steib and Attorney John Houghtaling.

In so doing, Defendants have also violated Louisiana law protecting the identity of minors, and used 24th Judicial District documents to injure not only the Plaintiff but also his son.

Defendants have committed acts of defamation on the Slabbed blog, a cause of action for defamation that arise out of a violation of Louisiana Civil Code article 2315. Such a violation constitutes a breach of duty, or fault, and may be actionable under C.C. 2315, which provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." Defendants have also intentionally inflicted emotional distress on the Plaintiff. Defendant Handshoe has stated that the Slabbed blog has 1 million unique visitors annually.

Plaintiff is involved in a divorce proceeding in the 24th judicial district of Louisiana. On February 13, 2014, Defendant Handshoe and co-defendants conspired to publish and did actually publish a drawing authored by Plaintiff's son that was filed by the mother Tami Steitle in Plaintiff's divorce proceeding. The drawing, as published, is noticed as Exhibit B—and shall be provided to the Court underseal at the Court's request.

The drawing was published on a Slabbed web site page entitled "Very disturbing child welfare issues raised in 24th JDC case."

Defendants published that "the child has been failed by the justice system," implying that a judicial decision to leave Plaintiff's child in the custody of his

father was done in error because Plaintiff was sexually molesting his child.

Defendants published a caption beneath the drawing: "A picture drawn by a minor (male) of acts of sodomy contained in a 24th JDC case. Name withheld to protect the minor." Despite falsely pretending to protect the name of Plaintiff's minor son, Defendants conspired to reveal the identity of the Plaintiff's minor son and the Plaintiff's identity.

Defendant Bobby Truitt entered the comments section of the web page. The Defendants published the following under Truitt's name: "Are you able to tell me which case this came from?"

Defendants then published: "Yount v Steitle," making clear the the minor involved was Plaintiff's son and that the instance of alleged failure in the judicial system was the during Plaintiff's divorce proceedings.

On February 18, 2014, Defendant's web site, the Slabbed blog, was subsequently taken down by Defendant Handshoe's service provider due to a violation of that web host's terms of service by Handshoe, including infringing the copyright of third parties.

On the same day, Handshoe found a new web host and started publishing the Slabbed blog anew.

On February 21, 2014, Defendants published the drawing contained in Exhibit B again on the Slabbed blog. In published text on the web page linking to that published drawing, Defendants published "But Abel shows up most in Yount v Steitle where he is representing his in-house troll Chris Yount in a hotly contested divorce."

Defendants further published: "But that case gets better because Judge Ray Steib recused himself after a disturbing picture drawn by Yount's minor child prompted an outside intervention." This is another lie by Handshoe. Judge Steib

3

recused himself because of his wife's friendship with a teacher who taught the minor child.  He informed all parties of this conflict. It is another attempt to cyber-stalk someone, in this instance a Jefferson Parish Judge, by publishing false statements about them on Slabbed.org, as Handshoe has about the 5th Circuit Court itself.

Defendants further published: "And of course the picture drawn by the child imparts the reason why this became such an important matter. To the extent my own Mother was a recognized special needs director for three K-12 school districts here in Mississippi, I know enough to know there is some serious human psychology at play thus the "important matter" part."

Defendant republished the drawing contained in Exhibit C at the URL: http://slabbed.org/ wp-content/uploads/2014/02/divorce-imaged-1-23-14.jpg.

In this instance of publication, Defendants did not pretend they were not identifying the Plaintiff and his minor son.

Defendants falsely published the implication that an "outside intervention" regarding the Plaintiff's sexual molestation of his son caused the relevant judge to rescue himself. This is false. The defamatory innuendo published by Defendants was compounded by referring to the Plaintiff as his attorney's "in-house troll." Plaintiff works for a law firm but not for Abel.

Defendant Handshoe's statement that the judge's recusal had to do with the drawing in Exhibit A is false and defamatory.

Defendant Handshoe's statement that he has some imparted expertise in human psychology, and the Plaintiffs is therefore molesting his son is false and defamatory.

When read in the context of previous publications about the Plaintiff on the Slabbed blog, the false and injurious innuendo regarding sodomy is made even

4

more explicit and injurious to Slabbed's audience.

Defendants Truitt and Handshoe published statements about Chris Yount are false and unprivileged, reaching a broad audience through the powerful medium of an established web site. Defendants publications were at a minimum negligent, and were in fact intentional and malicious and sociopathic. Plaintiff Chris Yount and his son have been injured as a result.

