IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DOUGLAS HANDSHOE**                                                                                  **PLAINTIFF**

**V.**                                                          **CIVIL ACTION NO. 1:14cv159-KS-MTP**

**DANIEL G. "DANNY" ABEL**                                                                  **DEFENDANT**

## ORDER

This matter is before the Court on the Plaintiff's Motion for Leave to File Amended Complaint [24]. For the reasons stated below, the Court finds that the motion should be granted.

Plaintiff's original Complaint [1] asserts a single claim against Defendant Daniel Abel for violation of Title 17 U.S.C. § 512(f).[1] Plaintiff now seeks permission to add additional claims against Abel and others for abuse of process and malicious prosecution in relation to a separate lawsuit filed in Louisiana state court. Abel has not responded to the Plaintiff's request for leave to amend the pleadings and the time for his response has passed.

Federal Rule of Civil Procedure 15 states in pertinent part that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Rule evinces a bias favoring amendment. *See Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (citation omitted). Plaintiff's request for leave to file an amended complaint will be granted given the policy of liberal

---

[1] This statutory provision, which falls under the Digital Millennium Copyright Act, authorizes a cause of action against any person who knowingly misrepresents that material or activity infringes upon a copyright in sending a takedown notice to an online service provider, such as YouTube. *See Shropshire v. Canning*, No. 10cv01941, 2011 WL 90136, at *4-5 (N.D. Cal. Jan. 11, 2011).

amendment, Abel's failure to respond to the subject motion,[2] and the lack of any apparent undue delay in the Plaintiff seeking to amend the complaint for the first time.

In addition, Abel's pending *FED. R. CIV. P. 12(b)(2) & (3) MOTION TO DISMISS AND IN THE ALTERNATIVE 28 U.S.C.A. § 1406(a) MOTION TO TRANSFER* ("Motion to Dismiss or Transfer") will be denied without prejudice.  (*See* Doc. No. [12].)  Abel principally urges dismissal for lack of personal jurisdiction.  The Court finds that it would be unwise to address the merits of this request for dismissal, which is aimed at the original Complaint [1], in light of the additional allegations of wrongdoing Plaintiff sets forth in the proposed First Amended Complaint [25-1].  Abel may re-urge his request for dismissal (or transfer) based on lack of personal jurisdiction or any other applicable defense after the Plaintiff files his amended pleading.

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's Motion for Leave to File Amended Complaint [24] is granted.  Plaintiff shall file his First Amended Complaint on or before March 16, 2015.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant's Motion to Dismiss or Transfer [12] is denied without prejudice.

SO ORDERED AND ADJUDGED this the 10th day of March, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[2] Local Uniform Civil Rule 7 provides that "[i]f a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed."  L.U.Civ.R. 7(b)(3)(E).