IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 13 2015
ARTHUR JOHNSTON
BY_____ DEPUTY

DOUGLAS HANDSHOE

v.  CIVIL ACTION NO. 1:14CV159 KS-MTP

DANIEL G. "DANNY" ABEL,
CHRIS YOUNT, RAMONA FERNANDEZ,
JANEY LAMAR AND STUART SMITH
LAW CLINIC DBA LOYOLA
UNIVERSITY NEW ORLEANS

## FIRST AMENDED COMPLAINT

COMES NOW into court, Plaintiff Douglas Handshoe, sole owner of Slabbed New Media, LLC, who files this complaint against Defendant Daniel G. "Danny" Abel, Chris Yount, Ramona Fernandez, Janey Lamar and Loyola University New Orleans for willful violation of 17 U.S.C. § 512(F), Malicious Prosecution and Abuse of Process and states as follows:

### I. INTRODUCTION

1. This is a case about the misuse of the copyright and defamation laws in an attempt to suppress truthful reporting on matters in the public court record. Plaintiff, Douglas Handshoe, Publisher and sole owner of Slabbed New Media, LLC authored two blog posts, which were made available through the HostGator.com, LLC hosting service for his interactive website located at www.slabbed.org. Defendant's Abel and Yount falsely claimed to be the legal representative of a minor child that is subject to a bitter custody dispute, whose drawing of a child being sodomized by a line of homosexual robots was filed into the

1

public record of the State of Louisiana District Court case styled *Yount v Steitle*[1]. Defendants Abel and Yount sent a DMCA takedown notice to Plaintiff's webhost, causing said webhost, HostGator.com LLC to disable access to the two posts which linked this very disturbing and newsworthy depiction of an act of sexual abuse. Defendant made knowing material misrepresentations in the notice of claimed infringement that he submitted to HostGator.com LLC, and Defendants must be held responsible for the harm that his misrepresentations caused.

2. Additionally defendant Abel, in collusion with Yount filed a meritless defamation suit against Handshoe and one of his company's attorneys Jack E. Truitt, in a deliberate act designed to deny Handshoe access to his counsel in a misuse of the legal processes of the Parish of Jefferson, State of Louisiana. This meritless suit against Handshoe, which was improperly filed under seal via court order that was obtained on an ex-parte basis, was subsequently struck under Louisiana's anti-SLAPP statute. Abel's outrageous and unprofessional behavior such as displayed in the referenced defamation suit earned him a temporary suspension from the practice of law pending permanent disbarment proceedings by order of the Louisiana Supreme Court. Defendants Fernandez, Lamar and the Loyola University stepped into Abel's shoes, cynically using a minor child that was a non-party to the litigation to further use legal processes to harass and defame rather than pursue the administration of justice. Every Defendant must be held responsible for the harm their malicious prosecution and abuse of process schemes have caused.

## II. NATURE OF THE ACTION

3. 17 U.S.C. § 512(f), which provides for a cause of action against one who knowingly materially misrepresents that material or activity is infringing under the Digital Millennium

---

[1] This case, docket and its documents were all publically available via the Jeff Net, an Internet service sponsored by the Jefferson Parish Clerk of Court that allows access to real property, civil, criminal, and other public records.

Copyright Act. Additionally Handshoe sues for Abuse of Process and Malicious prosecution under Mississippi State law as those torts arise from the same set of facts surrounding the Slabbed New Media coverage of *Yount v Steitle* and the misuse of legal processes, including the Digital Millennium Copyright Act and Louisiana's defamation laws to attempt to silence reporting on a matter of public interest.

### III. PARTIES

4. Plaintiff Douglas Handshoe both publishes his company's website and resides within this judicial district. His principal office is located at 110 Hall Street, Wiggins, Mississippi 39577.

5. Defendant Daniel G. "Danny" Abel is a person of age and a citizen, domiciliary of the State of Louisiana and whose last known address was located at the Super 8 Motel in Jefferson Parish Louisiana located at 2421 Clearview Parkway, Room 106, Metairie, LA 70001.

