## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**DOUGLAS HANDSHOE**                                                    **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 1:14-CV-00159-KS-MTP**

**DANIEL G. "DANNY" ABEL, et al**                              **DEFENDANTS**

---

## MOTION TO DISMISS DEFENDANTS,
## RAMONA FERNANDEZ, JANEY LAMAR, and STUART SMITH LAW CLINIC

---

COME NOW Defendants, Ramona Fernandez, Janey Lamar, and the Stuart H. Smith Law Clinic and Center for Social Justice of Loyola University New Orleans, incorrectly named by Plaintiff as the "Stuart Smith Law Clinic d/b/a Loyola University New Orleans" (hereinafter collectively "Defendants"), by and through counsel, and pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, file this their Motion to Dismiss Plaintiff's First Amended Complaint for lack of personal jurisdiction or in the alternative for failure to state a claim against them upon which relief can be granted, and without waiving the right to plead and be heard on any other defenses, aver as follows:

      1.      On March 13, 2015, Plaintiff filed his First Amended Complaint asserting claims for malicious prosecution and abuse of process against these newly added Defendants under Mississippi law. <u>Doc</u>. 27 at ¶ 10. Plaintiff's claims arise out of these Defendants filing an appellate brief in the Fifth Circuit Court of Appeal, State of Louisiana, on behalf of Chris Yount's minor son. <u>Id</u>. at ¶ 24. The sordid history of the Louisiana litigation underlying the Defendants' appellate brief is discussed in the Memorandum of Law filed herewith.

1

2.      It is undisputed that the Defendants are residents of Louisiana, not Mississippi. Id. at ¶ 12. The Plaintiff cannot meet his burden of establishing this Court's jurisdiction over these Defendants, and Plaintiff's First Amended Complaint should be dismissed. Wilson v. Belin, 20 F. 3d 644, 648 (5th Cir. 1994).

3.      In a federal diversity suit, federal jurisdiction over nonresident defendants is measured by a two-step inquiry. Smith v. DeWalt Products Corp., 743 F.2d 277, 278 (5th Cir. 1984). First, the law of the forum state must provide for the assertion of such jurisdiction. Id. Second, the exercise of jurisdiction under state law must comport with the dictates of the Fourteenth Amendment's Due Process Clause. Id.

4.      In construing the law of Mississippi, the Court must first look to Mississippi's long arm statute which provides:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state. Service of summons and process upon the defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure.

Miss. Code Ann. § 13-3-57 (Supp. 1996).

5.      Plaintiff mistakenly contends that this Court has personal jurisdiction over these Defendants pursuant to the tort prong of the Mississippi long arm statute. Doc. 27 at ¶ 10-11. However, this case involves allegations by Plaintiff of the commission of Mississippi torts by these Louisiana Defendants, regarding their practice of Louisiana law (i.e., filing an appellate brief), on behalf of their Louisiana client, in a Louisiana state court.

2

6.     In the context of an abuse of process claim, the Fifth Circuit has found that "the abuse of process tort must accrue within the geographical limits of Mississippi." Allred v. Moore & Peterson, 117 F. 3d 278, 281 -283 (5th Cir. 1997). Specifically, the service of a party by mail does not satisfy the tort prong or establish personal jurisdiction over a nonresident defendant. Id. As such, the Defendants' actions in filing an appellate brief in Louisiana and mailing the appellate brief to the Plaintiff in Mississippi does not satisfy the tort prong and give rise to personal jurisdiction. The Plaintiff's First Amended Complaint should be dismissed.

7.     Malicious prosecution requires: (1) the institution or continuation of original judicial proceedings, either criminal or civil; (2) by, or at the instance of the defendants; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause in the proceedings; and (6) the suffering of damages as a result of the action or prosecution complained of. Mississippi Road Supply Co. v. Zurich-American Ins. Co., 501 So. 2d 412, 414 (Miss.1987) (citing Harvill v. Tabor, 240 Miss. 750, 128 So. 2d 863, 864 (1961)). Plaintiff does not contend that elements one through five occurred in Mississippi. Rather, Plaintiff contends that he can bootstrap his alleged economic damages, that allegedly were incurred in Mississippi, into an injury to achieve personal jurisdiction over both his abuse of process and malicious prosecution claims for the purposes of the Mississippi long-arm statute. Doc. 27 at ¶ 24. The Plaintiff's argument is misplaced.

