COURT OF APPEAL

FIFTH CIRCUIT

STATE OF LOUISIANA

DOCKET NO. 2014-C-919

CHRIS E. YOUNT,
Appellant

v.

DOUGLAS K. HANDSHOE, ET AL.,
Appellee

ORIGINAL BRIEF FILED ON
BEHALF OF THE MINOR CHILD
APPEAL OF JUDGMENT
FROM 24TH JUDICIAL DISTRICT COURT
FOR THE PARISH OF JEFFERSON
CASE NO. 736-680, SECTION D
HON. SCOTT U. SCHLEGEL
PRESIDING

STUART H. SMITH LAW CLINIC &
CENTER FOR SOCIAL JUSTICE

JANEY LAMAR
STUDENT PRACTITIONER

RAMONA FERNANDEZ
SUPERVISING ATTORNEY
COUNSEL FOR MINOR CHILD


EXHIBIT "D"

Scanned by CamScanner

# TABLE OF CONTENTS

Page

Table of Contents..................................................................................i

Table of Authorities.............................................................................ii

Jurisdiction of the Court......................................................................1

Action of the Lower Court...................................................................1

Statement of the Case .........................................................................1

Assignments of Error .........................................................................3

Issues Presented for Review ..............................................................3

Summary of Argument .......................................................................3

Argument..............................................................................................4

Conclusion............................................................................................5

Certificate of Service...........................................................................6

Verification of Service.........................................................................7

Appendix:

A.   Appointment of Stuart H. Smith Law Clinic by the Court to Represent Interests of Minor Child

B.   Motion to Enroll as Counsel

Scanned by CamScanner

## TABLE OF AUTHORITIES

Louisiana Code Articles

    LSA-C.C.P art. 971 ................................................................................ 4

Louisiana Constitution Articles
    La. Const. art. V, § 10...................................................................1

Louisiana Jurisprudence

    *Abel v. Handshoe, et al*, 2013-05029 (La. App. 4 Cir. 10/22/14), writ denied, 2014-C-0784 (La. 2/13/15)....................................................................5

    *Savoie v. Page*, 2009-0415 (La. App. 3 Cir. 11/4/09), 23 So. 3d 1013 writ denied, 2010-0096 (La. 4/5/10), 31 So. 3d 365......................................4

Trial Court's Reasons for Judgment

    July 28, 2014 Hearing Transcript, pp. 32-35 .........................................4

Scanned by CamScanner

## Jurisdiction of the Court

The Fifth Circuit Court of Appeal has jurisdiction over this matter pursuant to Article 5, Section 10, of the Louisiana Constitution of 1974, which provides that Courts of Appeal shall have appellate jurisdiction over all civil matters described within its geographical circuit; and except as limited by the Louisiana Constitution or provided by law for the review of administrative agency determinations, the appellate jurisdiction of a Court of Appeal extend both to law and facts. Jurisdiction and venue vests in these Courts as the actions involved occurred in these Courts and as the damages occurred in the Parish of Jefferson, State of Louisiana. La. Const. art. V, § 10.

## Action of the Lower Court

This case arose from the 24th Judicial District Court for the Parish of Jefferson and final judgment was rendered on July 28, 2014. This Court of Appeal has found and ruled that the judgment was properly the subject of appeal and has ordered Appellant to perfect and file his appeal.

## Statement of the Case

Appellant was involved in a custody proceeding in the 24th Judicial District Court. On February 13, 2014, Appellee published a drawing on the slabbed blog authored by the minor child that was filed in the record by the child's mother, Tami Steitle, in the aforementioned custody proceeding. The drawing, as published, is currently under seal as ordered by the Honorable Judge John J. Molaison, Jr.

Appellee published unsubstantiated statements about alleged sexual relations between the minor child and his father (Appellant) on his internet blog Slabbed.org. The minor child's father was publicly accused of sodomy involving the child via the Slabbed.org blog. Appellee's use of the minor child's

1 Scanned by CamScanner

copyrighted drawing is in violation of a court order, which placed the child's drawing under seal. Appellee has intentionally inflicted emotional distress on Appellant and the minor child by extension as Appellant is distraught and powerless to defend his son against such defamatory statements made on a public forum, which caters to a large audience.

On February 28, 2014, the Slabbed blog, was removed by Appellee's service provider due to a violation of that web host's terms of service; however, on the same day, Appellee published the minor child's drawing again on the new slabbed blog.

On February 21, 2014, the Honorable John J. Molaison, Jr., appointed the Stuart H. Smith Law Clinic & Center for Social Justice (hereinafter the Loyola Law Clinic) to represent the interests of the minor child the custody proceeding. **See Exhibit A.**

Appellant, personally and on behalf of the minor child, over whom he has sole custody, filed a Petition for Injunctive Relief and Damages Filed Under Seal, in accordance with Judge Molaison's order which instructed him to take any action necessary to protect the minor child's interests and have the child's drawings removed from the internet.

