IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                    PLAINTIFF

VS.                                      CIVIL ACTION NO. 1:14-CV-00159-KS-MTP

DANIEL G. "DANNY" ABEL, et al                                      DEFENDANTS

_____

MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS
_____

Plaintiff's First Amended Complaint against Defendants, Ramona Fernandez, Janey Lamar,

and the Stuart H. Smith Law Clinic and Center for Social Justice of Loyola University New Orleans[1]

(hereinafter collectively referred to as "Defendants"), is due to be dismissed because the Court lacks

personal jurisdiction over these Defendants and the Plaintiff has failed to state a claim against them for

relief.

## I. RELEVANT FACTS

The Plaintiff is a resident of Wiggins, Mississippi where he publishes an Internet website - the

Slabbed blog.  Doc. 27. ¶ 4.  On February 13, 2014, the Plaintiff published an image on his website

allegedly drawn by Defendant, Chris Yount's minor son depicting a child being sodomized.  Id. at ¶

14.  The image was originally filed in Louisiana's 24th Judicial District Court in a domestic court

proceeding between the child's parents.  Id.  On February 21, 2014, the Honorable John J. Molaison,

Jr., appointed these Defendants to represent the interests of Chris Yount's minor son in the domestic

proceeding.  See Exhibit "B" to these Defendants' Motion to Dismiss.  Per Judge Molaison's order, the

---

[1]   Incorrectly named in the Plaintiff's Amended Complaint as the "Stuart Smith Law Clinic d/b/a Loyola University New
Orleans."

1

Defendants were to take any action necessary to have all matters pertaining to the minor child removed from the Plaintiff's website. Id.

After the Plaintiff published the above referenced image, Mr. Yount was accused of sodomizing his son on the Plaintiff's website. Despite the court records being sealed, and despite Mr. Yount and his attorney, Daniel G. Abel requesting the Plaintiff to remove the image, a link to the image remained on the Plaintiff's website. Id. at ¶¶ 15, 16. Litigation between Mr. Yount and the Plaintiff ensued shortly thereafter.

On March 20, 2014, Mr. Abel filed a defamation action in Louisiana against Plaintiff on behalf of Mr. Yount and his minor son. Id. at ¶ 19. A copy of that "Petition for Injunctive Relief and Damages Filed Under Seal" in the 24th Judicial District, Parish of Jefferson, State of Louisiana, is attached as an exhibit to the Plaintiff's First Amended Complaint filed herein. Doc. 27-1.

On July 28, 2014, the defamation action against the Plaintiff was dismissed. Id. at ¶ 21. On September 17, 2014, Mr. Abel appealed the trial court's decision to the Fifth Circuit Court of Appeal, State of Louisiana. Id. at ¶ 21. Subsequently, it is alleged, Mr. Abel was suspended from the practice of law. Id. at ¶ 16.

On January 20, 2015, Mr. Yount (appearing Pro Se) filed an appellate brief in the Fifth Circuit Court of Appeal, State of Louisiana, on behalf of himself and his minor son. A copy of that Pro Se appellate brief is also attached as an exhibit to the Plaintiff's First Amended Complaint filed herein. Doc. 27-2. In order to fulfill their court appointed duty and responsibility to the minor child, these Defendants were listed on and signed the Pro Se appellate brief - - as counsel for the minor child.

On February 11, 2015, these Defendants filed a formal motion in the Fifth Circuit Court of Appeal, State of Louisiana, to enroll as counsel for the minor child in that appellate proceeding. See Exhibit "A" to these Defendants' Motion to Dismiss. A Motion for Extension of Time to File a separate Brief on Behalf of the Minor, and a Motion to Remove Counsel's Names from the Pro Se

Litigant's Brief, were also filed and granted on the same day. See Exhibit "C" to these Defendants'

Motion to Dismiss.

On March 3, 2015, these Defendants filed their own separate, original appellate brief on behalf

of the minor child. See Exhibit "D" to these Defendants' Motion to Dismiss. Ten days later, on March

13, 2015, the Plaintiff filed his First Amended Complaint in this Court, asserting causes of action

against these Defendants for malicious prosecution and abuse of process under Mississippi law. Doc.

27 at ¶ 10.

## II. LEGAL ARGUMENT

It is undisputed that these Defendants are not Mississippi residents. Id. at ¶ 12. When a

nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears

the burden of establishing the district court's jurisdiction over the nonresident. Stuart v. Spademan,

772 F.2d 1185, 1192 (5th Cir.1985) (citing Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165

(5th Cir.1985). In a federal diversity suit, federal jurisdiction over nonresident defendants is measured

by a two-step inquiry. Smith v. DeWalt Products Corp., 743 F.2d 277, 278 (5th Cir. 1984). First, the

law of the forum state must provide for the assertion of such jurisdiction. Id. Second, the exercise of

jurisdiction under state law must comport with the dictates of the Fourteenth Amendment's Due

Process Clause. Id.

