SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 02 2015
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| DOUGLAS HANDSHOE | ) | PLAINTIFF |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:14CV159 KS-MTP |
| | ) | |
| DANIEL G. "DANNY" ABEL, | ) | |
| CHRIS YOUNT, RAMONA FERNANDEZ, | ) | |
| JANEY LAMAR AND STUART SMITH | ) | DEFENDANTS |
| LAW CLINIC DBA LOYOLA | ) | |
| UNIVERSITY NEW ORLEANS | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION UNDER RULE 4(d)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE FOR COSTS OF SERVICE OF PROCESS DUE TO FAILURE OF CERTAIN PARTIES TO COMPLY WITH DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING SUMMONS**

**MAY IT PLEASE THE COURT**

Fed. Rule Civ. Proc. 4(d) imposes a duty to avoid unnecessary expenses of serving the summons and proscribes a method of obtaining waiver of service from the defendant parties before the Court. A defendant that is located in the United States that fails without good cause to sign and return a waiver requested by a similarly situated plaintiff becomes subject to a court order requiring the defendant to pay the expenses later incurred in making service along with reasonable expenses including Attorney Fees of preparing the Motion to collect the service expenses.[1]

**FACTUAL BACKGROUND**

On March 10, 2015 this Honorable Court issued an order granting instant Plaintiff's Motion for Leave to Amend his Complaint adding Yount, along with (the Loyola Defendants) Fernandez, Lamar and Loyola University New Orleans. Plaintiff filed the amended civil action on March 13, 2015, preparing and mailing copies of the amended complaints along with Form

---

[1] Fed. Rule Civ. Proc. 4(d)(2)

1

AO398, Notice of a Lawsuit and Request to Waive Service of a Summons and Form AO399, Waiver of the Service of Summons, along with self-addressed, postage prepaid envelopes. United States Post Office Tracking indicate defendant Yount and the Loyola Defendants received the Rule 4(d) waiver packages on Monday, March 16, 2015. Copies of the cover letters dated March 13, 2015 showing these tracking numbers are attached as Exhibit 1 (Yount) and Exhibit 2 (The Loyola Defendants).

On March 25, 2015, General Counsel for Loyola University, on behalf of the Loyola Defendants, declined to waive service of summons under Fed. Rule Civ. Proc. 4. by email to the Plaintiff. This communication is attached as Exhibit 3. Subsequently, by the expiration of the 30 day time period to return the waivers, neither Yount nor the Loyola Defendants returned executed Waivers of Service of Summons under Rule 4 to Plaintiff.

On April 15, 2015 Plaintiff, via the Clerk of this Honorable Court, issued Summons to the Defendants, delivering same along with the Court stamped complaints to J. S. Investigations. On April 29, 2015, a representative of J. S. Investigations served the Loyola defendant summons in New Orleans Louisiana at Loyola's registered office on its campus. The cost of service of the three summonses was $339.10. Paid invoice #15-737310 in the amount of $339.10 memorializing this service is attached as Exhibit 4.

On May 18, 2015, a representative of J. S. Investigations served Yount after a court hearing in Gretna Louisiana. The cost of service of the summons was $313.68.[2] Paid invoice #15-737331 in the amount of $313.68 memorializing this service is attached as Exhibit 5.

---

[2] Messrs. Yount and Abel are notorious for their skill in evading service of process. The Private investigator literally had to stake out the Gretna Courthouse to catch Yount either entering or leaving it for a hearing in the sealed Louisiana case for which DMCA takedown notice cited in this litigation relates. Yount was able to enter the courthouse unobserved forcing the private investigator to expend significant amounts of time waiting for Yount to re-emerge.

## LAW AND ARGUMENT

Fed. Rule Civ. Proc. 4(d) prescribes the form and content of the Request for Waiver of Service of Summons. Plaintiff, using court forms suggested for that exact purpose of obtaining waivers under Rule 4(d) promptly mailed such forms to the Defendants, three of which expressly declined to waive Service of Summons via their employer's General Counsel. Defendant Yount, failed to return his to defendant within 30 days as required.

Fed. Rule Civ. Proc. 4(d)(2) states:

*(2) Failure to Waive. If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:*

  *(A) the expenses later incurred in making service; and*

  *(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.*

Plaintiff is a Pro Se litigant thus he is not entitled to Attorney fees specified in 4(d)(2)(B). Plaintiff is however, entitled to the costs of making service, such costs totaling $339.10 for the Loyola Defendants and $313.68 for Mr. Yount.

## CONCLUSION

For the reasons cited above, the clear and unambiguous language of Fed. Rule Civ. Proc. 4(d)(2) requires this Court to enter an order requiring that the Loyola Defendants pay Plaintiff $339.10 and that Mr. Yount pay Plaintiff $313.68 for failure to comply with their duty to minimize their litigation expenses by waiving service of summons pursuant to Rule 4(d).

Respectfully submitted this 2nd day of June, 2015,

_____

Douglas Handshoe, Pro Se Plaintiff
Post Office Box 788
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on June 2st 2015 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification of such filing to the following ECF participants:

Edward Hatten (MSB #8859)
Bradley Dean (MSB #101161)
Dukes, Dukes, Keating and Faneca, P.A.
Post Office Drawer W
Gulfport, MS 39502
Phone: (228) 868-1111
Fax: (228) 863-2886
ed@ddkf.com
bdean@ddkf.com
Attorneys for Ramona Fernandez, Janey Lamar and Loyola University New Orleans

I, Douglas Handshoe, certify I have sent a true and correct copy of the foregoing to the following via United States Mail:

Daniel G. Abel
Pro Se
C/O The Super 8 Motel / Desai Enterprises
2421 Clearview Parkway, Room 106
Metairie, LA 70001

Chris Yount
Pro Se
545 Terrace Street
Jefferson, LA 70121

Respectfully submitted this 2nd day of June, 2015,

_____
Douglas Handshoe, Pro Se
Post Office Box 788
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com