IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

JUN 03 2015

ARTHUR JOHNSTON
BY_____ DEPUTY

| | | |
|---|---|---|
| DOUGLAS HANDSHOE | ) | PLAINTIFF |
| | ) | |
| v. | ) | Civil Action No.1:14-cv-159-KS-MTP |
| | ) | |
| DANIEL G. "DANNY" ABEL | ) | |
| CHRIS YOUNT, RAMONA FERNANDEZ, | ) | |
| JANEY LAMAR AND STUART SMITH | ) | DEFENDANTS |
| LAW CLINIC DBA LOYOLA | ) | |
| UNIVERSITY NEW ORLEANS | ) | |
| | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## FOR AN EXTENSION OF TIME TO RESPOND

The abuses of 17 U.S.C. § 512 that underpin the Louisiana lawsuit at the heart of this

instant action represent the sixth such defamation suit against Plaintiff Douglas Handshoe to

which Chris Yount, Vaughn Perret, Charles Leary, Daniel Abel and their shell company Trout

Point Lodge Ltd. of Nova Scotia have filed or extensively participated, in coordination with

certain third parties, against Plaintiff in his personal capacity over publications that have

appeared on the website belonging to Slabbed New Media, LLC. Four of these six defamation

actions have also joined Plaintiff's lawyers and/or Plaintiff and other third parties including the

Louisiana lawsuit at the heart of the controversy in this civil action which joined the lawyer for

Slabbed New Media LLC. These multiple civil defamation actions by the defendants represents a

coordinated, international and multi-state campaign of misusing the legal processes contained in

17 U.S.C. § 512 coupled with the deprivation of certain procedural due process rights guaranteed

under the 14th Amendment to the Constitution of the United States to collaterally attack the final

judgment rendered in the United States District Court case styled *Trout Point et al v Handshoe*

1

*729 F. 3d 481* as well as deprive Plaintiff Handshoe and Prospective Plaintiff Slabbed New Media, LLC of their valuable First Amendment right to perform journalism in the public interest.

Since the First Amended Complaint was filed several events have occurred which significantly alter Plaintiff's claims against the Defendants and as a necessity, the jurisdictional considerations surrounding those claims.

For instance, the Loyola Defendants have contended in pleadings filed before this Honorable Court they had a valid legal interest in the underlying defamation litigation via representation of a minor child. This is a material misrepresentation of fact by their own admission because in a court hearing held in Gretna Louisiana on March 30, 2015, the Loyola Defendants admitted they had no interest in the litigation whatsoever on behalf of Yount's minor child, or any party for that matter as they had not been retained by any party. The record is crystal clear the Loyola defendants were appointed by the Louisiana Courts to represent the Yount minor in a domestic matter, not a defamation case and the Loyola defendants exhibited this fact in their Motion to Dismiss (ECF #30-2).[1] In fact, the Loyola defendants could never have represented the minor in the defamation action filed by Yount in March of 2014 as Yount held insufficient legal capacity to hire counsel or act as lawyer for his son due to the fact that he had a joint custody arrangement with his ex-wife at the time the suit was filed.[2] [3]

---

[1] Official transcript of Closed Hearing Held on March 30, 2015 before the Honorable Scott U. Schlegel of the 24th Louisiana pages 2 through 6. A partial transcript is attached to this Memorandum of Law as Exhibit 1.

[2] In his Louisiana petition Mr. Yount pleads his standing on behalf of the minor child as "sole/domiciliary parent" which is a facially insufficient basis to join a minor of divorced parents to litigation in Louisiana absent the consent of the other parent in a joint custody arrangement, as is the case here, or by a court order appointing counsel for the minor. Yount gained temporary sole custody of his son on August 28, 2014, well after the date he filed the Louisiana civil action for defamation.

[3] Louisiana CCP Art. 683 requires a "Tutor". There are four types of tutorship in Louisiana. First, there is what is known as natural tutorship. Natural tutorship occurs when parents get divorced or one parent dies. When a parent dies, the surviving parent is the rightful tutor of the minor child. Upon divorce, parents with custody are considered the natural tutor or tutors of the child.

