IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DOUGLAS HANDSHOE**                                                       **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO. 1:14cv159-KS-MTP**

**DANIEL G. "DANNY" ABEL,
CHRIS YOUNT, RAMONA FERNANDEZ,
JANEY LAMAR AND STUART SMITH
LAW CLINIC DBA LOYOLA UNIVERSITY
NEW ORLEANS**                                                       **DEFENDANTS**

## ORDER

This matter is before the Court on the Plaintiff Douglas Handshoe's Motion for an Extension of Time to Respond ("Motion for Extension") [38]. On May 18, 2015, Defendants Ramona Fernandez, Janey Lamar, and the Stuart H. Smith Law Clinic and Center for Social Justice of Loyola University New Orleans (hereinafter collectively referred to as the "Law Clinic"),[1] filed their Motion to Dismiss [30]. On June 3, 2015, Plaintiff filed his Motion for Extension [38]. Plaintiff seeks an extension of time until June 25, 2015, to respond to the Motion to Dismiss. The Court finds that the Motion for Extension should be granted in part and denied in part.

Plaintiff does not argue that he needs additional time to respond to the bases for dismissal urged by the Law Clinic. Instead, Plaintiff contends that he requires more time "to amend his claim in response to" a Louisiana state court decision that "rendered certain of Handshoe's claims in the First Amended Complaint moot, while creating other, new causes of action." (Pl.'s Mem. of Law in Supp. of Mot. for Extension [39] at

---

[1] The Law Clinic avers that it is incorrectly named in the pleadings as the "Stuart Smith Law Clinic d/b/a Loyola University New Orleans."

p. 6.)  If any of the Plaintiff's claims against the Law Clinic are no longer viable, Plaintiff should promptly concede that point in response to the Motion to Dismiss [30].  The Court can then enter an appropriate dismissal order.  Furthermore, the alleged "new causes of action" referenced by the Plaintiff do not appear to be aimed at the Law Clinic.  Thus, the resolution of the Law Clinic's request for dismissal should not be delayed based on the Plaintiff's apparent intention to add claims against others for a "deprivation of certain procedural due process rights," a "misuse of a federal legal process," and "additional torts under Federal Law . . . ."  (Pl.'s Mem. of Law in Supp. of Mot. for Extension [39] at pp. 1, 4, 5.)  Any request for leave to add these claims will stand or fall on its own merits.  In short, the Court is unconvinced that the Plaintiff's stated intention to file a second amended complaint necessitates an extension of time until June 25, 2015, to respond to the Motion to Dismiss [30].  The Court will, however, grant the Plaintiff a brief extension, until June 15, to file a response to the dismissal motion.

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's Motion for Extension [38] is granted in part and denied in part.  The motion is granted to the extent that the Plaintiff's deadline for responding to the Motion to Dismiss [30] is extended until June 15, 2015.  The motion is otherwise denied.

SO ORDERED AND ADJUDGED this the 8th day of June, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE