

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JUN  9 2015
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                              PLAINTIFF

vs.                                             CIVIL ACTION NO. 1:14-CV-00159-KS-MTP

DANIEL G. "DANNY" ABEL, et al                                              DEFENDANTS

## MOTION TO DISMISS DEFENDANT, CHRIS E. YOUNT

COME NOW Defendant, Chris E. Yount (Mr. Yount) Pro Se Litigant, and pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, file this their Motion to Dismiss Plaintiff's First Amended Complaint for lack of personal jurisdiction or in the alternative for failure to state a claim against them upon which relief can be granted, and without waiving the right to plead and be heard on any other defenses, aver as follows:

1. On March 13, 2015, Plaintiff filed his First Amended Complaint asserting claims for malicious prosecution and abuse of process against Mr. Yount under Mississippi law. Doc. 27 at ¶10. Plaintiff's claims arise out of Mr. Yount filing an appellate brief in the Fifth Circuit Court of Appeal, State of Louisiana, Id. at ¶24. The sordid history of the Louisiana litigation under Mr. Yount's appellate brief is discussed in the Memorandum of Law filed herewith.

2. It is undisputed that Mr. Yount is a resident of Louisiana, not Mississippi. Id. at ¶12. The Plaintiff cannot meet his burden of establishing this Court's jurisdiction

1

over Mr. Yount, and Plaintiff's First Amended Complaint should be dismissed. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994)

3. In a federal diversity suit, federal jurisdiction over nonresident defendants is measured by a two-step inquiry. Smith v. DeWalt Products Corp., 743 F.2d 277, 278 (5th Cir. 1984). First, the law of the forum state must provide for the assertion of such jurisdiction. Id. Second, the exercise of jurisdiction under state law must comport with the dictates of the Fourteenth Amendment's Due Process Clause. Id.

4. In construing the Law of Mississippi, the Court must first look to Mississippi's long arm statute which provides:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state. Service of summons and process upon the defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure.

Miss. Code Ann. § 13-3-57 (Supp. 1996).

5. Plaintiff mistakenly contends that this Court has personal jurisdiction over Mr. Yount pursuant to the tort prong of the Mississippi long arm statute. Doc. 27 at ¶10-11. However, this case involves allegations by Plaintiff of the commission of Mississippi torts by Mr. Yount.

6. In the context of an abuse of process claim, the Fifth Circuit has found that "the abuse of process tort must accrue within the geographical limits of Mississippi." Allred v.

2

Moore & Patterson, 117 F. 3d 278, 281-283 (5th Cir. 1997). Specifically, the service of a party by mail does not satisfy the tort prong or establish personal jurisdiction over a nonresident defendant. Id. As such, the Defendant's actions in filing an appellate brief in Louisiana and mailing the appellate brief to the Plaintiff in Mississippi does not satisfy the tort prong and rise to personal jurisdiction. The Plaintiff's First Amended Complaint should be dismissed.

7. Malicious prosecution requires : (1) the institution or continuation of original judicial proceedings, either criminal or civil; (2) by, or at the instance of the defendants; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause in the proceedings; and (6) the suffering of damages as a result of the action or prosecution complained of. Mississippi Road Supply Co. v. Zurich-American Ins. Co., 501 So. 2d 412, 414 (Miss. 1987) (citing Harvill v. Tabor, 240 Miss. 750, 128 So. 2d 863, 864 (1961)). Plaintiff does not contend that elements one through five occurred in Mississippi. Rather, Plaintiff contends that he can bootstrap his alleged economic damages, that allegedly were incurred in Mississippi, into an injury to achieve personal jurisdiction over both his abuse of process and malicious prosecution claims for the purposes of the Mississippi long-arm statute. Doc. 27 at ¶24. The Plaintiff's argument is misplaced.

8. This Court has held that "consequences stemming from the actual tort injury do not confer personal jurisdiction at the site where such consequences happen to occur." First Trust Nat'l Ass'n v. Jones, 996 F. Supp. 585, 588-589 (S.D. Miss. 1998) (quoting Jobe v. ATR Marketing, Inc., 87 F.3d 751, 753 (5th Cir. 1996)). Likewise, the Fifth Circuit has "held that with respect to Mississippi's long-arm statute a tort occurs where and when the

3

actual injury takes place, not at the place of the economic consequences of the injury." Cycles, Ltd. v. W.J. Digby, Inc., 889 F.2d 612, 619 (5th Cir.1989); Estate of Portnoy v. Cessna Aircraft Co., 730 F.2d 286, 290 (5th Cir.1984). While Plaintiff may have expended resources responding to the appeal in Louisiana, it is clear that such economic consequences do not confer personal jurisdiction over the Defendant. The Plaintiff's First Amended Complaint should be dismissed.

