

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                              PLAINTIFF

vs.                        CIVIL ACTION NO. 1:14-CV-00159-KS-MTP

DANIEL G. "DANNY" ABEL, et al                                 DEFENDANTS

## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS

Plaintiff's First Amended Complaint against Defendant, Chris E. Yount (hereinafter referred to as "Mr. Yount"), is due to be dismissed because the Court lacks personal jurisdiction over these Defendants and the Plaintiff has failed to state a claim against them for relief.

### I. RELEVANT FACTS

The Plaintiff is a resident of Bay St. Louis, Mississippi where he publishes an Internet website- the Slabbed blog. Doc. 27. 4. On February 13, 2014, the Plaintiff published an image on his website allegedly drawn by Mr. Yount's minor son depicting a child being sodomized. Id. at ¶14. The image was originally filed in Louisiana's 24th Judicial District Court in a domestic court proceeding between the child's parents. Id. On February 21, 2014, per the Honorable John J. Molaison, J. order, the Defendant was to take any action necessary

1

to have all matters pertaining to the minor child removed from the Plaintiff's website. Id.

After the Plaintiff published the above referenced image, Mr. Yount was accused of sodomizing his son on the Plaintiff's website. Despite the court records being sealed, and despite Mr. Yount and his attorney, Daniel G. Abel requesting the Plaintiff to remove the image, a link to the image remained on the Plaintiff's website. Id. at ¶¶ 15, 16. Litigation between Mr. Yount and the Plaintiff ensued shortly thereafter.

On March 20, 2014, Mr. Abel filed a defamation action in Louisiana against Plaintiff on behalf of Mr. Yount and his minor son. Id. at ¶19. A copy of that ""Petition for Injunctive Relief and Damages Filed Under Seal" in the 24th Judicial District, Parish of Jefferson, State of Louisiana, is attached as an exhibit to the Plaintiff's First Amended Complaint filed herein. Doc. 27-1.

On July 28, 2014, the defamation action against the Plaintiff was dismissed. Id. at ¶21. On September 17, 2014, Mr. Abel appealed the trial court's decision to the Fifth Circuit Court of Appeal, State of Louisiana. Id. at ¶21. Subsequently, it is alleged, Mr. Abel was suspended from the practice of law. Id. at ¶16.

On January 20, 2015, Mr. Yount (appearing Pro Se) filed an appellate brief in the Fifth Circuit Court of Appeal, State of Louisiana, on behalf of himself and his minor son. A copy of that Pro Se appellate brief is also attached as an exhibit to the Plaintiff's First Amended Complaint filed herein.

On March 3, 2015, Ten days later, on March 13, 2015, the Plaintiff filed his First Amended Complaint in this Court, asserting causes of action against Mr. Yount for malicious prosecution and abuse of process under Mississippi law. Doc. 27 at ¶10.

## II. LEGAL ARGUMENT

It is undisputed that Mr. Yount is not a Mississippi resident. Id. at ¶12 When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident. Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir.1985) (citing Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1165 (5th Cir.1985). In a federal diversity suit, federal jurisdiction over nonresident defendants is measured by a two-step inquiry. Smith v. DeWalt Products Coro., 743 F.2d 277, 278 (5th Cir. 1984). First, the law of the forum state must provide for the assertion of such jurisdiction. Id. Second, the exercise of jurisdiction under state law must comport with the dictates of the Fourteenth Amendment's Due Process Clause. Id.

A. <u>Personal jurisdiction over the Defendant under Miss. Code Ann. § 13-3-57 does not exist on Plaintiffs abuse of process claim.</u>

Mississippi's long arm statute provides:

Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state. Service of summons and process upon the defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure.

See Miss. Code Ann. § 13-3-57 (Supp. 1996).

Plaintiff contends this Court has personal jurisdiction over the Defendant pursuant

to the tort prong of the Mississippi's long arm statute; namely, that personal jurisdiction is proper if any element of the tort takes place in Mississippi. Doc. 27 at ¶ 10-11; and see Smith v. Temco, 252 So. 2d 212, 216 (Miss.1971); Western Chain Co. v. Brownlee, 317 So. 2d 418, 421 (Miss.1975); Cycles, Ltd. v. W.J. Digby, Inc., 889 F.2d 612, 619 (5th Cir.1989); Rittenhouse v. Mabry, 832 F.2d 1380, 1384 (5th Cir.1987); Jobe v.ATR Mktg., Inc., 87 F.3d 751, 753 (5th Cir.1996).

