## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**DOUGLAS HANDSHOE**                                              **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO. 1:14-CV-00159-KS-MTP**

**DANIEL G. "DANNY" ABEL, et al**                                **DEFENDANTS**

---

## DEFENDANTS, FERNANDEZ, LAMAR, and THE STUART H. SMITH LAW CLINIC'S REBUTTAL IN SUPPORT OF THEIR MOTION TO DISMISS

---

Defendants, Ramona Fernandez, Janey Lamar, and the Stuart H. Smith Law Clinic and Center for Social Justice of Loyola University New Orleans (hereinafter collectively "the Loyola Defendants" or "these Defendants"), by and through undersigned counsel, file this Rebuttal in support of their Motion to Dismiss [Doc. # 30] and in support thereof show as follows:

### I. BACKGROUND

On March 13, 2015, Plaintiff filed his First Amended Complaint [Doc. # 27] asserting claims for malicious prosecution and abuse of process against the Loyola Defendants under Mississippi law. As set forth in their previously filed Motion [Doc. # 30] and Memorandum [Doc. # 31], the Loyola Defendants have moved to dismiss Plaintiff's First Amended Complaint against them for lack of personal jurisdiction or in the alternative for failure to state a claim for relief against them. Plaintiff then filed a Memorandum in Opposition [Doc. # 47] to these Defendants' Motion. In said Memorandum, Plaintiff concedes that his claim for malicious prosecution should be dismissed. However, Plaintiff raises the following contentions in opposition to his abuse of process claim being dismissed:

1

1.  These Defendants are subject to the personal jurisdiction of this Court under the "doing business" prong of the Mississippi long-arm statute, because "Loyola University" is a Louisiana non-profit corporation registered with the Mississippi Secretary of State;

2.  These Defendants are subject to the personal jurisdiction of this Court under the "doing business" prong of the Mississippi long-arm statute, because "Loyola University" acquired real property in 1984 in Waveland, Mississippi that is unrelated to this lawsuit;

3. These Defendants are subject to the personal jurisdiction of this Court under the "tort" prong of the Mississippi long-arm statute, because Plaintiff alleges to have suffered an injury in this state; and

4.  Despite not being specifically pleaded, because the Plaintiff is a pro-se litigant the Court should "construe" valid claims for Abuse of Process and Civil Conspiracy from the facts set forth in his First Amended Complaint.

These Defendants address each of the Plaintiff's contentions below.  In summary, personal jurisdiction does not exist over the Loyola Defendants in this case under the Mississippi long-arm statute.  The exercise of personal jurisdiction over these Defendants would violate the Fourteenth Amendment's due process clause.  The Plaintiff has also failed to state a claim for relief against the Loyola Defendants in this case as a matter of law.  For any of these reasons, the Plaintiff's First Amended Complaint should be dismissed.

## II. DEFENDANTS' REBUTTAL

It is undisputed that these Defendants are not Mississippi residents.  It is well settled that in a federal diversity suit, federal jurisdiction over non-resident defendants is measured by a two-step inquiry.  Smith v. DeWalt Products Corp., 743 F.2d 277, 278 (5th Cir. 1984).  First, the law of the forum state must provide for the assertion of such jurisdiction.  Id.  Second, the exercise of jurisdiction under state law must comport with the dictates of the Fourteenth Amendment's due process clause.  Id.

2

A.   **Merely registering as a Louisiana non-profit corporation with the Mississippi Secretary of State does not satisfy the "doing business" prong of the Mississippi long-arm statute or the dictates of the Fourteenth Amendment's due process clause.**

The Mississippi Supreme Court has found that in order for a non-resident defendant to be subject to personal jurisdiction under the "doing business" prong of Mississippi's long-arm statute, the defendant's presence in Mississippi must be "of such a continuing and substantial nature that we regard him as doing business here within the meaning of Section 13-3-57." McDaniel v. Ritter, 556 So. 2d 303, 309 (Miss. 1989).  Whether the defendant acted within Mississippi "for the purpose of realizing pecuniary benefit or otherwise accomplishing an object" is important to the court's analysis.  Id.

