IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                                            PLAINTIFF

v.                                                         CIVIL ACTION NO.: 1:14-cv-159-KS-MTP

DANIEL G. ABEL                                                                              DEFENDANT

ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Costs of Service of Process [36]. Having considered the Motion [36], the record, and the applicable law, the Court finds that the Motion [36] should be granted in part and denied in part.

On March 13, 2015, Plaintiff filed his Amended Complaint [27], which added claims against Defendants Chris Yount, Ramona Fernandez, Janey Lamar, and Stuart Smith Law Clinic. On that same day, Plaintiff sent waivers of service of summons, self-addressed stamped envelopes, and copies of the Amended Compliant to the newly added Defendants. ([37-1]; [37-2].) Plaintiff did not receive the signed waiver of service of summons from the Defendants within the 30-day period provided in Fed. R. Civ. P. 4(d)(1)(F).[1] Thereafter, Plaintiff employed a private process server, who served Defendants Fernandez, Lamar, and Stuart Smith Law Clinic on April 29, 2015, and served Defendant Yount on May 18, 2015. ([37-4]; [37-5].)

On June 2, 2015, Plaintiff filed the instant Motion [36] seeking recovery of $339.10 in costs associated with serving Defendants Fernandez, Lamar, and Stuart Smith Law Clinic and $313.68 in costs associated with serving Defendant Yount.

Pursuant to the Federal Rules of Civil Procedure,

---

[1] Rule 4(d)(1)(F) provides that the defendant should be given "a reasonable time of at least 30 days" to return the waiver.

1

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>
> (A)   the expenses later incurred in making service; and
>
> (B)   the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed. R. Civ. Pro. 4(d)(2).

In their Response [41], Defendants Fernandez, Lamar, and Stuart Smith Law Clinic concede that Plaintiff is entitled to reimbursement of costs associated with serving process and inform the Court that they will send Plaintiff $339.10. Thus, Plaintiff's Motion [36] appears moot as to these Defendants.

As for Defendant Yount, the record demonstrates that he failed to comply with Plaintiff's request for waiver of service, did not respond to Plaintiff's Motion [36], and has not shown good cause for the failure. Thus, the Court finds that Plaintiff is entitled to reimbursement of reasonable costs incurred in making service on Defendant Yount. As documentation of the costs incurred in making service on Defendant Yount, Plaintiff submitted a process server's invoice for making service on Defendant Yount and attempting service on Daniel Abel. ([37-5].) As the invoice represents costs associated with service on both Defendant Yount and Daniel Abel, the Court cannot attribute the entire cost on Defendant Yount, as requested by Plaintiff.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion for Costs of Service of Process [36] is GRANTED in part and DENIED in part.

2. Plaintiff is entitled to recover reasonable costs for service of process from Defendant Yount.

3. On or before August 21, 2015, Plaintiff shall file an itemization of costs

        associated with service of process which are attributable to Defendant Yount. Any objections to the amount sought shall be filed by August 28, 2015.

4.      Thereafter, the Court shall award costs by separate order.

SO ORDERED this the 11th day of August, 2015.

                                    s/ Michael T. Parker
                                    United States Magistrate Judge