

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                                    PLAINTIFF

vs                           CIVIL ACTION NO. 1:14-CV-00159-KS-MTP

DANIEL G. "DANNY" ABEL, et al                                                  DEFENDANTS

**OPPOSITION TO DOUGLAS HANDSHOE MOTION
FOR COSTS RELATED TO SERVICE OF PROCESS**

May It Please the Court.

I, Chris Yount, appearing Pro Se oppose Mr. Handshoe's motion for reimbursement of costs related to his service of the first amended complaint on me in Louisiana. Mr. Handshoe should be prohibited from going forward with any action in this or any case as he has filed Bankruptcy for his company Slabbed New Media, LLC and has asked that all actions against him personally as well as against the debtor Slabbed New Media, LLC, in all courts including Mississippi and Louisiana, be stayed as well.

I.

Mr. Handshoe is not the debtor in the United States Federal Bankruptcy Court in Gulfport Mississippi, but he specifically claims that Slabbed New Media, LLC must indemnify him for all actions he has taken in all matters. While Mr. Handshoe's argument is without merit, the Courts should not allow Mr. Handshoe's attempts to have it both ways. The state court in Louisiana has

stayed my action against all parties in that matter. Mr. Handshoe cannot therefore move forward with his action against any parties in other actions in the state or federal courts of Mississippi or Louisiana. If fact Mr. Handshoe has filed bankruptcy notices in the courts in Louisiana where the debtor Slabbed New Media, LLC, was not ever an named party.

II.

Mr. Handshoe has sued me for actions taken in my capacity as a federal process server. He has also sued me and Loyola Law School and one of the law students who worked in the law clinic because they represent my minor son. After Loyola Family Law Clinic refused to cave-in to Mr. Handshoe and his attorney Jack E. "Bobby" Truitt's threats, Mr. Handshoe sued Loyola in these Courts.

III.

In fact, it is indisputable background to this proceeding that process server Mr. Yount's only contact with Mr. Handshoe before his son's drawing was published on Slabbed was as a process server. Mr. Truitt, in turn, was Mr. Handshoe's attorney in cases in which Mr. Yount had served Mr. Handshoe with legal process. There is strong public policy and law in the United States favoring the protection of process servers from abuse or coercion by those being served; one salient reason is that they are indispensable witnesses. This strong public policy is memorialized in 18 U.S.C. § 1501 ("Assault on process server") as well as 18 U.S.C. § 1503 ("obstruction of justice"), cf. United States v. Schaffner, 715 F.2d 1099 (6th Cir. 1983).

Mr. Abel, my former attorney who is also a named defendant in this matters, has met with the U.S. Attorney in New Orleans about Mr. Handshoe's cyber-stalking of my minor son and has communicated with the U.S. Attorneys Office in the Southern District of Mississippi as well.

IV.

Any reasonable person can infer that Mr. Handshoe's intentional actions in delving into Mr. Yount's divorce proceeding to look for potentially embarrassing or injurious material in the 24th Judicial District file for publication on "Slabbed" was designed as illegal and reprehensible payback and future deterrent for serving him with civil process or testifying, acts that are protected by federal law.

V.

Interference with a process server and a witness is an obstruction of justice. By definition, an attempt to cow and punish a process server by making public his private life & fabricating false details about his private life is not in the public interest or a matter of protected free speech.

VI.

Indeed, the Louisiana Trial Court correctly found that my divorce was not a matter of public interest, nor was I or my minor child, a public person. The Louisiana Fifth Circuit Court of Appeal awarded me "reasonsable attorney fees" and all costs, the amounts of which are yet to be determined by the state court. The Fifth Circuit specially attributed all the actions against me and my minor son to Mr. Handshoe personally not to anyone else or to his company.

VII.

When State Court Judge Molaison ordered me and my wife and counsel to do everything necessary to have the Douglas Handshoe comments about my minor child removed from the web, Mr. Handshoe intensified his attacks against me and my minor child. The service provider removed Mr. Handshoe's blogsite once it reviewed Judge Molaison's order. He has since found another service provider but now restricts his attacks to his twitter account.

VIII.

He has attacked me and my minor child because acting as a federal process server I served him with papers and lawsuit from Nova Scotia, under the provisions of the Hague Convention. The Bay St. Louis Police have accompanied me to his rented domicile as he had threatened me the first time I served him with the orders and pleadings from the Supreme Court of Nova Scotia, Canada. Would these Federal Courts tolerate the intentional harassment of someone serving process for them? I would think not. Mr. Handshoe has done so not only against me but against my minor son as well. Mr. Handshoe has done so on the internet in order to harasss, embarrass and humiliate me. It appears that the federal law enforcement agents agree with me as well, but I cannot speak for them.

IX.

Mr. Handshoe's motion for fees should be denied. This matter should be dismissed or removed to the federal courts in New Orleans, as both such motions have been filed and are pending at this time.

Respectfully submitted this the 4th day of June, 2015.

CHRIS E. YOUNT
545 TERRACE STREET
JEFFERSON LA 70121
Email: ceyount@gmail.c

Chris E. Yount, Defendant
BY:  Chris E. Yount, Pro Se Litigant

4

CERTIFICATE OF SERVICE

I, Chris E. Yount do hereby certify that on this day I FedEx the foregoing with the Clerk of the Court, then sent notification of such filing to the following by email and also mailed the same via U.S. Mail to the following:

Douglas Handshoe, Pro Se Plaintiff
Post Office Box 788
110 Hall St.
Wiggins, MS 39577
Email: earning04@gmail.com

Daniel G. Abel, Pro Se Defendant
2421 Clearview Parkway
Metairie, LA 70001
Email: danielpatrickegan@gmail.com

W. Edward Hatten Jr. (MSB #8859)
Bradley E. Dean (MSB #101161)
DUKES, DUKES, KEATING & FANECA, P.A.
2909 13th Street, Suite 601
Post Office Drawer W
Gulfport MS 39502
Phone: (228) 868 – 1111
Fax: (228) 863-2886
Email: ed@ddkf.com
       bdean@ddkf.com

This the 28th day of August, 2015.

BY:   /s/ Chris E. Yount

CHRIS E. YOUNT
545 TERRACE STREET
JEFFERSON LA 70121
Email: ceyount@gmail.com