IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DOUGLAS HANDSHOE**                                                                                                  **PLAINTIFF**

v.                                                                                       CIVIL ACTION NO.: 1:14-cv-159-KS-MTP

**DANIEL G. ABEL**                                                                                                    **DEFENDANT**

ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Costs of Service of Process [54]. Having considered the Motion [54], the record, and the applicable law, the Court finds that the Motion [54] should be granted in part and denied in part.

On April 10, 2014, Plaintiff filed this action against Defendant Daniel Abel. *See* Complaint [1]. On August 6, 2014, Defendant Abel filed a Motion to Dismiss [12] for lack of jurisdiction. On February 12, 2015, Plaintiff filed a Motion for Leave to File Amended Complaint [24], seeking to add Chris Yount, Ramona Fernandez, Janey Lamar, and Stuart Smith Law Clinic as defendants. On March 10, 2015, the Court granted Plaintiff's Motion [24], and on March 13, 2015, Plaintiff filed his Amended Complaint. *See* Order [26]. The Court also denied Defendant Abel's Motion to Dismiss [12] in light of the additional allegations set forth in the Amended Complaint. *See* Order [26].[1]

On March 13, 2015, Plaintiff sent waivers of service of summons, self-addressed stamped envelopes, and copies of the Amended Complaint to the newly added Defendants. ([37-1]; [37-2].) Plaintiff did not receive the signed waiver of service of summons from the Defendants

---

[1] The Court also stated that Defendant Abel "may re-urge his request for dismissal (or transfer) based on lack of personal jurisdiction or any other applicable defense after Plaintiff files his amended pleading." *See* Order [26]

1

within the 30-day period provided in Fed. R. Civ. P. 4(d)(1)(F).[2]  Thereafter, Plaintiff employed a private process server, who served Defendants Fernandez, Lamar, and Stuart Smith Law Clinic on April 29, 2015, and served Defendant Yount on May 18, 2015. ([37-4]; [37-5].)

On June 2, 2015, pursuant to Federal Rule of Civil Procedure 4(d)(2),[3] Plaintiff filed a Motion [36] seeking recovery of costs associated with serving Defendants Fernandez, Lamar, Stuart Smith Law Clinic, and Defendant Yount.  In their Response [41], Defendants Fernandez, Lamar, and Stuart Smith Law Clinic conceded that Plaintiff is entitled to reimbursement of costs associated with serving process and informed the Court that they will send Plaintiff $339.10.

On August 11, 2015, the Court found that Plaintiff is entitled to reimbursement of reasonable costs incurred in making service on Defendant Yount. *See* Order [52].[4]  The Court directed Plaintiff to file an itemization of costs associated with service of process which are attributable to Defendant Yount.

On August 20, 2015, Plaintiff filed the instant Motion for Costs of Service of Process

---

[2] Rule 4(d)(1)(F) provides that the defendant should be given "a reasonable time of at least 30 days" to return the waiver.

[3] Rule 4(d)(2) provides that,

If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

(A)  the expenses later incurred in making service; and

(B)  the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

[4] The Court determined that the record demonstrates that Yount failed to comply with Plaintiff's request for waiver of service, did not respond to Plaintiff's Motion [36], and did not show good cause for the failure.

[54]. Plaintiff demonstrated that the costs incurred in making service on Defendant Yount was $211.30. *See* Invoice [55-2]. On August 31, 2015, Defendant Yount filed a response in opposition to Plaintiff's Motion. In his Response [56], Defendant Yount did not object to the amount sought, but argued the merits of this case and asserted that this case should be stayed, transferred, or dismissed. The merits of this action, however, do not affect Defendant's duties under Rule 4(d). *See* Fed. R. Civ. P. 4(d)(2) Advisory Committee Note 1993 Amendment ("It is not good cause for failure to waiver service that the claim is unjust or that the court lacks jurisdiction."). Moreover, the Court previously found that Plaintiff is entitled to recover reasonable costs for service of process from Defendant Yount. *See* Order [52]. Thus, Defendant Yount will be directed to reimburse Plaintiff $211.30 for service of process.

In his Motion [54], Plaintiff also seeks recovery of costs associated with serving the Amended Complaint on Defendant Abel. However, Rule 5 permits service of an amended complaint by mail to an existing defendant, without personal service of the summons and complaint, if the defendant previously appeared in the action. Plaintiff was not required to serve Defendant Abel under Rule 4, and Defendant Abel had no duty to waive service of process.[5] Thus, to the extent Plaintiff seeks costs associated with serving the Amended Complaint on Defendant Abel, Plaintiff's Motion will be denied.

IT IS, THEREFORE, ORDERED that:

---

[5] Rule 4(d)(1) provides that,

An individual . . . that is subject to service under Rule 4(e), (f), (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons.

1. Plaintiff's Motion for Costs of Service of Process [54] is GRANTED in part and DENIED in part.

2. On or before October 14, 2015, Defendant Yount shall pay to Plaintiff the sum of $211.30.

3. All other relief requested is denied.

SO ORDERED this the 14th day of September, 2015.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge