IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 1:14-cv-159-KS-MTP

DANIEL G. ABEL                                                      DEFENDANT

## ORDER

THIS MATTER is before the Court on Defendant Chris Yount's Motion to Place Funds in the Court's Registry [58] and Plaintiff's Motion to Enforce Court Order [59].  Having considered the Motions, the Court finds that the Motion to Place Funds in the Court's Registry [58] should be denied and the Motion to Enforce Court Order [59] should be granted.

On June 2, 2015, pursuant to Federal Rule of Civil Procedure 4(d)(2), Plaintiff filed a Motion [36] seeking recovery of costs associated with serving certain Defendants, including Yount.  On August 11, 2015, the Court found that Plaintiff is entitled to reimbursement of reasonable costs incurred in making service on Defendant Yount. *See* Order [52].[1]  The Court directed Plaintiff to file an itemization of costs associated with service of process which are attributable to Defendant Yount.

On August 20, 2015, Plaintiff filed a Motion for Costs [54], demonstrating that the cost incurred in making service on Defendant Yount was $211.30.  On September 14, 2015, the Court ordered Defendant Yount to pay to Plaintiff the sum of $211.30 on or before October 14, 2015. *See* Order [57].

---

[1] The Court determined that the record demonstrates that Yount failed to comply with Plaintiff's request for waiver of service, did not respond to Plaintiff's Motion [36], and did not show good cause for the failure.

On October 15, 2015, Defendant Yount filed the instant Motion [58], seeking permission to place the sum of $211.30 in the registry of the Court "until such time as all matters are resolved and this matter is transferred to a federal court of actual jurisdiction or dismissed."[2]  It appears that Defendant Yount is arguing that this Court lacks jurisdiction over this action and, therefore, lacks jurisdiction to impose expenses pursuant to Fed. R. Civ. P. 4(d)(2).  However, the advisory committee note to Rule 4(d)(2) points out that "[i]t is not a good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction." *See* Fed. R. Civ. P. 4(d)(2) Advisory Committee Note 1993 Amendment; *see also Acosta v. Nelson*, 2009 WL 1405850, at *4 n.2 (N.D. Fla May 19, 2009) (warning defendants that "if they fail to waive service, the district court may impose on them the expenses incurred in making personal service" despite the defendants' position that the court did not have jurisdiction over their person).

IT IS, THEREFORE, ORDERED that:

1.      Defendant Chris Yount's Motion to Place Funds in the Court's Registry [58] is DENIED.

2.       Plaintiff's Motion to Enforce Court Order [59] is GRANTED.

3.      Defendant Yount shall immediately pay to Plaintiff the sum of $211.30.

SO ORDERED this the 21st day of October, 2015.

s/ Michael T. Parker
United States Magistrate Judge

---

[2] On October 21, 2015, Plaintiff filed his Motion to Enforce Court Order [59], which is essentially a response in opposition to Defendant Yount's Motion [58].