CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
701 MAIN STREET, ROOM 200
HATTIESBURG, MISSISSIPPI 39401

OFFICIAL BUSINESS

1:14cv159 KS-MTP





$0.49
US POSTAGE
FIRST-CLASS
062S0008935696
39401
S85510.197

Daniel G. Abel
2421 Clearview Pkwy
Metairie, LA 70001

NIXIE        788    7E 1009        0011/06/15

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD

BC: 39401347850    *0766-16353-22-40

## Orders on Motions
1:14-cv-00159-KS-MTP
Handshoe v. Abel

MTP,NO_CMC

### U.S. District Court

### Southern District of Mississippi

### Notice of Electronic Filing

The following transaction was entered on 10/21/2015 at 1:56 PM CDT and filed on 10/21/2015
**Case Name:**        Handshoe v. Abel
**Case Number:**      1:14-cv-00159-KS-MTP
**Filer:**
**Document Number:** 61

**Docket Text:**
**ORDER denying [58] Motion to Deposit Funds and granting [59] Motion to Enforce Judgment. Signed by Magistrate Judge Michael T. Parker on October 21, 2015. (js)**

**1:14-cv-00159-KS-MTP Notice has been electronically mailed to:**

Bradley E. Dean    bdean@ddkf.com, dslusher@ddkf.com

Chris Yount    ceyount@gmail.com

Douglas Handshoe    earning04@gmail.com

W. Edward Hatten , Jr    ed@ddkf.com, bsperando@ddkf.com

**1:14-cv-00159-KS-MTP Notice has been delivered by other means to:**

Daniel G. Abel
2421 Clearview Pkwy
Metairie, LA 70001

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1081288797 [Date=10/21/2015] [FileNumber=4109227-
0] [003cfc5dc31139a828861b60f1bf4e7932f9f85711a89248cbf5a7ed00d2f02e41
225a42fa696ecf942104d3135ca1306612f4a2c2433ecc5609f6f554af21b1]]

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DOUGLAS HANDSHOE                                                          PLAINTIFF

v.                                                        CIVIL ACTION NO. 1:14-cv-159-KS-MTP

DANIEL G. ABEL                                                           DEFENDANT

## ORDER

THIS MATTER is before the Court on Defendant Chris Yount's Motion to Place Funds in the Court's Registry [58] and Plaintiff's Motion to Enforce Court Order [59]. Having considered the Motions, the Court finds that the Motion to Place Funds in the Court's Registry [58] should be denied and the Motion to Enforce Court Order [59] should be granted.

On June 2, 2015, pursuant to Federal Rule of Civil Procedure 4(d)(2), Plaintiff filed a Motion [36] seeking recovery of costs associated with serving certain Defendants, including Yount. On August 11, 2015, the Court found that Plaintiff is entitled to reimbursement of reasonable costs incurred in making service on Defendant Yount. *See* Order [52].[1] The Court directed Plaintiff to file an itemization of costs associated with service of process which are attributable to Defendant Yount.

On August 20, 2015, Plaintiff filed a Motion for Costs [54], demonstrating that the cost incurred in making service on Defendant Yount was $211.30. On September 14, 2015, the Court ordered Defendant Yount to pay to Plaintiff the sum of $211.30 on or before October 14, 2015. *See* Order [57].

---

[1] The Court determined that the record demonstrates that Yount failed to comply with Plaintiff's request for waiver of service, did not respond to Plaintiff's Motion [36], and did not show good cause for the failure.

1

On October 15, 2015, Defendant Yount filed the instant Motion [58], seeking permission to place the sum of $211.30 in the registry of the Court "until such time as all matters are resolved and this matter is transferred to a federal court of actual jurisdiction or dismissed."[2] It appears that Defendant Yount is arguing that this Court lacks jurisdiction over this action and, therefore, lacks jurisdiction to impose expenses pursuant to Fed. R. Civ. P. 4(d)(2). However, the advisory committee note to Rule 4(d)(2) points out that "[i]t is not a good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction." *See* Fed. R. Civ. P. 4(d)(2) Advisory Committee Note 1993 Amendment; *see also Acosta v. Nelson*, 2009 WL 1405850, at *4 n.2 (N.D. Fla May 19, 2009) (warning defendants that "if they fail to waive service, the district court may impose on them the expenses incurred in making personal service" despite the defendants' position that the court did not have jurisdiction over their person).

IT IS, THEREFORE, ORDERED that:

1.   Defendant Chris Yount's Motion to Place Funds in the Court's Registry [58] is DENIED.

2.   Plaintiff's Motion to Enforce Court Order [59] is GRANTED.

3.   Defendant Yount shall immediately pay to Plaintiff the sum of $211.30.

SO ORDERED this the 21st day of October, 2015.

s/ Michael T. Parker
United States Magistrate Judge

---

[2] On October 21, 2015, Plaintiff filed his Motion to Enforce Court Order [59], which is essentially a response in opposition to Defendant Yount's Motion [58].