**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**DOUGLAS HANDSHOE**                                                                          **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 1:14-CV-159-KS-MTP**

**DANIEL G. "DANNY" ABEL
CHRIS YOUNT, RAMONA FERNANDEZ,
JANEY LAMAR and
STUART SMITH LAW CLINIC
d/b/a LOYOLA UNIVERSITY NEW ORLEANS**                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss [30] filed by Defendants
Ramona Fernandez ("Fernandez"), Janey Lamar ("Lamar"), and the Stuart H. Smith Law Clinic
and Center for Social Justice of Loyola University New Orleans (the "Law Clinic") (collectively
the "Loyola Defendants") and the Motion to Dismiss [44] filed by Chris Yount ("Yount").  After
considering the submissions of the parties, the record, and the applicable law, the Court finds
that the Loyola Defendants' Motion to Dismiss [30] should be granted and Yount's Motion to
Dismiss [44] should be granted in part and denied in part.

## I.  BACKGROUND

Plaintiff Douglas Handshoe ("Plaintiff") filed the current action with the Court on April
10, 2014, against Defendants Yount and Daniel Abel ("Abel").  Plaintiff filed an Amended
Complaint [27] with the Court's leave on March 13, 2015, adding claims against the Loyola
Defendants.  In his Amended Complaint [27], Plaintiff brings claims of misrepresentation under
17 U.S.C. § 512(f) against Yount and Abel, abuse of process against Yount and Abel for the
service of a court order on his web host, malicious prosecution against Yount, Abel, and the
Loyola Defendants, and abuse of process against Yount, Abel, and the Loyola Defendants for the

filing of an appellant brief in a Louisiana case .  Yount, Fernandez, and Lamar are all residents of Louisiana.  The Law Clinic is a non-profit corporation incorporated under the laws of Louisiana.

Plaintiff is the publisher and owner of Slabbed New Media, LLC.  On February 13, 2014, Plaintiff published a blogpost entitled "Very disturbing child welfare issues raised in 24th JDC case," which included an image obtained from the then-unsealed case *Yount v. Steitle* pending in Louisiana court.  The image was alleged drawn by a minor child.  On February 18, 2014, Yount, through his lawyer Abel, obtained a court order in the pending Louisiana case and served it upon Plaintiff's web host in Texas in order for the post to be taken down.

In response, on February 21, 2014, Plaintiff published another post titled "Ready, Willing and unAbel:  A Super 8 Motel Legal Department Update."  This post contained a hyperlink to the same image as the previous post.  On February 28, 2014, Plaintiff received a Digital Millennium Copyright Act ("DMCA") takedown notice from his web host, which was issued after Yount and Abel, on behalf of the minor child, represented that the image infringed on the child's copyright.

On March 20, 2014, Abel filed a defamation suit against Plaintiff on behalf of Yount and on behalf of an unnamed minor child.  (*See* Louisiana Petition [27-1].)  On July 28, 2014, the Louisiana court dismissed the defamation suit under Louisiana's anti-SLAPP statute.  On September 17, 2014, Abel filed an appeal on Yount's behalf with the Louisiana Fifth Circuit Court of Appeals.

On November 6, 2014, Abel was suspended from the practice of law.  On January 20, 2015, Yount filed his appellate brief pro se, joined by the Loyola Defendants, who purported to represent the minor child.  Plaintiff filed a motion to strike, prompting the Loyola Defendants to

withdraw their names from the brief.  They then filed a motion to enroll in the case on behalf of the minor child.

Plaintiff brought the current action to this Court on April 10, 2014.  Yount and the Loyola Defendants now move to dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted.

