**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**DOUGLAS HANDSHOE**                                                              **PLAINTIFF**

**V.**                                           **CIVIL ACTION NO. 1:14-CV-159-KS-MTP**

**DANIEL G. "DANNY' ABEL and**
**CHRIS YOUNT**                                                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Douglas Handshoe's ("Plaintiff") Motion for Default Judgment [75]. After considering the record and the applicable law, the Court finds that Plaintiff's motion should be denied.

**I. BACKGROUND**

Plaintiff filed the current action with the Court on April 10, 2014, against Defendants Chris Yount ("Yount") and Daniel Abel ("Abel"). Plaintiff filed an Amended Complaint [27] with the Court's leave on March 13, 2015, adding claims against Ramona Fernandez ("Fernandez"), Janey Lamar ("Lamar"), and the Stuart H. Smith Law Clinic and Center for Social Justice of Loyola University New Orleans (the "Law Clinic") (collectively the "Loyola Defendants") . In his Amended Complaint [27], Plaintiff brings claims of misrepresentation under 17 U.S.C. § 512(f) against Yount and Abel, abuse of process against Yount and Abel for the service of a court order on his web host, malicious prosecution against Yount, Abel, and the Loyola Defendants, and abuse of process against Yount, Abel, and the Loyola Defendants for the filing of an appellant brief in a Louisiana case. Abel, Yount, Fernandez, and Lamar are all residents of Louisiana. The Law Clinic is a non-profit corporation incorporated under the laws of Louisiana.

Plaintiff is the publisher and owner of Slabbed New Media, LLC. On February 13, 2014,

Plaintiff published a blogpost entitled "Very disturbing child welfare issues raised in 24th JDC case," which included an image obtained from the then-unsealed case *Yount v. Steitle* pending in the Louisiana court. The image was allegedly drawn by a minor child. On February 18, 2014, Yount, through his lawyer Abel, obtained a court order in the pending Louisiana case and served it upon Plaintiff's web host in Texas in order for the post to be taken down.

In response, on February 21, 2014, Plaintiff published another post titled "Ready, Willing and unAbel: A Super 8 Motel Legal Department Update." This post contained a hyperlink to the same image as the previous post. On February 28, 2014, Plaintiff received a Digital Millennium Copyright Act ("DMCA") takedown notice from his web host, which was issued after Yount and Abel, on behalf of the minor child, represented that the image infringed on the child's copyright.

On March 20, 2014, Abel filed a defamation suit against Plaintiff on behalf of Yount and on behalf of an unnamed minor child. (*See* Louisiana Petition [27-1].) On July 28, 2014, the Louisiana court dismissed the defamation suit under Louisiana's anti-SLAPP statute. On September 17, 2014, Abel filed an appeal on Yount's behalf with the Louisiana Fifth Circuit Court of Appeals.

On November 6, 2014, Abel was suspended from the practice of law. On January 20, 2015, Yount filed his appellate brief pro se, joined by the Loyola Defendants, who purported to represent the minor child. Plaintiff filed a motion to strike, prompting the Loyola Defendants to withdraw their names from the brief. They then filed a motion to enroll in the case on behalf of the minor child.

The Court has since dismissed the claims against the Loyola Defendants for lack of personal jurisdiction. (Order [69] at p. 10.) The claims against Yount of malicious prosecution and abuse of process for filing the appellant brief in the Louisiana action have similarly been dismissed for lack of personal jurisdiction. (*Id.*)

## II. DISCUSSION

Plaintiff filed his Complaint [1] on April 10, 2014, and his Amended Complaint [27] on March 13, 2015. A copy of the initial Complaint [1] was personally served on Abel on June 16, 2014. A copy of the Amended Complaint [27] was mailed to Abel on August 14, 2015. At the latest, Abel's answer was due on or before August 31, 2015. FED. R. CIV. P. 15(a)(3). Abel has failed to file an answer in this action. Therefore, the Clerk properly entered his Default [74]. *See* FED. R. CIV. P. 55(a). Plaintiff subsequently filed his Motion for Default Judgment [75].

By his default, Abel admitted Plaintiff's well-pleaded allegations of fact. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Therefore, in addressing a motion for default judgment, the Court accepts the factual allegations of the Amended Complaint [27] as true. The entry of a default, however, "does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Id.* "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, than the defendant had failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). "[W]here there are no intervening equities any doubt should, as a general proposition, be resolved in favor of . . . securing a trial upon the merits." *Id.*

When default judgment is sought against a party who has failed to plead, the Court "has an affirmative duty to look into its jurisdiction over the subject matter and the parties." *Sys. Pipe &*

3

*Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3D 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Savings & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)).  Plaintiff has brought the exact same claims against both Abel and Yount.  Abel and Yount are both citizens of Louisiana and have had the same quality and quantity of contacts with Mississippi in connection with the underlying events of this case.  As such, the analysis of the Court's personal jurisdiction over them is identical.  In its Memorandum Opinion and Order [69] on November 24, 2015, the Court held that it only had the authority to exercise personal jurisdiction over Yount for Plaintiff's claims of abuse of process for the service of the court order on Plaintiff's web host and of misrepresentation in violation of 17 U.S.C. § 512(f), and dismissed all other claims against Yount without prejudice.  The Court finds that the same treatment is appropriate for Plaintiff's claims against Abel.  Therefore, Plaintiff's claims of malicious prosecution and abuse of process for filing the appellant brief in the Louisiana action will be **dismissed without prejudice**, and Plaintiff's Motion for Default Judgment [75] will be **denied** as to these claims.

The Court also finds that it does not have subject matter jurisdiction to hear Plaintiff's claim against Abel for abuse of process for the service of the court order on Plaintiff's web host in Texas.  Diversity jurisdiction does not exist here as, despite the parties being diverse, the sum in controversy does not "exceed[] the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).  Plaintiff is claiming "the sum of $75,000 plus interest."  (Affidavit [75-1] at ¶ 5.)  In absence of any indication to the contrary, the Court assumes that this $75,000 is for the entire measure of his damages for the claims he has brought against both Abel and Yount because both, if found guilt of tortious conduct, would be "liable for the entire harm."  *State for Use & Benefit of Richardson v. Edgeworth*, 214 So.2d 579, 588 (Miss. 1968).  Even if the Court were to assume that the entire $75,000 being claimed was for the state law actions for which diversity jurisdiction is

4

needed as explained below, it is obvious that this amount does not *exceed* the jurisdictional amount of $75,000, and diversity jurisdiction does not exist under 28 U.S.C. § 1332.

Furthermore, the Court does not have supplemental jurisdiction over the remaining abuse of process claim under 28 U.S.C. § 1367. To exercise supplemental jurisdiction over a claim, it must be "so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Court has original jurisdiction over Plaintiff's misrepresentation claim under 17 U.S.C. § 512(f) under both 28 U.S.C. § 1331 and § 1338. However, these two claims arise out of distinct events, even if they were both perpetrated with the same goal in mind. The order from the Louisiana action was served on Plaintiff's web host in February 2014. (*See* Amended Complaint [27] at ¶ 15.) Around the same time, the DMCA takedown notice was received, and Plaintiff's posts were taken down "pursuant to the procedure set forth in the DMCA." (*Id.* at ¶¶ 17-18.) These two actions by Abel and Yount were taken separately, and had different results, as it was only DMCA takedown notice which caused Plaintiff's posts to be disabled. (*See id.* at ¶ 18 ("But for those misrepresentations [in the DMCA takedown notice], HostGator.com LLC would not have disabled access to the posts containing the media identified in the notice.").) Furthermore, Plaintiff's claim under 17 U.S.C. § 512(f) is not for the issuance of the DMCA takedown notice itself—it is for the alleged misrepresentations contained in the notice. Misrepresentations over the ownership of a copyright have little connection to the misuse of a separate legal process, and the Court cannot find that these two claims are "so related . . . that they form part of the same case or controversy." *See* 28 U.S.C. § 1367(a). Therefore, because the Court has neither diversity nor supplemental jurisdiction over Plaintiff's remaining abuse of process claim, the claim will be **dismissed without prejudice** and default judgment will be **denied** as to this claim. A separate order will issue as to this

5

same claim against Yount, directing Plaintiff to show cause why that claim should not be dismissed without prejudice for want of subject matter jurisdiction as well.

Finally, the Court does not find that Plaintiff has stated a claim on which relief can be granted for his misrepresentation claim under 28 U.S.C. § 512(f). In his Amended Complaint [27], Plaintiff admits that the drawing at issue was drawn and published by the minor child on whose behalf Abel and Yount are claiming a copyright. (Amended Complaint [27] at ¶¶ 14, 17.) Plaintiff alleges that there is no copyright. Section 512(f) makes liable "[a]ny person who knowingly materially misrepresents under this section . . . that material or activity is infringing." Under Plaintiff's theory, Abel is liable under this section because the minor child held no copyright in the drawing. This, however, is a plain misunderstanding of copyright law. Plaintiff admits that the minor child was the author of the drawing. (Amended Complaint [27] at ¶ 14.) By that fact alone, the minor child possesses a copyright in the drawing under 17 U.S.C. § 102(a)(5). Plaintiff does not allege in his complaint that his use of the drawing was authorized by either the copyright owner or law, and asserts only that a copyright does not exist. As the Court must find that a copyright does exist, Plaintiff has failed to plead a misrepresentation under § 512(f). Additionally, Plaintiff does not adequately allege the amount of damages he has suffered as a direct result of his web host relying on any misrepresentation by Abel and Yount. As such, the Court must **deny** Plaintiff's Motion for Default Judgment [75]. However, as Plaintiff's claim under 17 U.S.C. § 512(f) against Abel is identical to his claim against Yount under that same section, the Court will afford Plaintiff an opportunity to amend his complaint in order to cure the defects in his pleadings. Should Plaintiff fail to cure the defects through amendment, the Court will *sua sponte* dismiss with prejudice the misrepresentation claim under § 512(f) against both Abel and Yount. Plaintiff will have **twenty one (21) days** from the entry of this order to amend his complaint.

6

## III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion for Default Judgment [75] is **denied**. Plaintiff's abuse of process claims and his malicious prosecution claim against Abel are **dismissed without prejudice**. Plaintiff has **twenty one (21) days** from the date of this order to amend his complaint as it pertains to his misrepresentation claims under 17 U.S.C. § 512(f). Plaintiff's failure to do so will result in the Court's *sua sponte* dismissal with prejudice of these claims against both Abel and Yount.

SO ORDERED AND ADJUDGED this 16th day of December, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE