**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**DOUGLAS HANDSHOE**                                                                                   **PLAINTIFF**

**V.**                                                            **CIVIL ACTION NO. 1:14-CV-159-KS-MTP**

**DANIEL G. "DANNY' ABEL and**
**CHRIS YOUNT**                                                                                         **DEFENDANTS**

**ORDER TO SHOW CAUSE**

The Court orders the parties to show cause as to why the abuse of process claim pending against Defendant Chris Yount should not be dismissed without prejudice for lack of subject matter jurisdiction.

"There should be little need for a reminder that federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). This Court has removal jurisdiction in any case where it has original jurisdiction. 28 U.S.C. § 1441(a).  It has "original jurisdiction of all civil matters where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States . . . ." 28 U.S.C. § 1332(a).  Of course, the Court has "the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties and to dismiss [or remand] any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).  Furthermore, "because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (punctuation omitted).

In support of his Motion for Default Judgment [75], Plaintiff submitted an Affidavit [75-1] claiming that his claim against Defendant Daniel Abel was for the sum of $75,000.  In absence of any indication to the contrary, the Court assumes that this $75,000 is for the entire measure of his damages of the claims he has brought against both Abel and Yount as both, if found guilt of tortious conduct, would be "liable for the entire harm."  *State for Use & Benefit of Richardson v. Edgeworth*, 214 So.2d 579, 588 (Miss. 1968).  As explained in the order denying default judgment, the only jurisdiction the Court could exercise over Plaintiff's abuse of process claim is diversity jurisdiction.  As the amount Plaintiff is claiming does not exceed the mandatory jurisdictional amount of $75,000 as required by 28 U.S.C. § 1332(a), the Court hereby **orders parties to show cause** why this claim should not be dismissed without prejudice for lack of subject matter jurisdiction.

The parties shall file their briefs within **twenty one (21) days** from the entry of this order.  If either side wishes to file a brief in response, they shall do so within seven days of the filing of the brief to which they are responding.  The Court does not anticipate that rebuttal briefs will be necessary.

SO ORDERED AND ADJUDGED this the 16th day of December, 2015.

> *S/ Keith Starrett*
> UNITED STATES DISTRICT JUDGE