SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**
JAN 06 2016
ARTHUR JOHNSTON
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| DOUGLAS HANDSHOE ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.** 1:14CV159 KS-MTP |
| ) | |
| DANIEL G. "DANNY" ABEL, ) | |
| CHRIS YOUNT, INDIVIDUALLY AND AS ) | |
| GUARDIAN OF CARVER YOUNT, ) | |
| CHARLES LEARY AND VAUGHN PERRET ) | |
| ) | |

## BRIEF ON PLAINTIFF'S DAMAGES PER ORDER OF THIS HONORABLE COURT

COMES NOW INTO COURT, Plaintiff Douglas Handshoe, in his individual capacity and as publisher of Slabbed New Media, LLC pursuant to the order of this Court dated December 16, 2015, and files memorandum brief on his calculation of the damages in this civil action against Defendants Daniel G. "Danny" Abel, Chris Yount Individually and as Guardian of Carver Yount, along with the additional defendants Charles Leary and Vaughn Perret for misrepresentation pursuant to 17 U.S.C. § 512(f), multiple Abuses of Process and Civil Conspiracy and states as follows:

### I. PRO SE PLAINTIFF MISUNDERSTOOD THE JURISDICTIONAL THRESHOLD

Plaintiff has attended Federal Court Proceedings on Multiple occasions over the course of his career including what is colloquially known by the legal profession as "true up hearings". Plaintiff mistakenly thought he had plead the minimum amount required to secure the Court's jurisdiction for purposes of the default motion when in fact he is one penny short as pointed out in this Court's order of December 16, 2015. It was his intent to deliver a detailed calculation to the Court of his damages in conjunction with the true-up hearing. As shown below Plaintiff calculates in the sum of his total damages at $113,802 plus additional amounts to be determined.

1

## II. THE TORTS ALLEGED IN THE SECOND AMENDED COMPLAINT DIRECLTY CAUSED THE CHAPTER 11 BANKRUPTCY OF SLABBED NEW MEDIA, LLC

The events leading to the Louisiana Appellate court decision, with its factual basis rooted firmly in both a 17 U.S.C 512(f) Misrepresentation along with several other related Abuses of Process cost Plaintiff his investment in the business. This investment was calculated using the values of the cash flows of the business as reported for taxation purposes. Ironically, 2015, when adjusted for the attorney and other professional fees directly related to the Chapter 11 filing produced a marked improvement in net income due to 2015 being an election year as shown on the following table:

**Slabbed New Media Taxable Income**

| Year | Amount | Note |
|---|---|---|
| 2015 | $2,935 | Net of attorney and US Trustee fees through November 30, 2015 |
| 2014 | 804 | Per Income Tax Filing |
| 2013 | 840 | Per Income Tax Filing |
| 2012 | <u>622</u> | Per Income Tax Filing |
| Average | $1,300 | |

The Net Income Average of $1,300, discounted into perpetuity at an 18% present value discount rate to account for business risk, yields a $7,222 present value of the annual cash flow and is thus the value of the loss in income stream to Plaintiff provided by Slabbed New Media averaged over the previous four years.

Plaintiff directly traces $11,740 of out of pocket legal fees to the tortious actions of the defendants as alleged in this action. Plaintiff is still valuing lost time and expenses preparing counter notifications and engaging in correspondence with his webhost over the service of Louisiana Civil Suits and Court orders upon them. Further, Plaintiff will incur an additional $15,000 to $25,000 in legal fees as a direct result of the tortious actions of the defendants. For purposes of this brief however, Plaintiff total actual damages total $18,962.

## III. OTHER DAMAGES

Plaintiff seeks Punitive and Nominal damages as well as compensatory damages. Punitive damages total five times the amount of actual and nominal damages, which are valued for purposes of this brief at one dollar per count for a total of $5 dollars. Total Punitive Damages therefore total $94,835. Total Punitive and Nominal damages in the amount of $94,840 plus actual damages of $18,962 total $113,802 plus additional amounts the totals of which are not known at this time.

Plaintiff prays this Court finds it has subject matter jurisdiction of this matter and well takes the second amended complaint, which outlines the totality of the string of tortious activity of the Defendants.

Respectfully submitted this 6th day of January, 2016,

_____

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on January 6th, 2016 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification of such filing to the following ECF participants:

Chris Yount
Pro Se
545 Terrace Street
Jefferson, LA 70121

I, Douglas Handshoe, certify I have sent a true and correct copy of the foregoing to the following via United States Mail:

Daniel G. Abel
Pro Se
C/O The Super 8 Motel / Desai Enterprises
2421 Clearview Parkway, Room 106
Metairie, LA 70001

Respectfully submitted this 6th day of January, 2016,

_____
Douglas Handshoe, Pro Se
Post Office Box 788
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com