In particular, Defendants' publication are defamatory per se, and accuse Plaintiff of criminal and morally reprehensible conduct involving his minor son.

After Defendants' initial publications in February, 2014, Judge John Molaison sealed parts of the court record, including the minor child's drawing. At the order of Judge Molaison, attorney Abel took action to have the drawing removed from publication by sending notice to the Defendants' web host, including a notice of copyright infringement regarding publishing the drawing without permission. A copy of the Court Order was given to Handshoe by the web host.

The drawing was temporarily removed from the web site. However, on or around March 19, 2014, the Defendants republished the drawing juxtaposed with defamatory words about the plaintiff with full knowledge that the drawing was sealed by Court Order. Mr Yount has sought injunctive relief in this action.

Defendants Handshoe, Truitt, and Slabbed.org actions violate both federal and state laws, constitute cyber-stalking, and defamation—such that the Court should set a hearing immediately and enjoin each and all of the defendants from all such criminal acts and violations. Petitioner moves the Court for such hearing at its earliest convenience. Mr. Handshoe has tried to bootstrap this matter into a public issue by publishing about it on Slabbed.org. The Trial Court has expressly rejected Mr. Handshoe's claim that Mr. Yount is a public person or the issues in

his domestic case are public issues. Despite that ruling, the Trial Court has erroneously granted Mr. Handshoe's art. 971 motion to strike Mr. Yount's case, as a SLAPP suit.

### The Trial Court's Error

The Trial Court correctly found that Mr. Yount was not a public person nor was his domestic case a public matter or a matter of any public interest.  The Trial Court erred in finding that Art. 971 applied to any matter whatsoever filed before any court regarding any issue, whether it was a public issue or not.

### Legal Issues

Issue No. 1 - Can Art. 971 Motion to Strike apply to any matter whatsoever filed with any court?

Issue No. 2 - Can Art. 971 apply to any persons who are not public persons?

Issue No. 3 - Can Art. 971 apply to any issues which are not public issues?

### Summary of Argument and Action of the Trial Court

Mr. Handshoe and subsequently counsel for Mr. Handshoe filed an art. 971 Motion to Strike which was heard on 28 July 2014. The Trial Court granted Mr. Handshoe's art. 971 motion which reasons for judgment were placed on the record and subsequently transcribed [Exhibit B].

The Trial Court found that art. 971 motions to strike SLAPP suits were not confined to public issues and public persons. Citing Section F Subsection (b) the Trial Court found that art. 971 motions applied to any issues whatsoever, public or not, involving private persons or not, filed or pending before any judicial body [Exhibit B - Transcript pp. 34, 35].

The ruling is contrary to the intent and purpose and clearly articulated restriction of art. 971 motions to strike to public issues involving public persons. As the Trial Court found that Mr. Yount was not a public person and that his

6

domestic case was not a public issue, Mr. Handshoe's art. 971 motion cannot not be applied in Mr. Yount's case.

At issue also is whether the minor child was named in the original petition [Exhibit A- Original Petition]. Counsel for Mr. Yount stated that the minor child's name was not included in the original petition but he was identified as a party and the action filed on the minor child's behalf was done by his father in his capacity as the sole custodial parent.

## Argument and Authorities

The Court erred in Its application of art. 971 to the facts averred by Mr. Handshoe — Mr. Handshoe's memorandum clearly states that art. 971 only applies to public issues.

The Trial Court made findings of fact in Its Handshoe ruling which on their face which should have stopped all inquiries under art. 971. The Court found that Mr. Yount is not a public figure and his domestic case is not a public issue. Any consideration to strike under art. 971 should have ended there.

I.   The Court Held That Mr. Yount Was Not A Public Person Nor Was He Involved in a Public Issue - Mr. Handshoe Could Not Have Made His Art. 971 Prima Facie Showing.

On 28 July 2014, the Court held that:

(1)   Mr. Yount is not a public person [28 July 2014 Transcript-pp. 34, 32-35, passim];

(2)   The domestic case in question was not a public issue [Transcript-pp. 34, 32-35, passim];

(3)   The domestic case was not a matter of public interest [Transcript-pp. 34, 32-35, passim].

The Court's finding having established these facts was or should have been

dispositive of the question: Was Mr. Yount's suit a Strategic Litigation Against
Public Participation? Was Mr. Yount's suit a SLAPP suit? As the Court found that
Mr. Yount and his domestic case were not of interest to the public, Mr. Handshoe
could not have and if fact did not meet his burden of making a prima facie case
under the unequivocal provisions of art. 971.  As the Court in *Savoie* stated: all
inquiries under art. 971 end upon such a finding.

    Article 971 requires that :

1)    Defendant Mr. Handshoe must make a prima facie showing that Plaintiff has
    filed a SLAPP suit. To make a prima facie showing Mr. Handshoe must
    establish that Mr. Yount is a public official [or private person] actually
    involved in the public issue that is the subject matter of the alleged SLAPP
    suit. This Court has ruled that Mr. Yount is not a public person nor is he
    involved in a public issue [28 July 2014 Transcript, pp. 32-35].

2)    Defendant Mr. Handshoe must prove that each action written about involves
    a public issue from which the SLAPP suit arose or that the SLAPP suit was
    meant to quash. As well, Mr. Handshoe and Mr. Truitt must prove that each
    person written about had a real and provable involvement in that public
    issues. Handshoe must thus show that the comments he made specifically
    addressed Mr. Yount's actual involvement in the public issue, and identify
    what that public issue was. The Court has ruled that no issue in the
    underlying matter was a public issue [28 July 2014 Transcript-pp. 32-35].

    Mr. Handshoe did not prove nor did the Court find that Mr. Yount was a
public person nor was anything involved in the domestic matter, a public issue.
Therefore the Court erred in granting Mr. Handshoe's art. 971 motion.

    The Court held that the applicable sections did not apply to Mr. Yount's
case. The Court then moved to Section F, Subsection (b), the definition section of

art. 971 and misread one sentence as being substantive rather than definitive.

The Court erred in finding that any pleading whatsoever filed before any judicial body would activate art. 971, whether that pleading pertained to a public person and public issue or not. The *Savoie* Court is the one court which specifically addressed this particular issue.

[i] The Court in *Savoie v Page* found that as the defendant in that case was not a public person and the issue was not a public issue and the *Savoie* Court held:

> "The issue before the trial court was limited to consideration of
> the special motion to strike pursuant to La.Code Civ.P. art. 971. <u>Once the
> trial court determined that Mr. Page's statements were not made in
> connection with a public issue, the inquiry under this statute ceased and the
> trial court was obligated to reject the motion</u>" [Emphasis ours] [Court of
> Appeal of Louisiana,Third Circuit / *Raymond SAVOIE v. Don PAGE* / No.
> 09-0415. Decided: November 4, 2009].

Like the *Savoie* Court, the Court in this matter has also held that Mr. Yount was not a public person and his domestic case was not a public issue. This Court should have ruled as in *Savoie* that: Once It determined that Mr. Handshoe's comments and attacks on Mr. Yount "were not made connection with a public issue, *the inquiry under this statute ceased and the trial court was obligated to reject the motion*"—as did the *Savoie* Court [Emphasis ours].  Therefore, Mr. Truitt's art. 971 Motion to Strike should be denied as this Court has already found that Mr. Yount is not a public person and his domestic case was not a matter of public interest.

The Louisiana Third Circuit Court of Appeal in *Aymond v Dupree* also found that art. 971 motions require defendants to prove that the issues are public issues and the persons involved are public persons. [STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT 05-1248 GREGORY R. AYMOND

VERSUS RICH DUPREE / APPEAL FROM THE PINEVILLE CITY COURT

PARISH OF RAPIDES, NO. 5-0153 HONORABLE ROBERT P. JACKSON,

CITY COURT JUDGE AD HOC]

The Third Circuit in *Aymond* also found:

The special motion to strike, governed by La.Code Civ.P. art. 971,

provides in pertinent part:

A. (1) A cause of action against a person arising from any act of that person

in furtherance of the person's right of petition or free speech under the United

States or Louisiana Constitution in connection with a public issue shall be

subject to a special motion to strike, unless the court determines that the plaintiff

has established a probability of success on the claim.

(2) In making its determination, the court shall consider the pleadings and

supporting and opposing affidavits stating the facts upon which the liability or

defense is based.

F. As used in this Article, the following terms shall have the meanings

ascribed to them below, unless the context clearly indicates otherwise:

(1) "Act in furtherance of a person's right of petition or free speech under

the United States or Louisiana Constitution in connection with a **public issue**"

includes but is not limited to: [emphasis ours]

    (a)    Any written or oral statement or writing made before a legislative,

            executive, or judicial proceeding, or any other official proceeding

            authorized by law.

    (b)    Any written or oral statement or writing made in connection with an

            issue under consideration or review by a legislative, executive, or

            judicial body, or any other official body authorized by law.

10

(c)     Any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest.

(d)     Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

The *Aymond* Court notes: This provision was added by Acts 1999, No. 734, § 1. As stated in *Thomas v. City of Monroe* Louisiana, Section 2 of the Act provides: The legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances. The legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, it is the intention of the legislature that the Article enacted pursuant to this Act shall be construed broadly. Id. at 1286.

Hence, Article 971 was enacted by the legislature as a procedural device to be used in the early stages of litigation to screen out meritless claims brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances. *Lee v. Pennington*, 02-381 (La. App. 4 Cir. 10/16/02), 830 So.2d 1037, writ denied, 02-2790 (La. 1/24/03), 836 So.2d 52.

Accordingly, La. Code Civ.P. art. 971 provides that a cause of action against a person arising from any act in furtherance of the person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless

11

the court determines that the plaintiff has established a probability of success on the claim.

Thus, <u>the moving party must first satisfy the burden of proving that the cause of action arises from an act in the exercise of his right of free speech regarding a public issue</u>. If the mover satisfies this initial burden of proof, then the burden shifts to the plaintiff to show a probability of success on his claim. *Thomas*, 833 So.2d 1282. In the present case, Dupree's burden as the moving party is to show that the suit against him arises from an act in exercise of his right of free speech regarding a public issue. To that end, in support of his special Motion to Strike Pursuant to La.Code Civ.P. art. 971, Dupree attached the original and amending petitions filed against him by Aymond, Dupree's answer and affidavit, and the affidavit of Kelly.

All of these exhibits demonstrate that Aymond's suit against Dupree arises from Dupree's membership as a commissioner on the Board of Rapides Parish Waterworks District Number 3, and from the public issue of the Board members renewing or not renewing the employment contract of Aymond as attorney for the Board.

The Trial Court in *Yount* correctly found that Mr. Yount is not a public person and that his domestic case is not a public issue. Therefore Mr. Handshoe's art. 971 motion to strike is barred as he cannot and has proved that the matters at issue are public issues nor could he prove that Mr. Yount is a public person.

II.    Section F of Art. 971 Does Not Expand The Public Person / Public Issue Requirement to Encompass Any Pleading Whatsoever or Any Lawsuit Filed Before Any Judicial Body

The Trial Court appears to have based its ruling granting the art. 971 motion on the language of Section F, which defines the terms used in the substantive

provisions of the article, Sections A-E. Specifically, the Court states—as recorded on the 28 July 2014 transcript at pp. 32-35, that article 971 motions apply to "any issue filed before a trial court". It does not. The article 971 motion to strike applies to "any PUBLIC issue" [not any issue]...filed before a trial court or other judiciary body.

The Trial Court's ruling in this matter would expand the application to article 971 motions to strike to any lawsuit filed in any lawsuit, no matter what the issues might be.

The *Savoie* Court noted that Section F of art. 971 states that:

"As used in this Article, the following terms shall have the meanings ascribed to them below, unless the context clearly indicates otherwise:

(1)     Act in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue includes, but is not limited to:

(a)     Any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law.

(b)     Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law.

(c)     Any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest.

(d)     Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

13

The _Savoie_ Court noted what the Trial Court ignored in its 28 July 2014 ruling, that the pleadings considered under an art. 971 Motion to Strike must always be pleadings involving public persons or issues of public interest, not simply any pleading filed before any judicial body.

### Conclusion

The Trial Court correctly found that Mr. Yount <u>was not</u> a public person and his domestic case <u>was not</u> a matter of public interest. However, the Court erred in understanding the definition Section F Subsection (b) of art. 971 to mean that any pleading filed before the courts in any matter, might be governed by the provisions of article 971. They do not. The Trial Court has found that there are no public persons or public issues arising in this matter. The courts inquiry should have ended there. Mr. Handshoe's motion should not have been granted. This Honorable Court of Appeal should reverse the Trial Court's judgment and send the matter back for further proceedings.

Respectfully submitted,

RAMONA FERNANDEZ
LSB NO. 24743
STUART H. SMITH LAW CLINIC &
CENTER FOR SOCAIL JUSTICE
LOYOLA LAW SCHOOL
7214 ST. CHARLES AVE.
CAMPUS BOX 902
NEW ORLEANS LA 70118
TELEPHONE: 504.862.5590

CHRIS E. YOUNT
545 TERRACE STREET
JEFFERSON LA 70121
FASCIMILE: 504.284.8521

_PRO SE_

_ATTORNEY FOR MINOR CHILD_

JANEY LAMAR, _STUDENT PRACTITIONER_

14

Certificate of Service

/s/ Chris E. Yount

I have served all counsel with this pleading and any exhibits
by electronic transmission on 20 January 2015.

VERIFICATION

STATE OF LOUISIANA
PARISH OF JEFFERSON

Before me appeared Chris E. Yount, who being sworn testified to the following:

(1)   I am appearing Pro Se, as petitioner in this matter;

(2)   The facts and averments made by me are true and correct to the best of my information and belief, having personally conducted an extensive investigation as required by Art. 863 of the Code of Civil Procedure;

(3)   I have copied and served by hand-delivery and UPSP mail to Judge Scott U. Schlegal and counsel Ms. Montgomery and Mr. Truitt.

(4)   I have filed the original appellant brief and seven copies as required by the uniform rules in the form and manner required.

(5)   The exhibits identified are in the record of this matter.

Chris E. Yount

Sworn to and subscribed before me
on 20 January 2015. Notary Public.

COURT C. VANTASSELL
NOTARY PUBLIC
LA BAR NO. 34132
Parish of Orleans, State of Louisiana
My Commission is for Life





FILED
CODED
JUL 2 8 2014
DEPUTY CLERK

TWENTY-FOURTH JUDICIAL DISTRICT COURT

PARISH OF JEFFERSON

STATE OF LOUISIANA

NUMBER:    736-680                                           DIVISION "D"

CHRIS E. YOUNT

VERSUS

DOUGLAS K. HANDHOE, SLABBED.ORG,
SLABBED NEW MEDIA, LLC & JACK E. "BOBBY" TRUITT

FILED: _____          _____

                                              DEPUTY CLERK

### JUDGMENT

This case came on for hearing on July 28, 2014 on:

(!) the Motion for Bond for Costs filed by Defendant, Jack E. "Bobby" Truitt;

(2) the Motion for Judgment on the Pleadings filed by Defendant, Jack E. "Bobby" Truitt; and

(3) the Article 971 Special Motion to Strike filed by Defendants, Douglas Handshoe, Slabbed,org, and Slabbed New Media, LLC

PRESENT:          Daniel Abel – counsel for Plaintiff

                        Connie Montgomery – counsel for Defendants, Douglas Handshoe, Slabbed,org, and Slabbed New Media, LLC

                        Jack E. "Bobby" Truitt – in Proper Person

After hearing the arguments of counsel and considering the record and applicable law, and for the reasons orally assigned,

IT IS ORDERED, ADJUDGED AND DECREED that the Motion for Bond for Costs filed by Defendant, Jack E. "Bobby" Truitt is DENIED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Motion for Judgment on the Pleadings filed by Defendant, Jack E. "Bobby" Truitt is DENIED.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Article 971 Special Motion to Strike filed by Defendants, Douglas Handshoe, Slabbed,org, and Slabbed New Media, LLC is GRANTED.

Photocopies/Daniel Abel/Connie Montgomery/Jack E. "Bobby" Truitt)

500 cert. copies

IMAGED AUG 0 6 2014

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the petition is DISMISSED WITH PREJUDICE at plaintiff's costs as to Defendants, Douglas Handshoe, Slabbed.org, and Slabbed New Media, LLC.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff shall pay the reasonable attorneys' fees of Defendants, Douglas Handshoe, Slabbed.org, and Slabbed New Media, LLC.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Notice of Judgment is waived.

JUDGMENT READ, RENDERED AND SIGNED this 28th day of July, 2014 at Gretna, Louisiana.

_____
JUDGE SCOTT U. SCHLEGEL

CODED

IMAGED AUG - 6 2014

Notice of _____ (back sent)
7-28-14
Madeline Roluska
Deputy Clerk

2

Case No. 736-680

Case No:736-680, 24th Civil pg:150