6. Defendant Chris Yount is a person of age and a citizen, domiciliary of the State of Louisiana and whose address is 545 Terrace Street, Jefferson, LA 70121.

7. Defendant Ramona Fernandez is a person of age and a citizen, domiciliary of the State of Louisiana and whose address is 1941 Harvard Avenue, Gretna, LA 70056.

8. Defendant Janey Lamar is a person of age and a citizen, domiciliary of the State of Louisiana and whose address is 3700 Earhart Boulevard New Orleans, LA 70125.

9. Defendant Loyola University New Orleans dba The Stuart Smith Law Clinic,, is a non-profit corporation incorporated under the laws of the State of Louisiana and whose registered office is located at 6363 St Charles Avenue, Campus Box 009, New Orleans, LA 70118.

## IV. JURISDICTION AND VENUE

10. Plaintiff's claims arise under the copyright laws of the United States, 17 U.S.C. §§ 101 et seq., and Title II of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512. Plaintiff makes additional claims for Abuse of Process and Malicious Prosecution in this amended complaint under the laws of the State of Mississippi.

11. This Court has personal jurisdiction over Defendants because they intentionally caused harm to Plaintiff Handshoe in Mississippi. Defendant's actions in forcing Plaintiff to take down posts from the Slabbed New Media LLC website were directed to a Mississippi legal business entity and had an impact on the business of that entity, including causing injury leading to damages, which subject the defendant to the jurisdiction and venue of this Honorable Court. Defendants, legal professionals and paraprofessionals all knew or should have known that their conduct would subject them to the jurisdiction and venue of this Court.

12. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338, the Declaratory Judgment Act, 28 U.S.C. § 2201 and Mississippi Statute. Additionally each defendant resides outside of this United States Judicial District and upon knowledge and belief; the amount in controversy exceeds $75,000.

13. Venue is proper in this district under 28 U.S.C. § 1391 and § 1400(a).

## V. FACTUAL BACKGROUND

14. On February 13, 2014, Plaintiff published *Very disturbing child welfare issues raised in 24th JDC case* shown as Exhibit 1 in the Original Complaint. This post contained an image drawn by a minor of a young child being sodomized by a line of robots. The image was obtained via Jeff Net from the then unsealed case *Yount v Steitle*. The minor child in question has been subject of a very bitter custody dispute that literally spanned years. The drawing, uploaded to the DeviantArt.com website by the minor, was discovered by a responsible adult and

4

subsequently filed into the court record. On its face this disturbing image represented a serious cry for help from a child failed by the Jefferson Parish court system to timely resolve a bitter custody dispute.

15. On February 18, defendants Abel and Yount, without giving notice of the proceedings to the plaintiff, obtained a court order in the case *Yount v Steitle* which they then subsequently claimed was somehow binding on the Plaintiff. (See ECF #22-1) This court order was obtained for an improper purpose and was subsequently served upon Handshoe's Texas based web host by Abel, who represented this order as somehow valid and binding upon Handshoe.[2] This order back sealed the official court records that were published to the Slabbed New Media website on February 13, 2014 and certain of the official court records featured in the post of February 21, 2014. This court order was filed into the official court record in *Yount v Steitle* on February 24, 2014.

16. On February 21, 2014, Plaintiff published *Ready, Willing and unAbel: A Super 8 Motel Legal Department Update* shown as Exhibit 2 in the Original Complaint. This post contained a hyperlink to the image contained in the case *Yount v Steitle* referred to above. This post concerns Defendant Abel claiming in official court filings that he was too ill to litigate certain of his cases, one of which has been the subject of several news reports in both the New Orleans Advocate and New Orleans Times Picayune, while he actually was actively litigating others during the same time period. One such case is styled *Gates v Swartz* in the United States District Court for the Eastern District of Louisiana wherein Abel, on behalf of his adopted son Shane Gates filed suit against Louisiana District Court Judge Richard Swartz alleging Treason. On November 6, 2014 Abel was suspended from the practice of law due to

---

[2] Official court records in Yount v Steitle indicate Abel advised the defendant in that case, Tammy Steitle, to take no action with regards to the referenced court order.

5

"threat of harm to the public" by the order of the Louisiana Supreme Court pending proceedings to permanently disbar him for such outrageous law practices which literally strike at the heart of the administration of justice.

17. On February 28, 2014, Plaintiff received a DMCA takedown notice from webhost HostGator.com LLC. This takedown notice contained the text of an email sent by Defendant Abel to HostGatorLLC.com wherein Abel claimed the public court document was somehow copyrighted and that he represented the minor child that drew and uploaded the drawing to a public website via his representation of the child's father. Both assertions are false and thus material misrepresentations of fact as the Stuart Smith Law Clinic was appointed to represent the interests of the minor child via the court order entered on February 24, 2014.[3]

18. In reliance on the **misrepresentations**, pursuant to the procedure set forth in the DMCA, HostGator.com LLC acted expeditiously to disable access to the material identified in the notice. But for those **misrepresentations**, HostGator.com LLC would not have disabled access to the posts containing the media identified in the notice.

19. On March 20, 2014, Abel on behalf of Yount filed Chris E. Yount v Douglas K. Handshoe, Slabbed.org, Slabbed New Media, LLC and Jack E. "Bobby" Truitt in the 24th Judicial District Court, Parish of Jefferson, State of Louisiana alleging the tort of defamation. The complaint filed by Abel and Yount is attached as Exhibit A to this amended complaint.

20. From on or about March 20, 2014 to present, Abel consistently attempted to interject the Stuart Smith Law Clinic into the lawsuit which he filed on behalf of Yount. Previously unknown to the Plaintiff, the Stuart Smith Law Clinic was working closely with both Abel

---

[3] The Jefferson Parish Court belatedly appointed the Stuart H. Smith Law Clinic and Center for Social Justice of Loyola University New Orleans to represent the interests of the minor child well before Abel filed the DMCA Takedown Notice in question. Additionally, the takedown notice submitted by Abel referenced a "court order", which Plaintiff now understands was the document contained at ECF 22-1 of this instant action.

and Yount in order to improperly use official court processes to harass plaintiff and silence the related journalism in the public interest.

21. On July 28, 2014, Louisianan 24th Judicial Court Judge Schlegel struck defendant Yount's defamation suit under Louisiana's anti-SLAPP Statute more commonly known as Article 971.

22. On September 17, 2014 Abel, in collusion with Yount filed an appeal to the Louisiana Fifth Circuit Court of Appeals.

23. On November 6, 2014, Attorney Abel was suspended from the practice of law by order of the Louisiana Supreme Court for "threat of harm to the public".

24. On January 20, 2015, defendants Yount along with Fernandez, Lamar and the Stuart Smith Law Clinic, purporting representing a non-party minor child, filed an appellate brief which was both fabricated from whole cloth and scandalous in nature order to continue Yount/Abel's campaign of meritless litigation terrorism. Fernandez, Lamar and Loyola had not enrolled in the case on Yount's behalf nor was the minor child they purported to represent a party to this case. Fernandez, Lamar, Yount and Loyola steadfastly refused to withdraw the brief, forcing Plaintiff to expend valuable resources seeking to strike it under Louisiana law. Fernandez, Lamar and Loyola's reckless actions exposed both themselves and a non-party minor to potential legal liability. After filing his Motion to Strike and upon notice to Fernandez, Lamar and Loyola, the Stuart Smith Law Clinic belatedly withdrew their name from the scandalous brief and then filed Motions to Enroll in the case on behalf of the minor child, who is a non-party to the case. The scandalous appellate brief is attached as Exhibit B to this amended complaint.

## VI. CAUSE OF ACTION
## COUNT I
## MISREPRESENTATION UNDER 17 U.S.C. § 512(F)
## DEFENDANTS ABEL AND YOUNT

25. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs of this Complaint.

26. The Takedown Notice represented that the Handshoe posts infringed copyrights owned by a minor on whose behalf Defendant was authorized to act.

27. The Handshoe posts do not infringe any copyright owned by a minor child or by any entity on whose behalf Defendant was authorized to act.

28. The Takedown Notice contained misrepresentations that material or activity was infringing.

29. On information and belief, Defendant knew at the time he sent the Takedown Notice that the representations in the Takedown Notice that material or activity was infringing were false.

30. The misrepresentations contained in the Takedown Notice were material to HostGator.com, LLC's decision to remove, or disable access to, the Handshoe posts.

31. Plaintiff suffered damages as the result of HostGator,com, LLC's relying upon such misrepresentation in removing or disabling access to the material or activity claimed to be infringing.

## COUNT II
## ABUSE OF PROCESS
## DEFENDANTS ABEL AND YOUNT

32. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs of this Complaint.

33. The court order obtained by Abel and Yount from Yount v Steitle that was subsequently served upon Plaintiff's webhost by Abel and Yount whom represented it as being valid and binding upon Handshoe and Slabbed New Media, LLC:

8

    a. Abel and Yount made an illegal use of a legal process, a use neither warranted nor authorized by the process,

    b. Abel and Yount the party had an ulterior motive in obtaining the order

    c. Plaintiff incurred damages that resulted from the perverted use of process.

**COUNT III**
**MALICIOUS PROSECUTION**
**DEFENDANTS ABEL, YOUNT, FERNANDEZ, LAMAR AND**
**LOYOLA UNIVERSITY NEW ORLEANS**

34. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs of this Complaint.

35. By filing a defamation suit and prosecuting against Plaintiff and Plaintiff's attorney defendants:

    a. instituted a legal proceeding

    b. At the insistence of the defendants

    c. Which terminated in the plaintiff's favor

    d. With malice in instituting the proceedings

    e. For want of probable cause for the proceeding

    f. Causing Plaintiff to incur damages as a result of prosecution of this suit.

**COUNT IV**
**ABUSE OF PROCESS**
**DEFENDANTS ABEL, YOUNT, FERNANDEZ, LAMAR AND**
**LOYOLA UNIVERSITY NEW ORLEANS**

36. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs of this Complaint.

37. The scandalous brief submitted by Yount, Fernandez, Lamar and Loyola University New Orleans on January 20, 2015:

a. made an illegal use of a legal process, a use that was neither warranted nor authorized by the process,

b. with the ulterior motive of continued harassment of both Plaintiff and his counsel with meritless briefs,

c. Causing Plaintiff to incur damages that resulted from the perverted use of process.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. For damages according to proof;

b. For costs and attorneys' fees pursuant to 17 U.S.C. § 512(f), or otherwise as allowed by law;

c. For punitive damages according to proof; and

d. For such other and further relief as the Court shall find just and proper.

Respectfully submitted this 13th day of March, 2015,

_____

Plaintiff and sole owner of Slabbed New Media, LLC
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## ATTEST

I, Douglas Handshoe, do affirm I have personal knowledge of the events described herein and swear this amended complaint is true and correct to the best of my knowledge and belief.

_____

Plaintiff and sole owner of Slabbed New Media, LLC
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577

Timothy A. Kellar
Chancery Clerk
By: _____ DC

Notary Public State of Mississippi         My Commission Expires Dec. 31, 2015
County of Hancock

Personally appeared before me, the undersigned authority in and for the said county and state, on this 13 day of March, 2015, within my jurisdiction, the within named Douglas Handshoe who acknowledged that he executed and delivered the above and foregoing instrument.

## CERTIFICATE OF SERVICE

I, __Douglas Hanshoe__, do hereby certify, that I have this day filed the foregoing with the Clerk of Court, and sent a copy of such filing by regular mail to the following:

Daniel G. Abel
2421 Clearview Parkway
Metairie, LA 70001

This the 13th day of March, 2015.

By: _____