8.     This Court has held that "consequences stemming from the actual tort injury do not confer personal jurisdiction at the site where such consequences happen to occur." First Trust Nat'l Ass'n v. Jones, 996 F. Supp. 585, 588-589 (S.D. Miss. 1998) (quoting Jobe v. ATR Marketing, Inc., 87 F.3d 751, 753 (5th Cir. 1996)). Likewise, the Fifth Circuit has "held that with respect to Mississippi's long-arm statute a tort occurs where and when the actual injury

3

takes place, not at the place of the economic consequences of the injury." Cycles, Ltd. v. W.J. Digby, Inc., 889 F.2d 612, 619 (5th Cir.1989); Estate of Portnoy v. Cessna Aircraft Co., 730 F.2d 286, 290 (5th Cir.1984). While Plaintiff may have expended resources responding to the appeal in Louisiana, it is clear that such economic consequences do not confer personal jurisdiction over these Defendants. The Plaintiff's First Amended Complaint should be dismissed.

9.      Despite the initial hurdle of Mississippi's long arm statute not being cleared, and even assuming a tort did occur in Mississippi (although it clearly did not), the Plaintiff cannot show that the exercise of personal jurisdiction over these Defendants would comport with the Fourteenth Amendment's Due Process Clause. The general constitutional test for personal jurisdiction is well-established. A federal court sitting in diversity "may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945)). The defendant's contacts with the forum state must be such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." International Shoe, 326 U.S. at 316. Specific jurisdiction is appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. General jurisdiction, however, will attach, even if the nonresident defendant's contacts with the forum state are not directly related to the cause of action, if the defendant's contacts with the forum state are both "continuous and systematic." Wilson v. Belin, 20 F. 3d 644, 647 (5th Cir.) (citing Helicopteros Nacionales de Colombia, SA v. Hall, 466 U.S. 408, 413-16, 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404 nn. 8-9 (1984)).

4

10.    In the present matter, the Defendants' contacts with Mississippi fall way short of establishing personal jurisdiction. It is uncontroverted that these Defendants are residents of Louisiana, not Mississippi. Doc. 27 at ¶ 12. None of these Defendants engaged in the practice of law (or was licensed to do so) in Mississippi. None of the Defendants represented parties in litigation in Mississippi, and none are even alleged to have owned or leased property, or to have had any employees, offices, bank accounts, or telephone listings here, or even to have traveled here on a regular basis. Indeed, the only connection these Defendants are alleged to have with Mississippi is mailing a copy of an appellate brief they filed in a Louisiana court case to the Plaintiff. This Court's exercise of personal jurisdiction over these Defendants in this case would offend traditional notions of fair play and substantial justice, as well as violate the Defendants' right to due process. The Plaintiff's First Amended Complaint should be dismissed.

11.    Even if jurisdiction could be exercised over these Defendants, and accepting Plaintiff's allegation that Mississippi substantive law applies as true, he has failed to state a claim for which relief can be granted.

12.    Under Mississippi law, the elements of abuse of process are: (1) the party made an illegal use of the process, (2) the party had an ulterior motive, and (3) damage resulted from the perverted use of process. McLain v. West Side Bone & Joint Ctr., 656 So. 2d 119, 123 (Miss.1995) (citing Foster v. Turner, 319 So. 2d 233, 236 (Miss.1975)). Here, nothing in the First Amended Complaint indicates these Defendants (your Movants herein) made an illegal use of process or acted with ulterior motive. Plaintiff's First Amended Complaint is not based on any perversion of any process; it simply complains that these Defendants filed an appellate brief. Nothing unlawful was done under any process. It cannot be argued that the process of the court was abused by accomplishing a result not commanded by it or not lawfully obtainable under it,

5

when the only "process" involved was the simple filing of an appellate brief. The Mississippi Supreme Court has acknowledged that the abuse of process tort does not address the case where the only alleged abuse of process was the service of a summons without any corruption or impropriety. Edmonds v. Delta Democrat Publishing Co., 230 Miss. 583, 93 So. 2d 171, 175 (1957); see also Foster, 319 So. 2d at 235 ("Abuse of process requires an ulterior purpose, and the perversion of the process after its issuance so as to accomplish a result not commanded by it or not lawfully obtainable under it."). The Plaintiff's allegations that these Defendants filed a defamation suit against him are mistaken. The defamation suit referenced in the Plaintiff's First Amended Complaint was filed by Chris Yount's attorney, Daniel G. Abel, not these Defendants. Doc. 27-1. The Plaintiff's First Amended Complaint should be dismissed.

13.     Likewise, nothing in the record indicates these Defendants joined in the appeal of the Louisiana case without a reasonable basis or acted in an improper manner. Indeed, the Fifth Circuit Court of Appeal, State of Louisiana, granted the Defendants' motion to enroll as counsel for the minor child for the purpose of pursuing the appeal in question. See Exhibit "A." Regardless, the Mississippi Supreme Court has found that an attorney "owes no duty to an adverse party" and even has "no duty to abandon a claim if it later appears to be without merit." Roussel v. Robbins, 688 So. 2d 714, 725 (Miss. 1996); Bean v. Broussard, 587 So. 2d 908, 913 (Miss. 1991) (citing Nationwide Mut. Ins. Co. v. Evans, 553 So. 2d 1117, 1119-20 (Miss. 1989)).

14.     In the present matter, the Defendants have a client – a minor child – whose interests they were ordered to protect by Louisiana's 24th Judicial District Court. See Exhibit "B." The Plaintiff seeks relief for nothing more than being the subject of an appeal of a lawsuit in Louisiana. No right to relief for that exists under Mississippi law. The Plaintiff's First Amended Complaint should be dismissed.

6

15.    This motion is based upon Mississippi procedural and substantive law, the Plaintiff's First Amended Complaint, the Memorandum of Law filed contemporaneously herewith, and the following documents from the Louisiana litigation referred to in Plaintiff's First Amended Complaint:[1]

a.    Exhibit "A" - Defendants Motion to Enroll as counsel for the Minor Child and Order granting the same;

b.    Exhibit "B" - Order of Louisiana's 24th Judicial District Court appointing the Defendants as counsel for the minor child;

c.    Exhibit "C" - Defendants Motion for Extension of Time to File Brief on Behalf of the Minor, Motion to Remove Counsel's Names from Pro Se's Litigants Brief, and Orders granting the same; and

d.    Exhibit "D" - Defendants original Appellate Brief filed on behalf of the minor child.

WHEREFORE, PREMISES CONSIDERED, Defendants Ramona Fernandez, Janey Lamar, and the Stuart H. Smith Law Clinic and Center for Social Justice of Loyola University New Orleans, respectfully request that this Honorable Court enter a dismissal of this action, with prejudice, due to a lack of personal jurisdiction and the failure to state a claim for relief.  Said Defendants further pray for such other relief to which they may be entitled.

Respectfully submitted this the 18th day of May, 2015.

> Ramona Fernandez, Janey Lamar, and the Stuart H. Smith Law Clinic and Center for Social Justice of Loyola University New Orleans, Defendants
>
> BY:    DUKES, DUKES, KEATING & FANECA, P.A.
>
> BY:    /s/ W. Edward Hatten, Jr. and Bradley E. Dean

---

[1]  In *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000), the court approved the attachment of documents referenced in the Complaint as exhibits to the motion to dismiss, stating: "the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."  The Fifth Circuit subsequently reaffirmed the propriety of this procedure in *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012), and *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

W. EDWARD HATTEN, JR. (MSB #8859)
BRADLEY E. DEAN (MSB #101161)
DUKES, DUKES, KEATING & FANECA, P.A.
2909 13th Street, Suite 601
Post Office Drawer W
Gulfport, MS   39502
Phone: (228) 868-1111
Fax: (228) 863-2886
ed@ddkf.com
bdean@ddkf.com

## CERTIFICATE OF SERVICE

I, Bradley E. Dean, do hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the ECF system, and mailed the same via U.S. Mail, which sent notification of such filing to the following:

Douglas Handshoe, Pro Se Plaintiff
Post Office Box 788
110 Hall St.
Wiggins, MS  39577

Daniel G. Abel, Pro Se Defendant
2421 Clearview Parkway
Metairie, LA 70001

Chris Yount, Pro Se Defendant
545 Terrace Street
Jefferson, LA 70121

This the 18th day of May, 2015.

*/s/ Bradley E. Dean*

BRADLEY E. DEAN (MSB #101161)
DUKES, DUKES, KEATING & FANECA, P.A.
2909 13th Street, Suite 601
Post Office Drawer W
Gulfport, MS   39502
Phone: (228) 868-1111
Fax: (228) 863-2886
bdean@ddkf.com