On February 11, 2015, the Loyola Law Clinic through Janey Lamar, Student Practitioner, and Ramona Fernandez, Supervising Attorney, enrolled as Counsel of Record to represent the interests of the minor child in this matter. **See Exhibit B.** A Motion for Extension of Time to File Brief on Behalf of the Minor and a Motion to Remove Counsels' Names from Pro Se Litigant's Brief were filed and granted that same day.

The lower court correctly found that Appellant was not a public person nor was his domestic/custody case a public matter or a matter of any public interest.

[2] Scanned by CamScanner

However, the trial court erroneously granted Appellee's Art. 971 Motion to Strike the case as a SLAPP lawsuit.

### Assignments of Error

1. The Trial Court correctly found that the minor child's father was not a public person and that the domestic custody matter of which the child is the subject of, is not a public matter, or a matter of any public interest.

2. The trial court erred in finding that Art. 971 applied to any matter whatsoever filed before any court regarding any issue, whether it is a public issue or not.

### Issues Presented for Review

1. Does Art. 971 Motion to Strike apply to non-public persons?

2. Does Art. 971 Motion to Strike apply to non-public issues?

### Summary of the Argument

Appellant filed the previous action on behalf of himself and his minor son who lacks capacity to bring his own law suit. The Loyola Law Clinic was appointed to represent the interests of the minor child in the custody proceedings; and, to the extent that the court's decision may affect the interests of the minor child, the Loyola Law Clinic has intervened in this matter to protect those interests.

Appellee's Art. 971 Motion to Strike was granted with reasons for judgment placed on the record. The Trial Court erred in finding that Art. 971 Motions to Strike SLAPP suits were not confined to public issues and public persons; and are applicable to any issues, regardless of whether the issues and the persons involved are public or not; as Art. 971 applies only to public persons and public issues or private persons directly involved in public issues. The trial court did correctly find that Mr. Yount was not a public person and that the case involving the welfare and

3

Scanned by CamScanner

custody of the minor child was not a public issue. Therefore, the trial court erred in granting Appellee's Art. 971 Motion to Strike.

### Argument

Art. 971 Motion to Strike does not apply to non-public persons and non-public issues. Article 971 requires that:

1) Appellee must make a prima facie showing that Appellant has filed a SLAPP suit. To make a prima facie showing Appellee must establish that Appellant is a public official [or private person] actually involved in the public issue that is the subject matter of the alleged SLAPP suit. The trial court has ruled that Appellant is not a public person nor is he involved in a public issue. **See 28 July 2014 Transcript, pp. 32-35.**

2) Appellee must prove that each action written about involves a public issue from which the SLAPP suit arose or that the SLAPP suit was meant to quash. Appellee must prove that each person written about had a real and provable involvement in that public issues. Appellee must thus show that the comments he made specifically addressed Mr. Yount's actual involvement in the public issue, and identify what that public issue was. The Court has ruled that no issue in the underlying matter was a public issue. **See 28 July 2014 Transcript-pp. 32-35.**

Upon the trial court's finding that Mr. Yount was not a public person and the domestic case was not a public issue, the trial court's inquiry should have ended there. *Savoie v. Paige*, 2009-0415 (La. App. 3 Cir. 11/4/09), 23 So. 3d 1013 writ denied, 2010-0096 (La. 4/5/10), 31 So. 3d 365.

In *Abel v. Handshoe, et al*, 13-05029 (La. App. 4 Cir. 10/22/14), writ denied, 2014-C-0784 (La. 2/13/15), defendant sought review of a judgment denying La. C.C.P. Art. 971 special Motion to Strike. The Fourth Circuit Court of Appeal found that the trial court made a proper determination under Art. 971 that the alleged statements in that case did not concern a public issue. The Court of Appeal did not find that the trial court erroneously denied the special motion to strike solely based on the plaintiff not being a public figure. Writ was denied on the issue. The defendant in that case then applied for supervisory writ before the Supreme Court of the State of Louisiana. Writ was denied before the Supreme

Scanned by CamScanner

4

Court. Thus, the Fourth circuit's ruling on the matter is dispositive and the Appellees Art. 971 Motion to Strike should not have been granted. *Id.*

### Conclusion

The Trial Court correctly found that Mr. Yount was not a public person nor was his domestic case a matter of public interest. Therefore, based on these findings and the recent decisions by the Fourth Circuit Court of Appeal and the Louisiana Supreme Court, Appellee's motion should be vacated and this Honorable Court of Appeal should reverse the Trial Court's judgment.

Respectfully Submitted,

STUART H. SMITH LAW CLINIC & CENTER FOR SOCIAL JUSTICE

Janey Lamar
Student Practitioner

Ramona Fernandez, Louisiana State Bar #24743
Attorney for Minor Child
7214 St. Charles Box 902
New Orleans, LA 70118
Telephone: (504) 861-5590
Facsimile: (504) 861-5440

Scanned by CamScanner

COURT OF APPEAL

FIFTH CIRCUIT

STATE OF LOUISIANA

DOCKET NO. 2014-C-919

CHRIS E. YOUNT,
Appellant

v.

DOUGLAS K. HANDSHOE, ET AL.,
Appellee

CERTIFICATE OF SERVICE

I hereby certify that I have served all counsel and parties with this

pleading and any exhibits by electronic transmission and by placing same in

U.S. mail, postage prepaid on March 3, 2015.

Janey Lamar

Chris Yount, Pro Se
545 Terrace Street
Jefferson, Louisiana 70121

Connie Montgomery, Esq.
1403 West Esplanade Avenue
Kenner, Louisiana 70065-4534

The Honorable Scott Schlegel
24th Judicial District Court, Division "L"
200 Derbigny Street
Gretna, Louisiana 70053

Jack "Bobby Truitt"
149 North New Hampshire Street
Covington, Louisiana 70433

Scanned by CamScanner

## VERIFICATION

STATE OF LOUISIANA
PARISH OF JEFFERSON

Before me appeared Janey Lamar, who being sworn testified to the following:

(1) I appear on behalf of the minor child in this matter;

(2) The facts and averments made by me are true and correct to the best of my information and belief, having personally conducted an extensive investigation as required by Art. 863 of the Code of Civil Procedure;

(3) I have served all counsel with this pleading electronically and by placing same in U.S. mail, postage prepaid to Judge Schlegel and counsel Ms. Montgomery, Mr. Truitt and Mr. Yount.

(4) I have filed the original appellant brief and seven copies as required by the uniform rules in the form and manner required.

(5) I have filed the exhibits as with the original brief.

Janey Lamar

*[signature]*

Sworn to and subscribed before me, Notary Public, on March 3, 2015.
New Orleans, Louisiana

*[signature]*
Notary Public
State of Louisiana
My commission is issued for life.

24th JUDICIAL DISTRICT COURT

PARISH OF JEFFERSON

STATE OF LOUISIANA

NO: 665-658                                                  DIVISION "E"

CHRIS EDWIN YOUNT

vs.

TAMI REME STEITLE, ET AL

*CODED* *FILED* JAN 2 1 2014 DEPUTY CLERK

FILED: _____    _____
                                        DEPUTY CLERK

## MOTION

This matter comes before the Court on its own motion. The court has determined that the interests of the minor child in this domestic dispute must be represented. Accordingly,

**IT IS ORDERED** that the Stuart H. Smith Law Clinic and Center for Social Justice be and is hereby appointed to represent the interests of the minor child in this matter.

Gretna, Louisiana, this 21st day of February, 2014.

*CODED*

_____
JUDGE JOHN J. MOLAISON, JR.

PLEASE SERVE:
CK# 770  $20.10 N.O.
Stuart H. Smith Law Clinic and
Center for Social Justice
540 Broadway Street
New Orleanas, Louisianan 70118

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE
_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, LA.

EXHIBIT A

Scanned by CamScanner

FILE FOR RECORD

2015 FEB 10 PM 1: 11

DEPUTY CLERK
5TH CIRCUIT COURT OF APPEALS
STATE OF LOUISIANA

COURT OF APPEAL

FIFTH CIRCUIT

STATE OF LOUISIANA

DOCKET NO. 2014-CA- 919

CHRIS E. YOUNT

VERSUS

DOUGLAS K. HANDSHOE, ET AL.

## MOTION TO ENROLL AS COUNSEL OF RECORD FOR THE MINOR CHILD

**NOW INTO COURT**, comes Janey Lamar, Student Practitioner, Ramona Fernandez, Supervising Attorney and the Stuart H. Smith Law Clinic & Center for Social Justice, appointed counsel for minor child, in the lower domestic proceedings, who respectfully requests that they be allowed to enroll as attorney of record for the minor child in this matter.

**WHEREFORE,** Mover prays that the above be deemed good and sufficient and that this motion be granted.

Respectfully Submitted,

**Stuart H. Smith Law Clinic & Center for Social Justice**

Janey Lamar
Student Practitioner

Ramona Fernandez
Supervising Attorney
7214 St. Charles Box 902
New Orleans, LA 70118
Telephone: (504) 861-5590
Facsimile: (504) 861-5440

IMAGED FEB 10 2015

EXHIBIT