## A. Personal jurisdiction over the Defendants under Miss. Code Ann. § 13-3-57 does not exist on Plaintiff's abuse of process claim.

Mississippi's long arm statute provides:

Any nonresident person, firm, general or limited partnership, or any foreign or other
corporation not qualified under the Constitution and laws of this state as to doing
business herein, who shall make a contract with a resident of this state to be performed
in whole or in part by any party in this state, or who shall commit a tort in whole or in
part in this state against a resident or nonresident of this state, or who shall do any
business or perform any character of work or service in this state, shall by such act or
acts be deemed to be doing business in Mississippi and shall thereby be subjected to the
jurisdiction of the courts of this state. Service of summons and process upon the

3

defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure.

See Miss. Code Ann. § 13-3-57 (Supp. 1996).

Plaintiff contends this Court has personal jurisdiction over these Defendants pursuant to the tort prong of the Mississippi's long arm statute; namely, that personal jurisdiction is proper if any element of the tort takes place in Mississippi. Doc. 27 at ¶ 10-11; and see Smith v. Temco, 252 So. 2d 212, 216 (Miss.1971); Western Chain Co. v. Brownlee, 317 So. 2d 418, 421 (Miss.1975); Cycles, Ltd. v. W.J. Digby, Inc., 889 F.2d 612, 619 (5th Cir.1989); Rittenhouse v. Mabry, 832 F.2d 1380, 1384 (5th Cir.1987); Jobe v. ATR Mktg., Inc., 87 F.3d 751, 753 (5th Cir.1996).

In Mississippi, the elements of abuse of process are: (1) the party made an illegal use of the process, (2) the party had an ulterior motive, and (3) damage resulted from the perverted use of process. McLain v. West Side Bone & Joint Ctr., 656 So. 2d 119, 123 (Miss.1995) (citing Foster v. Turner, 319 So. 2d 233, 236 (Miss.1975)). As is readily apparent from the above quoted excerpt, the abuse of process tort in Mississippi involves the corruption of process--not merely the issuance of process simpliciter. The Mississippi Supreme Court has acknowledged that the abuse of process tort does not address the case where the only alleged abuse of process was the service of a summons without any corruption or impropriety:

"What defendant complains of in his counterclaim is not based on any perversion of any process, but simply the filing of the suit.... Nothing unlawful was done under any process. It cannot be argued that the process of the court was abused by accomplishing a result not commanded by it or not lawfully obtainable under it when the only process involved was the simple summon to defend the suit."

Edmonds v. Delta Democrat Publishing Co., 230 Miss. 583, 93 So. 2d 171, 175 (1957).

In addition, the Fifth Circuit has found that "the abuse of process tort must accrue within the geographical limits of Mississippi." Allred v. Moore & Peterson, 117 F. 3d 278, 281-283 (5th Cir. 1997). Specifically, the service of a party by certified mail does not satisfy the tort prong or establish personal jurisdiction over a nonresident defendant. Id.

4

In the present matter, Plaintiff does not allege facts which would support a finding of abuse of any process in Mississippi.   This case involves allegations by Plaintiff against these Louisiana Defendants, regarding their practice of Louisiana law (i.e., filing an appellate brief), on behalf of their Louisiana client, in a Louisiana state court.

Indeed, Plaintiff fails to allege that any element of the abuse of process tort occurred in Mississippi: (1) to the extent that the tort requires corruption or perversion of process, neither has been alleged, and (2) to the extent that the tort requires an improper motive, all decisions regarding the Defendants' filing of the appellate brief were made in Louisiana.   Moreover, the Defendants' representation of the interests of a minor child in Louisiana, as ordered by a Louisiana Court to do, and, more specifically, their filing of an appellate brief on behalf of that child with the approval of the Louisiana state appellate court in which it was filed, is not an "improper motive." Nor is it an abuse of process under Mississippi law.

The only activity alleged by the Plaintiff to have taken place within Mississippi was the service of a copy of the appellate brief by mail from Louisiana to his Mississippi residence - an event which is simply not an element (or part of an element) of the tort of abuse of process. Plaintiff has simply failed to allege any facts that would support personal jurisdiction over these Defendants under the tort prong of the Mississippi long-arm statute. As such, Plaintiff's First Amended Complaint filed herein against them should be dismissed.

**B.**  **Personal jurisdiction over the Defendants under Miss. Code Ann. § 13-3-57 does not exist on Plaintiff's malicious prosecution claim.**

In Mississippi, malicious prosecution requires: (1) the institution or continuation of original judicial proceedings, either criminal or civil; (2) by, or at the instance of the defendants; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause in the proceedings; and (6) the suffering of damages as a result of the action or

5

prosecution complained of. Mississippi Road Supply Co. v. Zurich-American Ins. Co., 501 So. 2d 412, 414 (Miss.1987) (citing Harvill v. Tabor, 240 Miss. 750, 128 So. 2d 863, 864 (1961)).

Plaintiff does not even contend (nor could he) that elements one through five of the tort of malicious prosecution occurred in Mississippi. Rather, he argues primarily that he had to expend "valuable resources" in responding to the referenced appeal in Louisiana. He contends this constituted economic injuries to him in Mississippi and, therefore, supports jurisdiction over these Louisiana Defendants under the tort prong of Mississippi's long arm statute.

Defendants concede that the Mississippi Supreme Court has found that a tort is considered to have been committed in part in Mississippi where the injury results in this state. Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1168 (5th Cir. 1985) (quoting Smith v. Temco, Inc., 252 So. 2d 212, 216 (Miss. 1971)). However, Plaintiff's argument that his alleged economic consequences, alone, are sufficient to support personal jurisdiction over these Defendants under the Mississippi long-arm statute is incorrect.

Both this Court and the Fifth Circuit have recognized consistently that Mississippi does not permit damages and/or economic consequences to serve as a proxy for injury in the personal jurisdiction calculus. First Trust Nat'l Ass'n v. Jones, 996 F. Supp. 585, 588-589 (S.D. Miss. 1998) (quoting Jobe v. ATR Marketing, Inc., 87 F.3d 751, 753 (5th Cir. 1996)). In regards to Mississippi's long-arm statute, "a tort occurs where and when the actual injury takes place, not at the place of the economic consequences of the injury." Cycles, Ltd. v. W.J. Digby, Inc., 889 F.2d 612, 619 (5th Cir.1989); Estate of Portnoy v. Cessna Aircraft Co., 730 F.2d 286, 290 (5th Cir.1984).

In the present matter, Plaintiff's damages argument for personal jurisdiction under the Mississippi long-arm statute flies in the face of the rather clear guidance of this Court. In addition, Plaintiff has alleged no other facts that support the exercise of personal jurisdiction through the use of

6

the Mississippi long-arm statute over his malicious prosecution claim. As such, the Plaintiff's First Amended Complaint should be dismissed.

**C.    The exercise of personal jurisdiction would not comport with the Fourteenth Amendment's Due Process Clause.**

Despite the initial hurdle of Mississippi's long arm statute not being cleared, and even assuming for the sake of argument that a tort did occur in Mississippi (although it did not), the Plaintiff cannot show that the exercise of personal jurisdiction over these Defendants would comport with the Fourteenth Amendment's Due Process Clause.

The general constitutional test for personal jurisdiction is well-established. A federal court sitting in diversity "may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945)). The defendant's contacts with the forum state must be such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." International Shoe, 326 U.S. at 316. A defendant's contacts are sufficient if the defendant "purposefully avails itself of the privilege of conducting activities within the forum State." Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958).

In the present matter, these Defendants' contacts with Mississippi fall way short of the mark. The Stuart H. Smith Law Clinic and Center for Social Justice of Loyola University New Orleans ("Loyola Law Clinic") is a non-profit corporation formed under Louisiana law and located at 6363 St. Charles Ave. New Orleans, LA 70118. Doc. 27 at ¶ 9. The Loyola Law Clinic allows third-year law students the opportunity to represent indigent clients in Louisiana under the supervision of experienced attorneys. Ramona Fernandez is a Louisiana resident who resides in Gretna, Louisiana. Id. at ¶ 7. Ms.

7

Fernandez is a licensed Louisiana attorney who serves as the Loyola Law Clinic's Associate Director. Janey Lamar is also alleged by Plaintiff to be a Louisiana resident, residing in New Orleans. Id. at ¶ 8. At all relevant times, Ms. Lamar was a third year law student at Loyola, acting under the supervision of Ms. Fernandez.

It is uncontroverted that these Defendants are residents of Louisiana, not Mississippi. Id. at ¶ 12. None of these Defendants engaged in the practice of law (or was licensed to do so) in Mississippi. None of these Defendants represented parties in litigation in Mississippi, and none are even alleged to have owned or leased property, or to have had any employees, offices, bank accounts, or telephone listings here, or even to have traveled here on a regular basis. Indeed, the only connection these Defendants are alleged to have with Mississippi is mailing a copy of an appellate brief they filed in a Louisiana court case to the Plaintiff.

This Courts exercise of personal jurisdiction over these Defendants in this case would offend traditional notions of fair play and substantial justice, as well as violate the Defendants' rights to due process. Accordingly, Plaintiff's First Amended Complaint against them should be dismissed.

## D. The Plaintiff has failed to state a claim for relief.

Even if jurisdiction could be exercised over the Defendants, and accepting Plaintiff's allegation that Mississippi substantive law applies as true, Plaintiff has failed to state a claim for relief. In the present matter, the Defendants have a client – a minor child – whose interests they were ordered to protect by a Louisiana Court. See Exhibit "B" to these Defendants' Motion to Dismiss.

Nothing in the record indicates the Defendants joined in the appeal of the Louisiana case without a reasonable basis or acted in an improper manner. Indeed, the Fifth Circuit Court of Appeal, State of Louisiana, granted the Defendants' motion to enroll as counsel for the minor child in the appeal in question. See Exhibit "A" to these Defendants' Motion to Dismiss. The Plaintiff's

8

allegations that these Defendants filed a defamation suit against him are mistaken. The defamation suit was filed against the Plaintiff by Mr. Abel, not these Defendants. Doc. 27-1.

It cannot be argued that the process of the court was abused by accomplishing a result not commanded by it or not lawfully obtainable under it, when the only process involved was the simple filing of an appellate brief in a pending appeal in Louisiana. Regardless, the Mississippi Supreme Court has found that an attorney "owes no duty to an adverse party" and even has "no duty to abandon a claim if it later appears to be without merit." Roussel v. Robbins, 688 So. 2d 714, 725 (Miss. 1996); Bean v. Broussard, 587 So. 2d 908, 913 (Miss. 1991) (citing Nationwide Mut. Ins. Co. v. Evans, 553 So. 2d 1117, 1119-20 (Miss. 1989)).

The Plaintiff seeks relief from these Defendants for nothing more than being a party to an appeal of a lawsuit in Louisiana. No right to relief for that exists under Mississippi law. The Plaintiff's First Amended Complaint should be dismissed for this additional reason.

### III. CONCLUSION

Plaintiff's First Amended Complaint against Defendants, Ramona Fernandez, Janey Lamar, and the Stuart H. Smith Law Clinic and Center for Social Justice of Loyola University New Orleans is due to be dismissed. Personal jurisdiction does not exist over these Defendants under Miss. Code Ann. § 13-3-57 (Supp. 1996). Likewise, the exercise of personal jurisdiction over these Defendants in this case would violate the Fourteenth Amendment's Due Process Clause. In addition thereto, Plaintiff has failed to state a claim for relief against them under Mississippi law.

Respectfully submitted this the 18th day of May, 2015.

> Ramona Fernandez, Janey Lamar, and the Stuart H. Smith Law Clinic and Center for Social Justice of Loyola University New Orleans, Defendants
>
> BY:    DUKES, DUKES, KEATING & FANECA, P.A.
>
> BY:    /s/ *W. Edward Hatten, Jr. and Bradley E. Dean*

9

W. EDWARD HATTEN, JR. (MSB #8859)
BRADLEY E. DEAN (MSB #101161)
DUKES, DUKES, KEATING & FANECA, P.A.
2909 13th Street, Suite 601
Post Office Drawer W
Gulfport, MS   39502
Phone: (228) 868-1111
Fax: (228) 863-2886
ed@ddkf.com
bdean@ddkf.com


## CERTIFICATE OF SERVICE

I, Bradley E. Dean, do hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the ECF system, and mailed the same via U.S. Mail, which sent notification of such filing to the following:

Douglas Handshoe, Pro Se Plaintiff
Post Office Box 788
110 Hall St.
Wiggins, MS   39577

Daniel G. Abel, Pro Se Defendant
2421 Clearview Parkway
Metairie, LA 70001

Chris Yount, Pro Se Defendant
545 Terrace Street
Jefferson, LA 70121

This the 18th day of May, 2015.

*/s/ Bradley E. Dean*


BRADLEY E. DEAN (MSB #101161)
DUKES, DUKES, KEATING & FANECA, P.A.
2909 13th Street, Suite 601
Post Office Drawer W
Gulfport, MS   39502
Phone: (228) 868-1111
Fax: (228) 863-2886
bdean@ddkf.com

10