However, beyond these factual developments on May 28, 2015, Judge Robert Chaisson issued a ruling in response to Mr. Yount's appeal of the dismissal of his defamation action under the Louisiana Anti-SLAPP statute and ruled that public court cases were in actuality not a "public issue" citing Yount's open divorce proceedings in the Jefferson Parish Courts as such an example.[4]  Additionally the statement of facts adopted by that court in its decision were contained in Yount's Original petition for damages and an injunction, including a finding of fact that Handshoe published Court documents under seal, an assertion clearly belied by the evidentiary record before that court. However the Appeals Court nonetheless adopted certain dates alleged by the instant Defendants before this court in their original defamation petition as the factual basis for the opinion rendered, using those dates to conclude that Handshoe had caused the "republication of sealed material"[5] [6] that would not be subject to Louisiana's Anti SLAPP statute protections. Those dates, as alleged in the Defendants' Louisiana Petition for Damages and Injunctive Relief and in dates submitted in briefs by the Loyola defendants in their extensive appellate briefings are conflagrated with dates that Abel's business partners Charles Leary and Vaughn Perret of Trout Point Lodge, parties closely associated with Defendants, were tortiously submitting bogus DMCA takedown notices to Plaintiff's webhost in matters unrelated to the Louisiana domestic case.

Additionally, the "republication" dates cited by the Louisiana Court are directly related to the misuse of the United States legal processes contained in 17 USC 512 by the Defendants in this instant matter. The completion of the legal processes in Section 512 end with the restoration of the successfully counter notified material to the website that were subject to the bogus DMCA

---

[4] Judge Chasson's opinion is attached as Exhibit 2.
[5] Louisiana, like Mississippi follows the Single Publication Rule thus Handshoe has "republished" nothing
[6] The unrebutted evidence in the Louisiana case indicates that Abel sent the DMCA takedown notice at the heart of this controversy on February 28, 2014, such takedown notice now being used in a Louisiana defamation case as proof of defamation

takedown notices,[7] publicly available court documents the Louisiana Appellate Court now finds are somehow 1) Defamatory and 2) A tortious republication of a back-sealed court document. The misuse of a federal legal process, aimed squarely at Plaintiff's Mississippi Domiciled Media Company, followed by using the information gathered via that misuse of a federal legal process in the form of the DMCA Takedown Notices sent to Plaintiff's Webhost by their introduction as evidence in a state or provincial defamation action directed at Plaintiff personally cannot be gainsaid.

In fact this marks the third time Abel, Yount, Leary and Perret (and now the Loyola defendants) have created evidence for state/provincial defamation actions against Handshoe via the misuse of US Copyright laws, using the fruit of that poisonous tree in the subsequent defamation action. In not one instance in their multi-year campaign of sending a multitude of DMCA takedown notices to Slabbed New Media LLC's webhost have the Defendants ever sought an injunction in the United States District Court to complete the process they began as specified in 17 U.S.C. 512 in favor of instituting State/Provincial Court actions for defamation using as evidence documents obtained by the misuse and abuse of the United States Copyright Law takedown provisions.[8]

Finally, it is worth noting that the Defendants have used a Louisiana Court's Order obtained in a domestic case to which Plaintiff was never a party to justify their tortious abuse of the US Copyright law contending this order is somehow applicable to Handshoe, a finding the

---

[7] The takedown notice, counter notification and permission to restore the mistakenly identified material are attached as Exhibit 3.
[8] The Louisiana Appellate court actually incorporated the sending of a DMCA takedown notice by defendant on page three of the opinion.

Louisiana Appellate court seems to have adopted.[9] To the extent the relief Yount requests includes an injunction forcing the removal of the material he contends is defamatory from the Slabbed New Media website and there is another court order obtained in a domestic case that has now been used to Handshoe's detriment without Handshoe ever being accorded basic procedural due process and subsequent use of official state government processes in furtherance of that end strongly implies additional torts under Federal Law have been perpetrated by the Defendants. Simply put, Handshoe's First Amended Complaint no longer sufficiently addresses the entirety of the claims which have now accrued in this matter as his civil rights have been violated.

Finally it is worth noting the Louisiana Defamation case was filed improperly under seal via the use of an ex-parte court order. The only parties to the litigation that should have known about the detailed status of the litigation would include instant Plaintiff, instant Plaintiff's lawyer in that action Connie Montgomery along with the conflicted out Slabbed New Media's attorney Jack Truitt, who is Handshoe's co-defendant in the Louisiana Defamation action as well as the Defendants in this instant action. However, Charles Leary and Vaughn Perret of East Kempt Nova Scotia were sufficiently knowledgeable of the sealed proceedings to submit an amicus brief to the Louisiana Appellate Court[10] [11]. To the extent that the fact pattern of abuse of 17 U.S.C. 512 and later submission of DMCA takedown notices as evidence in a Canadian defamation action styled *Trout Point et al v Handshoe*, which was denied comity by the Honorable court under the United States SPEECH Act in a case of first impressions, exactly

---

[9] Opinion dated May 28, 2015 page three stating "the trial judge overseeing the divorce proceedings sealed parts of the record, including the pornographic drawing, and **ordered the drawing removed from the internet**" (Emphasis added)

[10] The Application to submit the Amicus brief was denied. Nonetheless the Louisiana Appeals Court Noticed Leary and Perret of the decision despite the fact the Louisiana case has not yet been unsealed. Additionally the opinion for was designated for publication despite the seal. The Trout Point Amicus Brief is attached as Exhibit 4.

[11] www.real-malice.blogspot.ca, a weblog closely associated with the defendants actually posted about the sealed proceeding of March 30, 2015 the same day, such post also threatening lawsuits against Handshoe's current lawyer Connie Montgomery as well as Handshoe's spouse, who attended the hearing as a representative of Slabbed New Media LLC.

mirrors the tactics used in the Louisiana defamation case at the heart of this controversy cannot

be simply explained away as a coincidence given the longstanding connections between the

Louisiana and Canadian Parties to these matters.

Plaintiff submits that the repeated suing of Handshoe and Slabbed New Media LLC's

attorneys in order to prevent them from subsequently representing Handshoe in this protracted

campaign of litigation terrorism via meritless defamation suits is in and of itself a deprivation of

their valuable procedural due process rights under the Constitution as it had greatly impeded

Handshoe's ability to hire counsel, despite the fact he has the ability to pay for representation.

Handshoe proceeds as a Pro Se litigant in this matter only with the greatest of reluctance.  The

inability of Slabbed New Media LLC to engage counsel due to the threat of endless lawsuits by

these Defendants is the sole reason that the media company is not joined to this litigation.[12]

Handshoe avers these tactics of suing the lawyers literally strikes at the heart of the proper

administration of the justice system.

Finally, in order for Handshoe to more properly respond to the Loyola Defendants

Motion to Dismiss due to Lack of Jurisdiction and Failure to State a Claim, it is necessary

Plaintiff be allowed additional time to address the necessity to amend his claim in response to the

Louisiana Appellate court decision, handed down less than one week ago, which rendered certain

of Handshoe's claims in the First Amended Complaint moot, while creating other, new causes of

action.

---

[12] It is a legal impossibility for an LLC to proceed Pro Se in Mississippi by rule. Handshoe and others in the legal profession has contacted dozens of lawyers on behalf of his media company to represent the Company in this matter to no avail.

For all these reasons, Plaintiff requests a 21 day extension of time to respond to Loyola's Motion to Dismiss, during which time he will file for Leave to Amend his First Amended Complaint under Fed. Rules Civ. Proc. 15, 19 and 20.

Respectfully submitted this 3rd day of June, 2015,

Douglas Handshoe, Pro Se
Post Office Box 788
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on June 3rd 2015 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification of such filing to the following ECF participants:

> Edward Hatten (MSB #8859)
> Bradley Dean (MSB #101161)
> Dukes, Dukes, Keating and Faneca, P.A.
> Post Office Drawer W
> Gulfport, MS 39502
> Phone: (228) 868-1111
> Fax: (228) 863-2886
> ed@ddkf.com
> bdean@ddkf.com
> Attorneys For Ramona Fernandez, Janey Lamar and Loyola University New Orleans

I, Douglas Handshoe, certify I have sent a true and correct copy of the foregoing to the following via United States Mail:

> Daniel G. Abel
> Pro Se
> C/O The Super 8 Motel / Desai Enterprises
> 2421 Clearview Parkway, Room 106
> Metairie, LA 70001

> Chris Yount
> Pro Se
> 545 Terrace Street
> Jefferson, LA 70121

Respectfully submitted this 3rd day of June, 2015,

Douglas Handshoe, Pro Se
Post Office Box 788
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

8