    9  Despite the initial hurdle of Mississippi's long arm statute not being cleared, and even assuming a tort did occur in Mississippi (although it clearly did not), the Plaintiff cannot show that the exercise of personal jurisdiction over the Defendant would comport with the Fourteenth Amendment's Due Process Clause. The general constitutional test for personal jurisdiction is well-established. A federal court sitting in diversity "may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945)). The defendant's contacts with the forum state must be such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." International Shoe, 326 U.S. at 316. Specific jurisdiction is appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. General jurisdiction, however, will attach, even if the nonresident defendant's contacts with the forum state are not directly related to the cause of action, if the defendant's contacts with the forum state are both "continuous and systematic." Wilson v. Belin, 20 F. 3d 644, 647 (5th Cir.) (citing

Helicopteros Nacionales de Colombia, SA v. Hall, 466 U.S. 408, 413-16, 104 S. Ct. 1868, 1872, 80 L. Ed. 2d 404 nn. 8-9 (1984)).

10. In the present matter, Defendant's contacts with Mississippi fall way short of establishing personal jurisdiction. It is uncontroverted that Defendant is a resident of Louisiana, not Mississippi. Doc. 27 at 12. Defendant has none are even alleged to have owned or leased property, or to have had any employees, offices, bank accounts, or telephone listings here, or even to have traveled here on a regular basis. Indeed, the only connection Defendant is alleged to have with Mississippi is mailing a copy of an appellate brief that he filed in a Louisiana court case to the Plaintiff. This Court's exercise of personal jurisdiction over the Defendant in this case would offend traditional notions of fair play and substantial justice, as well as violate the Defendant's right to due process. The Plaintiff's First Amended Complaint should be dismissed.

11. Even if jurisdiction could be exercised over the Defendant, and accepting Plaintiff's allegation that Mississippi substantive law applies as true, he has failed to state a claim for which relief can be granted.

12. Under Mississippi law, the elements of abuse of process are: (1) the party made an illegal use of the process, (2) the party had an ulterior motive, and (3) damage resulted from the perverted use of process. McLain v. West Side Bone & Joint Ctr., 656 So. 2d 119, 123 (Miss. 1995) (citing Foster v. Turner, 319 So. 2d 233, 236 (Miss. 1975)). Here, nothing in the First Amended Complaint indicates Defendant (Movant herein) made an illegal use of process or acted with ulterior motive. Plaintiff's First Amended Complaint is not based on any perversion of any process; it simply complains that Defendant filed an

appellate brief. Nothing unlawful was done under any process. It cannot be argued that the process of the court was abused by accomplishing a result not commanded by it or not lawfully obtainable under it, when the only "process" involved was the simple filing of an appellate brief. The Mississippi Supreme Court has acknowledged that the abuse of process tort does not address the case where the only alleged abuse of process was the service of a summons without any corruption or impropriety. Edmonds v. Delta Democrat Publishing Co., 230 Miss. 583, 93 So. 2d 171, 175 (1957); see also Foster, 319 So. 2d at 235 ("Abuse of process requires an ulterior purpose, and the perversion of the process after its issuance so as to accomplish a result not commanded by it or not lawfully obtainable under it"). The Plaintiff's First Amended Complaint should be dismissed. Likewise, nothing in the record indicates that Defendant asked anyone to join in the appeal of the Louisiana case without a reasonable basis or acted in an improper manner.

13. In the present matter, Mr. Yount was ordered to take any means possible to remove the images posted by the Plaintiff by Louisiana's 24th Judicial District Court. See Exhibit "A." The Plaintiff seeks relief for nothing more than being the subject of an appeal of a lawsuit in Louisiana. No right to relief for that exists under Mississippi law. The Plaintiff's First Amended Complaint should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant Mr. Chris E. Yount, respectfully request that this Honorable Court enter a dismissal of this action, with prejudice, due to a lack of personal jurisdiction and the failure to state a claim for relief. Said Defendant further pray for such other relief to which he may be entitled.

Respectfully submitted this the 5th day of June, 2015.

                                  Chris E. Yount

                                  BY:  Chris E. Yount Pro Se Litigant

                                  BY:  /s/ Chris E. Yount

CHRIS E. YOUNT
Pro Se Litigant
545 Terrace Street
Jefferson LA 70121
Email: ceyount@gmail.com

## CERTIFICATE OF SERVICE

I, Chris E. Yount, do hereby certify that on this day, and mailed the same via U.S. Mail, which sent notification of such filing to the following:

Douglas Handshoe, Pro Se  
Plaintiff Post Office Box 788  
110 Hall St.  
Wiggins, MS 39577

Daniel G. Abel,  
Pro Se Defendant  
2421 Clearview Parkway  
Metairie, LA 70001

BRADLEY E. DEAN (MSB #101161)
DUKES, DUKES, KEATING & FANECA, P.A.
2909 13th Street, Suite 601 Post Office Drawer W
Gulfport, MS 39502
Phone: (228) 868-1111
Fax: (228) 863-2886
bdeanrcvddkf.com

This the 5th day of June, 2015

Chris E. Yount
545 Terrace Street
Jefferson LA 70121
Email: ceyount@gmail.com