In Mississippi, the elements of abuse of process are: (1) the party made an illegal use of the process, (2) the party had an ulterior motive, and (3) damage resulted from the perverted use of process. McLain v. West Side Bone & Joint Ctr., 656 So. 2d 119, 123 (Miss.1995) (citing Foster v. Turner, 319 So. 2d 233, 236 (Miss.1975). As is readily apparent from the above quoted excerpt, the abuse of process tort in Mississippi involves the corruption of process--not merely the issuance of process simpliciter. The Mississippi Supreme Court has acknowledged that the abuse of process tort does not address the case where the only alleged abuse of process was the service of a summons without any corruption or impropriety:

> "What defendant complains of in his counterclaim is not based on any perversion of any process, but simply the filing of the suit....Nothing unlawful was done under any process. It cannot be argued that the process of the court was abused by accomplishing a result not commanded by it or not lawfully obtainable under it when the only process involved was the simple summon to defend the suit."
>
> Edmonds v. Delta Democrat Publishing Co., 230 Miss. 583, 93 So. 2d 171, 175 (1957).

In addition, the Fifth Circuit has found that the "abuse of process tort must accrue within the geographical limits of Mississippi." Allred v. Moore & Peterson, 117 F. 3d

4

278, 281-283 (5th Cir. 1997). Specifically, the service of a party by certified mail does not satisfy the tort prong or establish personal jurisdiction over a nonresident defendant. Id.

In the present matter, Plaintiff does not allege facts which would support a finding of abuse of any process in Mississippi.

Indeed, Plaintiff fails to allege that any element of the abuse of process tort occurred in Mississippi : (1) to the extent that the tort requires corruption or perversion of process, neither has been alleged, and (2) to the extent that the tort requires an improper motive, all decisions regarding Defendant filing of the appellate brief were made in Louisiana. Nor is it an abuse of process under Mississippi law.

The only activity alleged by the Plaintiff to have taken place within Mississippi was the service of a copy of the appellate brief by mail from Louisiana to his Mississippi residence - an event which is simply not an element (or part of an element) of the tort of abuse of process. Plaintiff has simply failed to allege any facts that would support personal jurisdiction over Defendant under the tort prong of the Mississippi long-arm statute. As such, Plaintiff's First Amended Complaint filed herein against them should be dismissed.

B. **Personal jurisdiction over the Defendant under Miss. Code Ann. § 13-3-57 does not exist on Plaintiff's malicious prosecution claim.**

In Mississippi, malicious prosecution requires: (1) the institution or continuation of original judicial proceedings, either criminal or civil; (2) by, or at the instance of the defendants; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause in the proceedings; and (6) the

suffering of damages as a result of the action or prosecution complained of. <u>Mississippi Road Supply Co. v. Zurich-American Ins. Co.</u>, 501 So. 2d 412, 414 (Miss.1987) (citing <u>Harvill v. Tabor</u>, 240 Miss. 750, 128 So. 2d 863, 864 (1961)).

Plaintiff does not even contend (nor could he) that elements one through five of the tort of malicious prosecution occurred in Mississippi. Rather, he argues primarily that he had to expend "valuable resources" in responding to the referenced appeal in Louisiana. He contends this constituted economic injuries to him in Mississippi and, therefore, supports jurisdiction over this Louisiana Defendant under the tort prong of Mississippi's long arm statute.

The Defendant concedes that the Mississippi Supreme Court has found that a tort is considered to have been committed in part in Mississippi where the injury results in this state. <u>Thompson v. Chrysler Motors Com.</u>, 755 F.2d 1162, 1168 (5th Cir. 1985) (quoting <u>Smith v. Temco, Inc.</u>, 252 So. 2d 212, 216 (Miss. 1971)). However, Plaintiff's argument that his alleged economic consequences, alone, are sufficient to support personal jurisdiction over the Defendant under the Mississippi long-arm statute is incorrect.

Both this Court and the Fifth Circuit have recognized consistently that Mississippi does not permit damages and/or economic consequences to serve as a proxy for injury in the personal jurisdiction calculus. <u>First Trust Nat'l Ass'n v. Jones</u>, 996 F. Supp. 585, 588-589 (S.D. Miss. 1998) (quoting <u>Jobe v. ATR Marketing, Inc.</u>, 87 F.3d 751, 753 (5th Cir. 1996)). In regards to Mississippi's long-arm statute, "a tort occurs where and when the actual injury takes place, not at the place of the economic consequences of the injury." <u>Cycles, Ltd. v. W.J. Digby, Inc.</u>, 889 F.2d 612, 619 (5th Cir.1989); <u>Estate of Portnoy v.</u>

Cessna Aircraft Co., 730 F.2d 286, 290 (5th Cir.1984).

In the present matter, Plaintiff's damages argument for personal jurisdiction under the Mississippi long-arm statute flies in the face of the rather clear guidance of this Court. In addition, Plaintiff has alleged no other facts that support the exercise of personal jurisdiction through the use of the Mississippi long-arm statute over his malicious prosecution claim. As such, the Plaintiff's First Amended Complaint should be dismissed.

C.  **The exercise of personal jurisdiction would not comport with the Fourteenth Amendment's Due Process Clause.**

Despite the initial hurdle of Mississippi's long arm statute not being cleared, and even assuming for the sake of argument that a tort did occur in Mississippi (although it did not), the Plaintiff cannot show that the exercise of personal jurisdiction over the Defendant would comport with the Fourteenth Amendment's Due Process Clause.

The general constitutional test for personal jurisdiction is well-established. A federal court sitting in diversity "may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945)). The defendant's contact with the forum state must be such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." International Shoe. 326 U.S. at 316. A defendant's contacts are sufficient if the defendant "purposefully avails itself of the privilege of

7

conducting activities within the forum State." Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d] 283 (1958).

In the present matter, the Defendant's contacts with Mississippi fall way short of the mark. The Defendant is a Louisiana resident who resides in Jefferson, Louisiana and is employed as a paralegal at defense firm in downtown New Orleans.

It is uncontroverted that the Defendant is a resident of Louisiana, not Mississippi. Id. at ¶12. The only connection the Defendant is alleged to have with Mississippi is mailing a copy of an appellate brief he filed in a Louisiana court case to the Plaintiff.

This Courts exercise of personal jurisdiction over the Defendant in this case would offend traditional notions of fair play and substantial justice, as well as violate the Defendant's rights to due process. Accordingly, Plaintiff's First Amended Complaint against them should be dismissed.

D. <u>The Plaintiff has failed to state a claim for relief.</u>

Even if jurisdiction could be exercised over the Defendant, and accepting Plaintiff's allegation that Mississippi substantive law applies as true, Plaintiff has failed to state a claim for relief.

It cannot be argued that the process of the court was abused by accomplishing a result not commanded by it or not lawfully obtainable under it, when the only process involved was the simple filing of an appellate brief in a pending appeal in Louisiana. Regardless, the Mississippi Supreme Court has found that an attorney "owes no duty to an adverse party" and even has "no duty to abandon a claim if it later appears to be without

merit." Roussel v. Robbins, 688 So. 2d 714, 725 (Miss. 1996); Bean v. Broussard, 587 So. 2d 908, 913 (Miss. 1991) (citing Nationwide Mut. Ins. Co. v. Evans, 553 So. 2d 1117, 1119-20 (Miss. 1989)).

The Plaintiff seeks relief from the Defendant for nothing more than being a party to an appeal of a lawsuit in Louisiana. No right to relief for that exists under Mississippi law. The Plaintiff's First Amended Complaint should be dismissed for this additional reason.

### III. CONCLUSION

Plaintiff's First Amended Complaint against the Defendant, Chris E. Yount is due to be dismissed. Personal jurisdiction does not exist over this Defendant under Miss. Code Ann. § 13-3-57 (Supp. 1996). Likewise, the exercise of personal jurisdiction over this Defendant in this case would violate the Fourteenth Amendment's Due Process Clause. In addition thereto, Plaintiff has failed to state a claim for relief against them under Mississippi law.

Respectfully submitted this the 5th day of June 2015
Chris E. Yount

BY: Chris E. Yount

BY: /s/ Chris E. Yount

CHRIS E. YOUNT
Pro Se Litigant
545 Terrace Street
Jefferson LA 70121
Email: ceyount@gmail.com

## CERTIFICATE OF SERVICE

I, Chris E. Yount, do hereby certify that on this day I filed the foregoing with the Clerk of the Court, and mailed the same via U.S. Mail, which sent notification of such filing to the following:

Douglas Handshoe, Pro Se
Plaintiff Post Office Box 788
110 Hall St.
Wiggins, MS 39577

Daniel G. Abel, Pro Se
Defendant 2421 Clearview Parkway
Metairie, LA 70001

BRADLEY E. DEAN (MSB #101161)
DUKES, DUKES, KEATING & FANECA, P.A.
2909 13th Street,
Suite 601 Post
Office Drawer W
Gulfport, MS
39502
Phone: (228) 868-1111
Fax: (228) 863-2886
bdeanrcvddkf.com

This the 5th day of May, 2015.

/s/ Chris E. Yount