It is uncontroverted that these Defendants did not do any actual business in Mississippi.  None of these Defendants engaged in the practice of law (or was licensed to do so) in Mississippi.  None of these Defendants represented parties in litigation in Mississippi, and none are even alleged to have any offices, bank accounts, or telephone listings here, or even to have traveled here on a regular basis.  Aside from "Loyola University" being registered as a Louisiana non-profit corporation with the Mississippi Secretary of State and having acquired real property in Waveland, Mississippi in 1984 that is unrelated to this lawsuit, the only connection these Defendants are alleged to have to Mississippi is mailing the Plaintiff a copy of an appellate brief filed in a Louisiana court case.  By no means are these Defendants' contacts with Mississippi of such a "continuing and substantial nature" that they can be regarded as doing business under the Mississippi long-arm statute.

Even assuming for the sake of argument that Mississippi law compelled such a finding, the Plaintiff is unable to satisfy the dictates of the Fourteenth Amendment's due process clause.  As this Court explained in Norfolk Southern Ry. Co. v. Burlington Northern, 2005 U.S. Dist. LEXIS 45800, 2005 WL 1363210 (S.D. Miss. June 2, 2005), being qualified to do business and actually doing business are not synonymous for purposes of the due process clause.  Indeed, the Fifth Circuit has specifically rejected the notion that merely registering to do business and appointing an in-state agent

3

for service of process automatically confers general personal jurisdiction over a non-resident defendant, or acts as consent to a court's jurisdiction.  Wenche Siemer v. The Learjet Acquisition Corp., 966 F.2d 179, 180-84 (5th Cir. 1992). *See also* Ratliff v. Cooper Laboratories, Inc., 444 F.2d 745, 748 (4th Cir. 1971) ("[a]pplying for the privilege of doing business is one thing, but the actual exercise of that privilege is quite another"; due process requires more than "mere compliance with state domestication statutes"); Lyons v. Swift Transp. Co., Inc., 2001 U.S. Dist. LEXIS 15585, 2001 WL 1153001, *6-7 (E.D. La. [Sept. 26, 2001])(Vance, J.)("regardless of the existence of an agent for service of process, the exercise of personal jurisdiction over a non-resident defendant must nevertheless comport with the principles of due process"); Leonard v. USA Petroleum Corp., 829 F.Supp. 882, 891 (S.D. Tex. 1993)("Consent [to jurisdiction] requires more than legislatively mandated compliance with state laws."); Jones v. Family Inns of America, 1989 U.S. Dist. LEXIS 5868, 1989 WL 57130, *1 (E.D. La. May 23, 1989)(defendant's sole contact with forum state - appointed agent for service of process - does not satisfy minimum contacts requirement of International Shoe).

Plaintiff has failed to show that these Defendants have any presence in Mississippi of such a continuing and substantial nature to be considered as doing business under the Mississippi long-arm statute.  Moreover, even if this Court were to conclude that it had personal jurisdiction over these Defendants through the "doing business" prong of the Mississippi long-arm statute, the Fourteenth Amendment's due process clause prevents the Court from exercising personal jurisdiction.  As such, the Plaintiff's First Amended Complaint should be dismissed.

**B.**    **Owning property in Mississippi unrelated to this lawsuit does not satisfy the "doing business" prong of the Mississippi long-arm statute or the dictates of the Fourteenth Amendment's due process clause.**

"By its own terms," the Mississippi long-arm statute limits in personam jurisdiction "to those cases in which the cause of action accrues from or is incident to the activities of the non-resident

4

defendant." Portnoy v. Cessna Aircraft Co., 603 F. Supp. 285 ( S.D. Miss. 1985) (citing Aycock v. Louisiana Aircraft, Inc., 617 F.2d 432 (5th Cir.1980); Husted v. Piper Aircraft Corp., Civil Action No. J82-0038(N) (S.D.Miss. March 2, 1983); Smith v. DeWalt Products Corp., 743 F.2d 277 (5th Cir.1984). Therefore, causal connexity is a state statutorily imposed jurisdictional requirement outlined in the Mississippi long-arm statute governing in personam jurisdiction. Id.

In this case, Plaintiff contends that because real property located in Waveland, Mississippi was deeded by Stewart Lagarde to "Loyola University" on August 28, 1984, the "doing business" prong of the Mississippi long-arm statute is satisfied. However, this real property is not related and/or incident to the Plaintiff's claims in this lawsuit in any manner whatsoever. Indeed, the Plaintiff's claims arise out of these Defendants' practice of Louisiana law (i.e. filing an appellate brief on March 3, 2015) on behalf of their Louisiana client, in a Louisiana state appellate court. As such, the statutory requirements prescribed in the Mississippi long arm statute limiting in personam jurisdiction to cases in which the cause of action accrues from or is incident to the activities of the non-resident defendant is not satisfied. Therefore, the Plaintiff's First Amended Complaint should be dismissed.

This Court is not forced to determine whether the assertion of personal jurisdiction over these Defendants would exceed constitutional bounds when all the statutory requirements prescribed in the Mississippi long-arm statute have not been satisfied. Prejean v. Sonatrach, Inc., 652 F.2d 1260, 1264 (5th Cir. 1981). Nevertheless, the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945) stated what due process was constitutionally required when a court was to exercise personal jurisdiction over a litigant:

> "Due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional motions of fair play and substantial justice."

Id. See also Milliken v. Meyer, 311 U.S. 457, 463, 61 S. Ct. 339, 343, 85 L. Ed. 278 (1940) and Hanson v. Denckla, 357 U.S. 235, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958).

In interpreting these decisions, the Fifth Circuit has identified three primary and two secondary factors which may be used in determining whether due process has been afforded in the exercise of personal jurisdiction over a foreign corporation.  Standard Fittings Co. v. Sapag, S.A., 625 F.2d 630, 643 (5th Cir.1980); Product Promotions, Inc. v. Cousteau, 495 F.2d 483, 494 (5th Cir.1974).  These include, respectively, the quantity of contacts, the nature and quality of the contacts, the connection of the cause of action to the contacts, the interest of the forum in providing a forum for its residents, the convenience to the parties, and the nature and character of the business.  Id.; Quasha v. Shale Development Corp., 667 F.2d 483, 488 (5th Cir.1982); Kulko v. Superior Court, 436 U.S. 84, 92, 98 S. Ct. 1690, 1697, 56 L. Ed. 2d 132 (1978).

Unlike the statutorily imposed jurisdictional requirement outlined in the Mississippi long-arm statute, causal connexity is not a constitutional standard for due process.  Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 445-449, 72 S. Ct. 413, 418-420, 96 L. Ed. 485 (1952).  However, personal jurisdiction over a nonresident defendant should only be exercised when there are sufficient contacts to satisfy the fairness standard of International Shoe.

Fairness is to be determined from a weighing of all the relevant factors pertaining to each individual case.  Kulko, 436 U.S. 84; (quoting Estin v. Estin, 334 U.S. 541, 545, 68 S. Ct. 1213, 1216, 92 L. Ed. 1561 (1948)).  What is determinative is whether the total contacts with the forum "support an inference that the nonresident defendant purposefully availed himself of the benefits of conducting business in the forum." Standard Fittings, 625 F.2d at 643; Product Promotions, 495 F.2d at 495; Quasha, 667 F.2d at 483.  Such contacts must be deliberate and not fortuitous, "so that the possible need to invoke the benefits and protections of the forum's laws was reasonably foreseeable, if not foreseen, rather than a surprise." Standard Fittings, 625 F.2d at 643; Product Promotions, 495 F.2d at 496.

In this matter, the only contacts these Defendants are alleged to have to Mississippi is "Loyola University" being registered as a Louisiana non-profit corporation with the Mississippi Secretary of State, and its 1984 acquisition of real property in Waveland, Mississippi, that is now and was then completely unrelated to this lawsuit. In regards to this lawsuit, these alleged contacts by "Loyola University" simply do not meet the fairness standard set forth in <u>International Shoe</u>. To exercise personal jurisdiction over these Defendants would exceed the constitutional bounds of the Fourteenth Amendment's due process clause, and the Plaintiff's First Amended Complaint should be dismissed.

**C.** **<u>Personal jurisdiction over these Defendants does not exist under the "tort" prong of the Mississippi long-arm statute.</u>**

Under the "tort" prong of the Mississippi long-arm statute, personal jurisdiction over a non-resident defendant "is proper if any of the elements of the tort - or any part of an element - takes place in Mississippi." <u>Jobe v. ATR Marketing, Inc.</u>, 87 F.3d 751, 753 (5th Cir. 1996)(citing <u>Smith v. Temco, Inc.</u>, 252 So. 2d 212, 216 (Miss. 1971)). The elements of abuse of process are: (1) the party made an illegal use of the process, (2) the party had an ulterior motive, and (3) damage resulted from the perverted use of process. <u>McLain v. West Side Bone & Joint Ctr.</u>, 656 So. 2d 119, 123 (Miss.1995) (citing <u>Foster v. Turner</u>, 319 So. 2d 233, 236 (Miss.1975)). The abuse of process tort in Mississippi involves the corruption of process--not merely the issuance of process simpliciter. <u>Edmonds v. Delta Democrat Publishing Co.</u>, 230 Miss. 583, 93 So. 2d 171, 175 (1957). The Fifth Circuit has found that "the abuse of process tort must accrue within the geographical limits of Mississippi." <u>Allred v. Moore & Peterson</u>, 117 F. 3d 278, 281-283 (5th Cir. 1997). Specifically, the service of a party by certified mail does not satisfy the tort prong or establish personal jurisdiction over a non-resident defendant. <u>Id</u>.

In this matter, the Plaintiff does not allege facts which would support a finding of abuse of any process in Mississippi. This case involves allegations by Plaintiff against these Louisiana Defendants, regarding their practice of Louisiana law (i.e., filing an appellate brief), on behalf of their Louisiana client, in a Louisiana state court. Plaintiff fails to allege that any element of the abuse of process tort

7

occurred in Mississippi: (1) to the extent that the tort requires corruption or perversion of process, neither has been alleged, and (2) to the extent that the tort requires an improper motive, all decisions regarding the Defendants' filing of the appellate brief were made in Louisiana.   Moreover, the Defendants' representation of the interests of a minor child in Louisiana, as ordered by a Louisiana Court to do, and, more specifically, their filing of an appellate brief on behalf of that child with the approval of the Louisiana state appellate court in which it was filed, is not an "improper motive." Nor is it an abuse of process under Mississippi law.

While confusing, Plaintiff now appears to argue that the actions of the Loyola Defendants in filing an appellate brief with the approval of the Louisiana state appellate court in which it was filed somehow employed a process to use 17 U.S.C. § 512 in a manner not contemplated by the law. Plaintiff's argument is both misguided and mistaken, to say the least. The Loyola Defendants' filing of an appellate brief was not predicated on 17 U.S.C. § 512, and there is nothing in the record indicating they have implemented any process under the same.   Furthermore, no claims regarding any alleged abuse of 17 U.S.C. § 512 are even made against the Loyola Defendants in the Plaintiff's First Amended Complaint.

A tort is complete when, and personal jurisdiction lies where, the actual injury occurs." Jobe, 87 F.3d 751, 753 (5th Cir. 1996).  Further, stated the Fifth Circuit, "in determining where the injury occurred for jurisdictional purposes, actual injury must be distinguished from its resultant consequences, such as pain and suffering, economic effects or other collateral consequences that often stem from the actual injury.  Recognizing that such collateral consequences may be far-reaching, our precedent holds that consequences stemming from the actual tort injury do not confer personal jurisdiction at the site or sites where such consequences happen to occur." Id.  Despite Plaintiff's contention that he has allegedly suffered economic injury in Mississippi, both this Court and the Fifth Circuit have recognized consistently that Mississippi does not permit damages and/or economic

consequences to serve as a proxy for injury in the personal jurisdiction calculus. First Trust Nat'l Ass'n v. Jones, 996 F. Supp. 585, 588-589 (S.D. Miss. 1998) (quoting Jobe v. ATR Marketing, Inc., 87 F.3d 751, 753 (5th Cir. 1996)).

As it stands, the only activity alleged by the Plaintiff to have taken place within Mississippi was the service of a copy of the appellate brief by mail from Louisiana to his Mississippi residence - an event which is simply not an element (or part of an element) of the tort of abuse of process. Plaintiff has simply failed to allege any facts that would support personal jurisdiction over these Defendants under the tort prong of the Mississippi long-arm statute. As such, the Plaintiff's First Amended Complaint should be dismissed.

### D.   The conclusory allegations masquerading as factual conclusion in the Plaintiff's First Amended Complaint do not suffice to prevent a motion to dismiss.

Despite being a pro-se litigant, the Plaintiff's threadbare recitals of the elements of a cause of action, supported by mere conclusory allegations or legal conclusions masquerading as factual conclusions, do not suffice to prevent a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id.

The Plaintiff's First Amended Complaint fails to state a claim for relief against the Loyola Defendants that is plausible on its face, and it should be dismissed as to them. In response to the Motion to Dismiss, Plaintiff points only to his "belief" that "there is enough factual basis for the Court to construe valid claims for relief can be granted from the facts provided by the Plaintiff for Abuse of Process and Civil Conspiracy." [Doc. 47, p. 9] That is simply not the case. In fact, a claim for Civil Conspiracy is not even alleged against the Loyola Defendants in the Plaintiff's First Amended Complaint. Nor do any of the factual allegations in the Plaintiff's First Amended Complaint pertaining to these Loyola Defendants or their filing of a brief in a Louisiana court case, support such a claim.

### III. CONCLUSION

Plaintiff concedes that his malicious prosecution claim against these Defendants should be dismissed.  The Plaintiff's remaining claim for abuse of process under Mississippi law against Defendants, Ramona Fernandez, Janey Lamar, and the Stuart H. Smith Law Clinic and Center for Social Justice of Loyola University New Orleans is also due to be dismissed.

Personal jurisdiction does not exist over these Defendants for such a claim under Miss. Code Ann. § 13-3-57 (Supp. 1996).  Likewise, the exercise of personal jurisdiction over these Defendants in this case would violate the dictates of the Fourteenth Amendment's due process clause.  In addition, Plaintiff has failed to state a claim for relief against the Loyola Defendants.  Accordingly, Plaintiff's First Amended Complaint against them should be dismissed.

Respectfully submitted this the 25th day of June, 2015.

> Ramona Fernandez, Janey Lamar, and the Stuart H. Smith Law Clinic and Center for Social Justice of Loyola University New Orleans, Defendants
>
> BY:  DUKES, DUKES, KEATING & FANECA, P.A.
>
> BY:  /s/ Bradley E. Dean

W. EDWARD HATTEN, JR. (MSB #8859)
BRADLEY E. DEAN (MSB #101161)
DUKES, DUKES, KEATING & FANECA, P.A.
2909 13th Street, Suite 601
Post Office Drawer W
Gulfport, MS  39502
Phone: (228) 868-1111
Fax:  (228) 863-2886
ed@ddkf.com
bdean@ddkf.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Bradley E. Dean, do hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

Douglas Handshoe, Pro Se Plaintiff
Post Office Box 788
110 Hall St.
Wiggins, MS  39577

and also mailed the same via U.S. Mail to the following:

Daniel G. Abel, Pro Se Defendant
2421 Clearview Parkway
Metairie, LA 70001

Chris Yount, Pro Se Defendant
545 Terrace Street
Jefferson, LA 70121

This the 25th day of June, 2015.

*/s/ Bradley E. Dean*

BRADLEY E. DEAN (MSB #101161)
DUKES, DUKES, KEATING & FANECA, P.A.
2909 13th Street, Suite 601
Post Office Drawer W
Gulfport, MS   39502
Phone: (228) 868-1111
Fax: (228) 863-2886
bdean@ddkf.com