## II.  PERSONAL JURISDICTION

### A.      Standard of Review

"The plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident, but it need only make a prima facie case if the district court rules without an evidentiary hearing." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Wilson v. Belin*, 20 F.3d 644, 68 (5th Cir. 1994).  For the purposes of a motion to dismiss for lack of personal jurisdiction, all conflicts between facts "must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists.  *Id.* (quoting *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)).  "In a federal diversity action such as this, the reach of federal jurisdiction over non-resident defendants is measured by a two-step inquiry." *Smith v. DeWalt Prods. Corp.*, 743 F.2d 277, 278 (5th Cir. 1984).  First, the Court must determine whether the laws of the Mississippi authorizes the assertion of personal jurisdiction against Defendants.  *Id.*  If personal jurisdiction is authorized under Mississippi law, the Court then must ensure that assertion of personal jurisdiction does not offend the Due Process Clause of the Fourteenth Amendment.  *Id.*  When a plaintiff brings multiple claims arising out of different forum contacts, specific jurisdiction must be established for each claim. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006).

Mississippi's long-arm statute provides:

> Any nonresident person, firm, general or limited partnership, or any foreign or
> other corporation not qualified under the Constitution and laws of this state as to
> doing business herein, who shall make a contract with a resident of this state to be
> performed in whole or in part by any party in this state, or who shall commit a tort
> in whole or in part in this state against a resident or nonresident of this state, or
> who shall do business or perform any character of work or service in this state,
> shall by such act or acts be deemed to be doing business in Mississippi and shall
> thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57.  Plaintiff contends that the Court can exercise personal jurisdiction

over Defendants under the tort prong of this long-arm statute.  "Under the tort prong of the

Mississippi long-arm statute, personal jurisdiction is proper if any element of the tort (or any part

of any element) takes place in Mississippi."  *Allred v. Moore & Peterson*, 117 F.3d 278, 282 (5th

Cir. 1997).

In order for a federal court to exercise personal jurisdiction over a nonresident in

compliance with the Due Process Clause of the Fourteenth Amendment, it must find that 1) "the

defendant purposefully established 'minimum contacts' with the forum state" and 2)

"entertainment of the suit against the nonresident would not offend 'traditional notions of fair

play and substantial justice.'"  *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990) (citing

*Asahi Metal Indus. Co. v. Superior Court*, 280 U.S. 102, 105, 107 S. Ct. 1026, 1029, 94 L. Ed.

2d 92(1987)).  A plaintiff must first prove that minimum contacts exist before the burden shifts

to the defendant to show that an exercise of personal jurisdiction would be unfair.  *Wien Air

Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999).

### B.    Ramona Fernandez and Janey Lamar

Plaintiff asserts malicious prosecution and abuse of process claims against Fernandez and

Lamar, both of whom are Louisiana residents.  A malicious prosecution claim requires

> (1) the institution or continuation of original judicial proceedings, either criminal
> or civil; (2) by, or at the instance of the defendants; (3) the termination of such

4

> proceeding in plaintiff's favor; (4) malice in instituting the proceedings; (5) want
> of probable cause in the proceedings; and (6) the suffering of damages as a result
> of the action or prosecution complained of.

*Miss. Rd. Supply Co., Inc. v. Zurich-Am. Ins. Co.*, 501 So.2d 412, 414 (Miss. 1987) (citing

*Harvill v. Tabor*, 240 Miss. 750, 753-54, 128 So.2d 863, 864 (Miss. 1961)).  Plaintiff's malicious

prosecution claim is based on the Louisiana defamation suit.  The only element of this claim that

could possibly have occurred in Mississippi is the suffering of damages.  However, while

Plaintiff may have suffered the economic consequences of an alleged malicious prosecution,

namely litigation expenses, in Mississippi, these consequences are not enough to confer personal

jurisdiction in Mississippi.  *See Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996)

("[O]ur precedent holds that consequences stemming from the actual tort injury do not confer

personal jurisdiction at the site or sites where such consequences happen to occur.").  Personal

jurisdiction is therefore not authorized under Mississippi law for this claim.

For an abuse of process claim, the following elements must be met:  "(1) the party made

an illegal use of a legal process, (2) the party had an ulterior motive, and (3) damage resulted

from the perverted use of process."  *Allred*, 117 F.3d at 284 (quoting *McLain v. West Side Bone

& Joint Ctr.*, 656 So.2d 119, 123 (Miss. 1995)).   Plaintiff asserts in his Response [47] that the

illegal process involved a misuse of 17 U.S.C. § 512, but this allegation is not made against

Fernandez and Lamar in his complaint and cannot be a basis for the Court asserting personal

jurisdiction over them.  In his Amended Complaint [27], Plaintiff claims that the filing of the

appellate brief in the Louisiana defamation case is the alleged illegal use of a legal process.

Even assuming that this was an illegal use of the appellate process on the part of the defendants,

Plaintiff admits that this brief was filed in the Louisiana Fifth Circuit Court of Appeals, not

Mississippi.  The fact that the brief was served to Plaintiff at his home in Mississippi is not

enough to establish personal jurisdiction for this claim under Mississippi law. *See Allred*, 117 F.3d at 285 (holding that service of the alleged illegal process did not establish personal jurisdiction in Mississippi).

Plaintiff makes no arguments that the other two elements of this claim occurred in Mississippi, but even if he had, those arguments would fail. An ulterior motive would have necessarily been formed by Fernandez and Lamar in Louisiana, as that is where their actions took place. Furthermore, as stated above, the economic consequences of the abuse of process, which here would be litigation expenses, is not enough to confer personal jurisdiction in Mississippi. *See Jobe*, 87 F.3d at 753. Therefore, this Court is not authorized under Mississippi state law to assert personal jurisdiction over Fernandez and Lamar for Plaintiff's abuse of process claim either.

The Court need not decide whether personal jurisdiction over these defendants would comport with the Due Process Clause of the Fourteenth Amendment. The Loyola Defendants' Motion to Dismiss [30] will be **granted** as it pertains to Fernandez and Lamar because the Court is not authorized by state law to exercise personal jurisdiction over them.

C.     **The Law Clinic**

The same claims brought against Fernandez and Lamar are also brought against the Law Clinic, and would fail for the same reasons to establish personal jurisdiction under Mississippi's long-arm statute. However, Plaintiff argues that because the Law Clinic is a part of Loyola University New Orleans, which is registered as a non-profit corporation in Mississippi, the Court is authorized to exert general personal jurisdiction over it under Mississippi law. The Court will assume without deciding that this is true, as it finds the Law Clinic does not have sufficient

contacts with Mississippi to satisfy the constitutional requirements of personal jurisdiction under the Fourteenth Amendment.

Because the alleged claims do not arise out of the Law Clinic's or Loyola University's contacts with Mississippi, Plaintiff must show that Mississippi has acquired general jurisdiction over the Law Clinic.  *See Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 181 (5th Cir. 1992).  "A court may assert general jurisdiction over foreign (sister-sister or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851, 180 L.Ed.2d 796 (2011) (citing *International Shoe*, 326 U.S. at 317, 66 S. Ct. 154).  The Court does not find that registering as a non-profit in Mississippi and appointing a designated corporate agent is enough to establish this type of "continuous and systematic" affiliation.  *See Wenche Siemer*, 966 F.2d at 180-81 (declining to hold that designating an in-state corporate agent for service of process granted general jurisdiction over a corporation).  The Court therefore cannot exercise general jurisdiction over the Law Clinic under the Due Process Clause of the Fourteenth Amendment and will **grant** the Loyola Defendants' Motion to Dismiss [30] as to it as well.

### D.     Chris Yount

Plaintiff brings four claims against Yount:  misrepresentation under 17 U.S.C. § 512(f), two abuse of process claims, and a claim of malicious prosecution.  As stated above, the only element of Plaintiff's malicious prosecution claim that could have occurred in Mississippi is the damages elements for litigation expenses incurred.  Similarly, the only element of his abuse of process claim for the appellant brief that could have occurred in Mississippi is the damages element for litigation expenses.  These would be purely economic consequences, though, which

7

are not enough to confer personal jurisdiction under Mississippi law. *See Jobe*, 87 F.3d at 753. The Court therefore cannot assert personal jurisdiction over Yount for either of these claims.

The abuse of process claim listed in Count II of the Amended Complaint [27] is based on the service of a Louisiana court order to Handshoe's web host in Texas, not the DMCA takedown notice as Plaintiff argues in his Response [50]. No part of this process occurred in Mississippi. However, as service of this order was allegedly calculated to, and did in fact, cause Plaintiff's post to be removed, thereby causing injury in Mississippi, the last element of an abuse of process claim, which asks whether "damage resulted from the perverted use of process," is sufficiently pleaded to have occurred in Mississippi. *See Allred*, 117 F.3d at 284 (quoting *McLain*, 656 So.2d at 123). Therefore, personal jurisdiction would be authorized under Mississippi law.

The submission of the allegedly fraudulent DMCA takedown notice was similarly calculated to result in harm in Mississippi. Section 512(f) of Title 17 of the United State Code states that any person who knowingly misrepresents that material infringes their copyrighted material "shall be liable for any damages, including costs and attorneys' fees, incurred by the alleged infringer . . . who is injured by such misrepresentation, as the result of the service provider relying upon such misrepresentation in removing or disabling access to the material . . . ." Because the injury from the misrepresentation is an element of this claim and allegedly occurred in Mississippi, Mississippi's long-arm statute authorizes the Court to exercise personal jurisdiction over this claim as well.

For both of these claims, Yount's actions were "expressly aimed" at Mississippi, despite the fact that both the court order and the DMCA takedown noticed were sent to Plaintiff's web host in Texas. *See Calder v. Jones*, 465 U.S. 783, 789, 104 S. Ct. 1482, 79 L.Ed.2d 804 (1984).

8

In *Calder*, the Supreme Court held that, even though the defendants did not circulate the defaming article in California, they nevertheless knew that harm would occur to the plaintiff in her home in California. *Id.* Because their actions were targeted at the plaintiff in California, the *Calder* Court held that personal jurisdiction over the defendants was proper in California and did not offend the Fourteenth Amendment Due Process Clause. *Id.* at 790-91, 104 S. Ct. 1482. Here, because Yount's actions were similarly targeted at Plaintiff in Mississippi, exercising jurisdiction over him as to these claims would not offend constitutional due process.

Therefore, Yount's Motion to Dismiss [44] will be **granted in part** and **denied in part** as to his assertion that the Court lacks personal jurisdiction over him. It will be **granted** as to Plaintiff's claims of malicious prosecution and abuse of process for the filing of the appellant brief. It will be **denied** as to Plaintiff's abuse of process claim for serving the court order on his web host and his violation of 17 U.S.C. § 512(f) claim.

### III.  FAILURE TO STATE A CLAIM

Both the Loyola Defendants' and Yount's motions include arguments for dismissal of the claims against them under Rule 12(b)(6). The Court does not have personal jurisdiction over any claim filed against the Loyola Defendants so it need not consider their arguments under Rule 12(b)(6). Yount does not put forward any arguments for dismissal for failure to state a claim as to the remaining claims against him. As such, the Court will not dismiss any of the claims pending against him under this argument.

### IV.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Loyola Defendants' Motion to Dismiss [30] is **granted**. Fernandez, Lamar, and the Law Clinic are **dismissed without prejudice** from this action for lack of personal jurisdiction.

9

IT IS FURTHER ORDERED AND ADJUDGED that Yount's Motion to Dismiss [44] is **granted in part** and **denied in part**, **without prejudice**.

It is **granted** in that the Court lacks personal jurisdiction over Yount as to Plaintiff's claims of malicious prosecution and abuse of process for filing the appellant brief in the Louisiana action, and these claims are **dismissed without prejudice**

It is **denied** as to the claims of abuse of process for the service of the court order to Plaintiff's web host and misrepresentation in violation of 17 U.S.C. § 512(f), and these claims remain pending.

SO ORDERED AND ADJUDGED this the 24th day of November, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE