IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

**JAN 06 2016**

ARTHUR JOHNSTON
BY_____ DEPUTY

DOUGLAS HANDSHOE )
)
v. ) CIVIL ACTION NO. 1:14CV159 KS-MTP
)
DANIEL G. "DANNY" ABEL, )
CHRIS YOUNT, INDIVIDUALLY AND AS )
GUARDIAN OF CARVER YOUNT, )
CHARLES LEARY AND VAUGHN PERRET )
)

## SECOND AMENDED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW INTO COURT, Plaintiff Douglas Handshoe, in his individual capacity

and as publisher of Slabbed New Media, LLC pursuant to the order of this Court dated

December 16, 2015, and files this second amended complaint for damages, declaratory and

injunctive relief against Defendants Daniel G. "Danny" Abel, Chris Yount Individually and as

Guardian of Carver Yount, Charles Leary and Vaughn Perret for misrepresentation pursuant to

17 U.S.C. § 512(f), multiple Abuses of Process and Civil Conspiracy and states as follows:

### I. INTRODUCTION AND NATURE OF ACTION

1.  This is a case about the misuse of the United States copyright laws and the official processes

    of the United States and Louisiana State Courts in a continuing campaign to deprive Plaintiff

    of his constitutionally guaranteed rights under the First Amendment to the United States

    Constitution and Section 13 of the Mississippi Constitution as well as inflict monetary harm

    in repeated acts of retaliation against him over his work as publisher and agent for Slabbed

    New Media LLC. Defendants, all closely connected to Trout Point Lodge of Nova Scotia,

    have repeatedly retaliated against instant Plaintiff, instant Plaintiff's former counsel in the

    case *Trout Point Lodge et al v Handshoe* which was previously decided by this Court, along

with his Limited Liability Company over truthful reporting on matters in the public court record involving a massive political corruption scandal, resulting criminal investigation, conviction and incarceration of former Jefferson Parish President Aaron Broussard. In one of many such corrupt self-enrichment schemes perpetrated by Broussard, he used his Canadian property holdings managed by his unindicted criminal co-conspirators Abel, Leary and Perret to perpetrate bribery and money laundering schemes involving politically connected individuals that did substantial business with the Parish of Jefferson, Louisiana. Specifically Abel, along with Yount, Leary and Perret have deprived Plaintiff and his media company of their First Amendment rights to report on public court proceedings along with his First Amendment right to access the courthouse via deprivation of procedural due process. Additionally, the Defendants have used a meritless Louisiana State Court Defamation lawsuit styled *Yount v Handshoe et al* to attempt a collateral attack a previous judgment of this Honorable Court as well as attempt to legitimize their 17 U.S.C. § 512 misrepresentations under the color of state law. These particular acts of retaliation and collateral attack upon a previous judgment of this Court center around two publications involving matters of public interest that were made available through the New Dream Networks and HostGator.com LLC, hosting services, third party information technology network and computer infrastructure venders that physically hosted the interactive website owned by Slabbed New Media, LLC located virtually at Uniform Resource Identifier www.slabbed.org along with a case seal, improperly obtained by Defendant Abel via Ex Parte proceedings in violation of well-established Louisiana legal precedent, which was then subsequently repeatedly violated by Abel, Yount, Leary and Perret in furtherance of a collateral attack on a $48,000 attorney

2

fee judgment obtained by Plaintiff in the case *Trout Point Lodge et al v Handshoe*, a case of first impressions heard and decided by this Court.

2.  The submission of misrepresented takedown notices pursuant to 17 U.S.C. § 512, submission of a Louisiana State court order obtained in a domestic case to which Plaintiff was not a party to Plaintiff's webhost, other correspondence to Plaintiff's webhost which caused a takedown order and Louisiana State court defamation lawsuit filed in part to further a scheme to collaterally attack upon a previous judgment of this Court as well as legitimize their tortious activities under the color of a state legal action, ultimately forced the removal of speech in the form of journalism in the public interest that is protected under both the First Amendment of the United States Constitution and Section 13 of the Mississippi Constitution causing Plaintiff to sustain both actual monetary losses along with the loss of his valuable rights under the First Amendment to the Constitution as well as causing damage to his professional reputation.

3.  These Defendants made knowing material misrepresentations in a DMCA takedown notice they submitted which claimed copyright infringement involving an unsealed, public Louisiana state court document that is the very definition is of a public record. Further and/or alternatively the Defendants wholly failed to discharge their affirmative duties under the United States Copyright Laws prior to submitting the takedown notice, multiple other communications to Plaintiff's Media Company's webhost and frivolous filings designed to defame and harass with this Honorable Court in violation of the Louisiana court seal.

4.  These Defendants must be held responsible for the harm that their 17 U.S.C. § 512(f) misrepresentations, abuses of process and the subsequent incorporation of these tortious acts into a Louisiana state court lawsuit that was also specifically designed to 1.) Deprive Plaintiff

of access to his Counsel and 2.) Legitimize under the color of Louisiana State law two (2) - 17 U.S.C. § 512(f) Misrepresentations along with Abuses of process along with the damages caused by their repeated use of the Louisiana State Court system to collaterally attack a previous judgment of this Court have caused Plaintiff.

5. The cumulative actions of the Defendants, one of whom was acting as an officer of the Louisiana State Courts as a practicing attorney (now suspended pending permanent disbarment for threat of harm to the public) has caused Plaintiff irreparable harm and substantial, ongoing damages including Chilled Free Speech in the form of journalism in the public interest involving a matter of public interest on the Mississippi Gulf Coast that Plaintiff is "chilled" from publishing. Therefore, Plaintiff seeks declaratory and injunctive relief along with actual, compensatory, punitive and nominal damages against these Defendants.

## II. PARTIES

6. Plaintiff Douglas Handshoe both publishes his company's website and resides within this judicial district. His principal office is located at 110 Hall Street, Wiggins, Mississippi 39577.

7. Defendant Daniel G. "Danny" Abel is a person of age and a citizen, domiciliary of the State of Louisiana and whose last known address was located at the Super 8 Motel in Jefferson Parish Louisiana located at 2421 Clearview Parkway, Room 106, Metairie, LA 70001.

8. Defendant Chris Yount is a person of age and a citizen, domiciliary of the State of Louisiana and whose address is 545 Terrace Street, Jefferson, LA 70121. He resides with his minor son Carver Yount at the same address, acting as the minor's legal guardian.

4

9. Defendant Vaughn Perret is a person of age and a citizen, domiciliary of the Province of Nova Scotia Canada and who resides and is domiciled at Trout Point Lodge 189 Trout Point Rd, East Kemptville, NS B5A 5X9, Canada.

10. Defendant Charles Leary is a person of age and a citizen, domiciliary of the Province of Nova Scotia Canada and who resides and is domiciled at Trout Point Lodge 189 Trout Point Rd, East Kemptville, NS B5A 5X9, Canada.

### III. JURISDICTION AND VENUE

11. Plaintiff's claims arise under the copyright laws of the United States, 17 U.S.C. §§ 101 et seq., and Title II of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512, and the Declaratory Judgment Act. Plaintiff has pendant State law claims of Abuse of Process and Civil Conspiracy against the defendants under the laws of the State of Mississippi for their actions involving the United States Court System which have occurred after the filing of the First Amended Complaint.

12. This Court has both general and specific jurisdiction over the Defendants because they intentionally caused harm to the Plaintiff in Mississippi including substantively engaging the processes contained in Title II of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512 aimed at Plaintiff Handshoe in his personal capacity, his capacity as Publisher of Slabbed New Media and his media company in their domiciliary in Mississippi. Defendants' actions submitting a misrepresented DMCA takedown notice in a successful attempt to force Slabbed New Media, LLC to take down constitutionally protected free speech in the form of journalistic posts to the Slabbed New Media LLC website were directed to a Mississippi legal business entity and ultimately its owner in his personal capacity, creating impacts on the business of that entity and its publisher in his personal capacity, including causing injury leading to damages, which subject the defendants to the

jurisdiction and venue of this Court. The Defendants knew or should have known their conduct substantively engaging the United States legal system via submission of DMCA Takedown Notices under 17 U.S.C. § 512, related abuse of process involving a Louisiana State Court order in deprivation of Plaintiff's valuable constitutional rights and subsequent successful attempt to legitimize these actions under the color of Louisiana State law were aimed at a Mississippi resident in his personal capacity and his registered Limited Liability Company that subject the Defendants to the jurisdiction and venue of this Court.

13. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1332 and 1338 and the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. additionally this Court has subject matter jurisdiction under 28 U.S.C. § 1367(a). This action involves claims that are inherently related to *Trout Point Lodge et al v Handshoe*, a case of first impressions heard and decided by this Honorable Court as affirmed by the United States Fifth Circuit Court of Appeal that the Defendants have repeatedly attempted to collaterally attack by misusing the processes of the Louisiana state courts and the Nova Scotia provincial courts.

14. Venue is proper in this district under 28 U.S.C. § 1391.

## IV. FACTUAL BACKGROUND

15. The following factual background in larger context represents the events leading to the sixth of six Defamation lawsuits against instant plaintiff to which Daniel Abel, Chris Yount, along with Abel's business partners at Trout Point Lodge, Ltd of Nova Scotia have played substantial roles, including two in the State of Louisiana that have joined Plaintiff's attorney from the case *Trout Point Lodge et al v Handshoe* in acts of retaliation against Plaintiff for exposing the role of the Trout Point partners as Aaron Broussard's unindicted co-conspirators involving what United States prosecutors would ultimately term a bribery scheme. Each of

6

the last four Defamation lawsuits filed by these Defendants has also been used to attempt collateral attacks on the previous judgment of this Court in *Trout Point Lodge et al v Handshoe*. As such instant Plaintiff expressly incorporates the factual background contained in paragraphs 16 through 80 of his first amended complaint in the civil action styled *Handshoe v Perret et al*, Case 1:15-cv-00382-HSO-JCG, ECF Document 9.

16. On January 23, 2014 a picture sketched by Carver Yount was filed into the official case record in 24th Louisiana Judicial District Case Number 665658, *Yount v Steitle* by the minor's mother Tami Steitle, who shared joint custody of the minor with her ex-husband Chris Yount.

17. On February 12, 2014 Plaintiff obtained this the public, unsealed court filing containing the picture sketched by Carver Yount filed on January 23, 2014.

18. On February 13, 2014, Plaintiff published *Very disturbing child welfare issues raised in 24th JDC case* shown as Exhibit 1 in the Original Complaint in this civil action. This post contained a scaled jpg image ("click to pdf") created by Plaintiff from the pdf of the public court filing obtained by Slabbed New Media from then unsealed court record in *Yount v Steitle*. Both the jpg image and the full resolution pdf file of the court filing contained the image drawn by the Yount minor as well as the court stamps of the Jefferson Parish Court. The Yount minor child in question had been subject of a very bitter custody dispute that literally spanned years. The drawing, uploaded to the DeviantArt.com website by the minor, was discovered by the child's teacher and given to his mother Tami Steitle, who subsequently filed it into the court record as specified in paragraph 16. On its face this disturbing image represented a serious cry for help from a child failed by the Jefferson Parish

court system to timely resolve a bitter custody dispute, one that by that time had spanned almost eight years.

19. On February 17, 2014 instant Plaintiff obtained additional unsealed court filings from the record of the case *Yount v Steitle*, including a recusal order entered by Judge Raymond Steib dated February 12, 2014 but which was drawn and posted online on February 13, 2014.

20. On February 18, defendants Abel and Yount attended an emergency hearing in the case State Court case styled *Yount v Steitle* before by Judge Molaison, a hearing they moved the court to schedule. This emergency hearing resulted in a court order that Defendants Abel and Yount would later send to Plaintiff's media company's webhost claiming it was binding upon Plaintiff, who was never given notice of the hearing nor had any knowledge of its scheduling on February 18, 2015. This court order was filed into the official court record in *Yount v Steitle* on February 24, 2014 and made available to the public on February 25, 2014.

21. On February 18, 2014, Charles Leary, acting in close concert and in collusion with Defendants Abel, Perret submitted a DMCA Takedown notice to New Dream Network, Slabbed New Media, LLC's webhost in which Leary, on behalf of himself and his Trout Point partners Perret and Abel, falsely claimed ownership over parodies created by third parties unconnected to Trout Point that were published to the Slabbed new Media website with the express consent of the owner/creators of the creative works in question and for creative works that were the subject of multiple previous DMCA Takedown Notices previously submitted by the Trout Point Partners, the National Geographic Society, Progress Media Limited of Nova Scotia and Marilyn Smulders. The Trout Point Partners would subsequently closely coordinate the Misrepresentations contained in this Takedown Notice with defendant Yount and the Loyola University Stuart Smith Law Clinic, who would later

misportray the facts surrounding the submission of this Takedown Notice in their respective appellate briefs to the Louisiana Fifth Circuit Court of Appeals in the case *Yount v Handshoe et al.*

22. In reliance on the Misrepresentations, pursuant to the procedure set forth in the DMCA, New Dream Network acted expeditiously to disable access to the material identified in the notice and subsequently terminated the valuable hosting arrangement between Plaintiff's company Slabbed New Media, LLC and New Dream Network. But for those misrepresentations, New Dream Network would not have disabled access to the posts containing the media identified in the notice nor would have the Slabbed New Media hosting account been terminated.

23. On February 20, 2014, Plaintiff obtained the following minute entry from the emergency hearing held on February 18, 2014 before Judge Molaison in the case *Yount v Steitle* via the Jeff Net system:

## 24th Judicial District Court
## Parish of Jefferson - State of Louisiana

| | | |
|---|---|---|
| CHRIS EDWIN YOUNT | Case Number: | 665-858 |
| Versus | Division: | E |
| TAMI RENE STEITLE, TAMI R STEITLE, TAMI R STEITLE | Date: | 02/18/2014 |
| | Court Reporter: | Not done in open court |
| Judge: John J. Molaison Jr. | | |

Plaintiff attorneys: DANIEL G. ABEL for CHRIS EDWIN YOUNT

Defendant attorneys: SELF REPRESENTED LITIGANT for TAMI RENE STEITLE

Motions taken up:

By P 1 STATUS CONFERENCE HELD IN CHAMBERS. THE COURT ORDERED THE FOLLOWING EXHIBITS, PREVIOUSLY FILED INTO THE RECORD, UNDER SEAL: FILED ON 1/16/14 EXHIBITS A DRAWINGS( 6 PAGES), EXHIBIT B DRAWINGS (3 PAGES), EXHIBIT C SUSPENSION SHEET (3 PAGES), EXHIBIT D DRAWINGS (2 PAGES) AND FILED ON 6/9/2009 REPORT OF MARTHA BUJANDA (28 PAGES). ALSO UNDER SEAL THE JUDGMENT SIGNED BY JUDGE STEIB ON 12/30/13. THE COURT ORDERED BOTH PARTIES TO SUBSCRIBE TO THE FAMILY WIZARD (WITH TONER). THE COURT FURTHER APPOINTED KAREN HOUGHTALING AS PARENT COORDINATOR WITH ACCESS TO THE FAMILY WIZARD. BOTH PARTIES TO CONTACT MS. HOUGHTALING WITHIN 7 DAYS. THE COURT FURTHER APPOINTED THE STUART SMITH LAW CLINIC TO REPRESENT THE MINOR CHILD. MR. ABEL TO SUBMIT A JUDGMENT WITHIN 10 DAYS..

/s/ Patricia Gardner, Deputy Clerk

24. On February 21, 2014, Plaintiff published *Ready, Willing and unAbel: A Super 8 Motel Legal Department Update* shown as Exhibit 2 in the Original Complaint.  This post contained a hyperlink to the image contained in the case *Yount v Steitle* that was published on February 13, 2014 as specified in paragraph 18.  This post concerned Defendant Abel claiming in official US District Court filings that he was too ill to litigate certain of his cases, one of which has been the subject of several news reports in both the New Orleans Advocate and New Orleans Times Picayune, while he actually was actively litigating others during the same time period.  One such case styled *Gates v Swartz* in the United States District Court for the Eastern District of Louisiana wherein Abel, on behalf of his adopted son Shane Gates filed suit against Louisiana District Court Judge Richard Swartz alleging Treason had attracted substantial amounts of media attention as Abel himself heavily promoted the case on the Human Events website.[1]

25. On February 24, 2015 Judge Molaison signs the written order pertaining to the proceedings held on February 18, 2014 in Yount v Steitle.

26. On February 25, 2014 Judge Molaison's Court enters "Notice of Signing of Judgment" and the parties to Yount v Steitle receive due process notice of the written order from the emergency hearing held February 18, 2014, which is exhibited at ECF #22-1. It was posted to Jeff Net for the public on February 25, 2014.

27. Sometime between February 25, 2014 and February 28, 2014 Defendant Abel sends court order that he obtained in *Yount v Steitle* to Plaintiff's webhost HostGator.com, LLC by his

---

[1] Human Event has been Abel's media outlet of choice to float his massive conspiracy theories concerning the St Tammany Parish Judiciary and law enforcement over what is essentially a basic Driving while under the influence case against his adopted son Shane D'Antoni aka Shane Gates that now enters its 10th year unresolved in large part due to Abel's habit of filing civil actions suits against presiding judges and witnesses.

own admission. Plaintiff's media company's webhost took no action with respect to the posts
to which Abel complained.

28. On February 28, 2014, Plaintiff received a DMCA takedown notice from webhost

HostGator.com LLC via support ticket number CGN-27400313. This takedown notice

contained the text of an email sent by Defendant Abel to HostGatorLLC.com as follows:

> I recently contacted you regarding an Order from the Civil District Court in Louisiana in
> the matter of Yount v. Steitle. A copy of the relevant Court Order was attached.
>
> In addition to publishing sexually explicit material involving a minor, Douglas Handshoe
> has published a drawing that is the creative work of the minor child. He has no
> permission to publish or reproduce this image in violation of copyright.
>
> I represent the father & guardian of the author of the drawing. The infringing image is
> being published at the URL
>
> http://slabbed.org/wp-content/uploads/2014/02/divorce-imaged-1-23-14.jpg
>
> I have a good faith belief that use of the material in the manner complained of is not
> authorized by the copyright owner, its agent, or the law. I swear, under penalty of perjury,
> that the information in the notification is accurate and that I am authorized to act on
> behalf of the owner of an exclusive right that is infringed.
>
> My name below serves as my digital signature.
>
> Daniel G. Abel, Esq.
> (504) 908-2033

29. The image represented by Defendant Abel as infringing a copyright was in fact the public

court record that Plaintiff obtained from the case Yount v Steitle which bears the stamps and

markings of the Jefferson Parish Courts. Additionally, the mother of the minor child, Tami

Steitle, who at this time was under a joint custody arrangement with her ex-husband

Defendant Yount, upon knowledge and belief, did not authorize Defendant Abel to engage the legal processes found in 17 U.S.C. § 512 on behalf of her son.[2]

30. In reliance on the misrepresentations, pursuant to the procedure set forth in the DMCA, HostGator.com LLC acted expeditiously to disable access to the material identified as infringing in the notice. But for those misrepresentations, HostGator.com LLC would not have disabled access to the posts containing the media identified in the notice.

31. On March 1, 2014 sends counter notification pursuant to the procedures outlined at 17 U.S.C. § 512. Defendants Abel and Yount failed to file for an injunction and the image was restored on March 18, 2014.

32. On March 20, 2014, Abel on behalf of Yount filed *Chris E. Yount v Douglas K. Handshoe, Slabbed.org, Slabbed New Media, LLC and Jack E. "Bobby" Truitt* in the 24th Judicial District Court, Parish of Jefferson, State of Louisiana alleging the tort of defamation. The complaint filed by Abel and Yount was attached as Exhibit A to the First amended complaint.

33. On March 20, 2014 Abel obtained, improperly via ex parte proceedings, a case seal on the suit he filed ostensibly on defendant Yount's behalf.

34. On March 27, 2014 Plaintiff received a takedown notice from webhost HostGator.com LLC via support ticket number FEW- 27647547. This takedown notice contained the following text:

> We continue to receive communications regarding a domain under your control. Based on the nature, severity, and frequency of these complaints, we are now no longer comfortable providing continued hosting for this content. At this time we are allowing 48 hours for the removal of the posts referenced below and the associated material. Should there be any issues with this, please reply back.

---

[2] Please see the sworn Affidavit of Tami Steitle attached as Exhibit A to this Second Amended Complaint.

Otherwise, please notify us once the required actions have been taken.

http://slabbed.org/2014/02/21/ready-willing-and-unabel-a-super-8-motel-legal-department-update/

35. On March 27, 2014, Plaintiff replied to his webhost regarding Ticket FEW-27647547 in part as follows:

> I want to reiterate that to the extent the post in question consisted of publicly available court documents from PACER and JeffNet, I am at a loss as to any communications HostGator is receiving beyond the DMCA notice bearing HostGator reference CGN-27400313 dated 2-28-14 (linked featured in the same post as contained in Ticket FEW-27647547) as I have no received any communications on this matter let alone any of the 'severe' variety.
>
> As such I'd like to get some sort of idea what HostGator has received on this matter along with the identity of the sender and renew my request for a copy of any correspondence received by HostGator related to ticket FEW-27647547.
>
> Please know I am taking this matter very seriously.

36. Upon knowledge and belief the correspondence referred to by HostGator, LLC in Ticket FEW-27647547 was from Defendant Abel, who sent them a copy of the 24th Judicial District lawsuit he filed against instant Plaintiff and his lawyer on March 20, 2014 which included an accompanying threat to include HostGator.com, LLC as a Defendant in the Jefferson Parish civil action. This misuse of the legal process, along with the previous/continuing misuse of the court order from *Yount v Steitle* in turn caused HostGator.com, LLC to require Plaintiff to remove constitutionally protected SPEECH about the public court record from its servers.

37. On April 4, 2014, Defendants Abel and Yount filed a Motion to deem Requests for Admissions as admitted and to compel in the case domestic case *Yount v Steitle*. The Request for Admissions discovery sought by Abel on Yount's behalf of Miss. Steitle is as follows:

**REQUEST FOR ADMISSION NO. 1**

    PLEASE ADMIT:
    That you have had contact with Douglas K. Handshoe.

**REQUEST FOR ADMISSION NO. 2**

    PLEASE ADMIT:
    That you have had contact with Jack E. "Bobby" Truitt.

**REQUEST FOR ADMISSION NO. 3**

    PLEASE ADMIT:
    That you have had contact with Anne Marie Vandenweghe [Boudreaux].

**REQUEST FOR ADMISSION NO. 4**

    PLEASE ADMIT:
    You have posted statements on Slabbed.org over the past three years.

**REQUEST FOR ADMISSION NO. 5**

    PLEASE ADMIT:
    You had contact with Douglas K. Handshoe immediately after the in-chambers
    meeting with the Judge on 18 February 2014.

**REQUEST FOR ADMISSION NO. 6**

    PLEASE ADMIT:
    You had contact with Slabbed.org immediately after the in-chambers meeting
    with the Judge on 18 February 2014.

38. On April 9, 2014 Judge Molaison granted the Yount Motion of April 4, 2014 to deem the Requests for Admissions shown above as "admitted" by Miss Steitle and scheduled a hearing on the Motion to Compel for May 6, 2014.

39. On July 28, 2014, Louisianan 24th Judicial Court Judge Schlegel struck defendant Yount's defamation suit under Louisiana's anti-SLAPP Statute more commonly known as Article 971.

40. On September 17, 2014 Abel, Yount filed an appeal to the Louisiana Fifth Circuit Court of Appeals.

41. On November 6, 2014, Attorney Abel was suspended from the practice of law by order of the Louisiana Supreme Court for "threat of harm to the public".

42. On March 12, 2015, Charles Leary, despite being represented by Judith Barnett of Jackson Mississippi in the case *Trout Point Lodge et al v Handshoe*, emailed the Chambers of Chief Judge Louis Guirola accusing instant Plaintiff and his lawyers in the case *Trout Point Lodge*

*(Left margin, rotated)* IMAGED APR 14 2014

*et al v Handshoe* of committing frauds upon the Court in that case.  On page three of the accompanying 25 page pdf memorandum dated March 11, 2015 that was attached by Defendant Leary to the email to Judge Guirola's Chambers included a direct quote from a brief submitted by co-defendant Truitt in the case *Yount v Handshoe et al* filed as filed by Abel, purportedly on Yount's behalf, **under seal** on March 20, 2014. The case record in that matter was not unsealed by Judge Schlegel of the 24th Judicial District Courts until July 20, 2015.

43. On March 13, 2015 the Chambers of Judge Louis Guirola advised Leary to file a proper Motion in accordance with local rules.

44. On March 30, 2015 a hearing in the case *Yount v Handshoe et al* was held in Gretna Louisiana before Judge Schlegel's sealed courtroom. Slabbed New Media, LLC was represented by instant Plaintiff's wife, who volunteers as an Assistant Manager for Community Engagement at Slabbed New Media, LLC.  Judge Schlegel admonished the Slabbed New Media LLC representative about the case seal and that the case was not to be publicized in any way.

45. On March 31, 2015, the weblog Real-Malice, an interactive website hosted by Google Inc. located virtually at Uniform Resource Identifier www.real-malice.blogspot.com that is closely associated with the Defendants published *Jennifer Handshoe: An Officer of Slabbed New Media, LLC*[3] which contained an account of the closed, sealed proceedings in direct violation of the case seal Defendant Abel had earlier improperly obtained via ex parte proceedings.[4]

---

[3] http://real-malice.blogspot.com/2015/03/reader-comment-jennifer-handshoe.html

[4] This weblog posting is attached as Exhibit B to this Second Amended Complaint.

46. On April 1, 2015, Defendants Leary and Perret filed a Motion for Leave to File an Amicus

Brief in the case *Yount v Handshoe et al* despite the fact they should have had no knowledge

of it as it was sealed in its entirety upon Ex Parte motion of Defendant Abel on March 20,

2014. On page two of the Leary and Perret Motion and despite the existence of a case seal

obtained by Leary and Perret's business partner Abel, both amazingly admit, "The

Applicants have read the briefs of the parties as well as the Amicus brief of Jack E. Truitt", a

tacit admission of their breach of the case seal. On Page three of the same motion Leary and

Perret write the following in reference to their emails of March 12th and March 13th to the

Chambers of Judge Louis Guirola:[5]

> A motion by Applicant Leary to vacate the trial court decision based upon fraud upon the
> court under Federal Rule of Civil Procedure 60(d)(3) is currently in preparation as per
> instructions from the judge's chambers.

47. On May 21, 2015 Defendants Leary and Perret, despite being represented by Judith Barnett

of Jackson Mississippi filed a Pro Se Motion for Original Discipline with the United States

District Court for the Southern District of Mississippi again accusing instant Plaintiff and his

lawyers in the case *Trout Point Lodge et al v Handshoe* (local case number 12cv90) of

committing frauds upon the Court in that case.  In the accompany memorandum in support

thereof (ECF #64-3) Leary Exhibited a sealed court document from the case *Yount v*

*Handshoe et al* despite the fact the case was not unsealed by Judge Schlegel until July 20,

2015.

48. On May 28, 2015, the Louisiana Fifth Circuit Court of Appeals overturned the lower court

ruling striking the Yount suit and ordered Slabbed New Media LLC to pay Yount's attorney

---

[5] The Leary-Perret Motion to the Louisiana Appellate Court is attached as Exhibit C to this Second Amended
Complaint. The Louisiana Appellate Court, despite the existence of the case seal which Abel, Yount, Leary and
Perret so self-evidently violated, included Leary and Perret as parties in interest when the appellate opinion
reversing the Special Motion to Strike was issued.

fees. This ruling directly precipitated the Chapter 11 Bankruptcy of Slabbed New Media, LLC causing Plaintiff monetary damages.

49. On June 11, 2015 Defendants Leary and Perret submitted more of the sealed case record in *Yount v Handshoe et al* to the United States District Court for the Southern District of Mississippi via a rebuttal brief (ECF #67).

50. On July 20, 2015 Judge Schlegel of the Louisiana District Court, after repeated re-urgings by instant Plaintiff of his Motion to Unseal the *Yount v Handshoe et al* in that case, belatedly unsealed substantial portions of the case record, well after the instant Defendants had repeatedly and flagrantly violated the case seal they improperly obtained, in part to improperly use the official processes of the Louisiana State Courts to attempt collateral attacks upon the previous judgments of this Honorable Court.

## V. CAUSES OF ACTION

### COUNT I
### MISREPRESENTATION UNDER 17 U.S.C. § 512(F)
### DEFENDANTS ABEL AND YOUNT

51. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs of this Complaint.

52. The DMCA Takedown Notice of February 28, 2014 represented that the Slabbed New Media, LLC posts infringed copyrights owned by Carver Yount on whose behalf the Defendants Abel and Yount swore they were authorized to act.

53. The Slabbed New Media, LLC post is a self-evident non-infringing fair use of a public court document containing the drawing of Carver Yount under 17 U.S.C. § 107. This is in because the Slabbed New Media, LLC post on the public court document is subject to qualified privilege under the First Amendment to the United States Constitution as protected

commentary on a public matter and non-commercially transformed a drawing that was never offered for sale to the public and does not in any way substitute for the work or harm any potential market for the work.

54. On information and belief, the Defendants had actual subjective knowledge of the contents of the Slabbed New Media, LLC post and that it did not infringe any copyrights on the date they sent HostGator.com, LLC the takedown notice regarding the public court document. With this actual subjective knowledge, Defendants acted in bad faith when they sent the takedown notice, knowingly and materially misrepresenting that they had concluded that the postings were infringing.

55. In the alternative, Defendants should have known, if they had acted with reasonable care or diligence, or would have no substantial doubt had they been acting in good faith, that the Slabbed New Media, LLC posting did not infringe on any of Carver Yount's copyrights on the date they sent HostGator.com, LLC the takedown notice under the DMCA.

56. Defendants violated 17 U.S.C. § 512(f) by knowingly materially misrepresenting that the Slabbed New Media, LLC posting infringed on Carver Yount's copyright.

57. On information and belief, Defendants knew at the time they sent the Takedown Notice that the representations in the Takedown Notice that material or activity was infringing were false.

58. The misrepresentations contained in the Takedown Notice were material to HostGator.Com, LLC's decision to require Plaintiff disable access to the Slabbed New Media, LLC posts that were subject of the Takedown Notice causing Plaintiff to incur monetary damages including loss of his valuable First Amendment rights.

18

## COUNT II
### ABUSE OF PROCESS
### DEFENDANTS ABEL AND YOUNT

59. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs of this Complaint.

60. The court order obtained by Abel and Yount from Yount v Steitle that was subsequently served upon Plaintiff's webhost by Abel and Yount whom represented it as being valid and binding upon Handshoe and Slabbed New Media, LLC:

    a.  Abel and Yount made an illegal use of a legal process, a use neither warranted nor authorized by the process,

    b.  Abel and Yount had an ulterior motive in obtaining the order

    c.  Plaintiff incurred damages that resulted from the perverted use of process.

## COUNT III
### ABUSE OF PROCESS
### DEFENDANTS ABEL AND YOUNT

61. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs of this Complaint.

62. By filing a defamation suit against Plaintiff and serving it on Plaintiff's webhost threatening further legal action to force the takedown of constitutionally protected free speech on the public court record :

    a.  Defendants made an illegal use of a legal process, a use neither warranted nor authorized by the process,

    b.  Abel and Yount had an ulterior motive in filing in the civil action

    c.  Plaintiff incurred damages that resulted from the perverted use of process.

## COUNT IV
## ABUSE OF PROCESS
## DEFENDANTS ABEL, YOUNT, LEARY AND PERRET

63. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs of this Complaint.

64. The improperly obtained case seal by and subsequent multiple breaches of the seal they obtained in order to attempt a collateral attack upon a previous judgment of this Court:

    a.  made an illegal use of a legal process, a use that was neither warranted nor authorized by the process,

    b.  with the ulterior motive of continued harassment of both Plaintiff and his counsel with meritless briefs,

    c.  Causing Plaintiff to incur damages that resulted from the perverted use of process.

## COUNT V
## CIVIL CONSPIRACY

65. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs of this Complaint.

66. The Defendants, between themselves entered into a civil conspiracy to deprive Plaintiff of his valuable First Amendment rights via submission of a misrepresented Takedown Notices pursuant to 17 U.S.C. § 512(f); legitimize under the color of state civil defamation action the misrepresentations made pursuant to 17 U.S.C. § 512(f), as well as collaterally attack a previous judgment of this Court via abuses of official state court processes.

67. The Defendants never intended to seek remedy for their alleged instances of copyright infringement in the United States Courts when they substantively engaged the legal process outlined at 17 U.S.C. § 512.

68. The Defendants, between themselves entered into a civil conspiracy to submit misrepresented DMCA Takedown notices in order to enable Defendants Leary and Perret to collaterally attack a previous judgment of this Court.

69. Defendants furthered this conspiracy with a case seal obtained via ex parte proceedings in the Louisiana State court action styled *Yount v Handshoe et al*, after substantively engaging the legal processes found in 17 U.S.C. § 512 before then misusing the processes of the United States District Court for the Southern District of Mississippi and the Louisiana State courts for uses that were never intended by the processes.

70. As a direct and proximate result of Defendants' actions, Plaintiff has been injured substantially and irreparably. Such injury includes, but is not limited to, the financial and personal expenses associated with responding to the claim of infringement, loss of professional reputation and irreparable harm to his free speech rights under the First Amendment to the United States Constitution.

71. As a result of their civil conspiracy and other torts herein alleged, Defendants owe Plaintiff an amount in compensatory damages in the amount of $18,962 plus additional compensatory damages in an amount still to be determined due to ongoing harm caused by Defendant's tortious conduct. Additionally Defendants owe Plaintiff an amount in nominal damages in the amount of five dollars calculated at the rate of one dollar for each count for damages to Plaintiff's Free Speech rights guaranteed under the United States Constitution. Further, because of the fraudulent, intentional, malicious course of conduct, and actions with reckless disregard for the rights of the Plaintiff, the Defendants owe an award of punitive damages in an amount sufficient to punish and deter such similar conduct in the future in the amount of five times the amount of the actual, nominal and compensatory damages for a total of

$113,802 plus additional amounts determined by this Court to compensate Plaintiff for ongoing damages and irreparable harm caused by Defendant's tortious conduct.

### COUNT VI
### DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201, ET SEQ.
### (DECLARATORY JUDGMENT ACT)
### AND THE COPYRIGHT ACT (TITLE 17 OF THE U.S. CODE)

72. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs of this Complaint.

73. There is a real and actual controversy between Plaintiff and Defendants regarding whether Slabbed New Media's use of a public court filing in postings regarding an unsealed court state court case infringes on copyrights that the Defendants lawfully owns or administers.

74. Defendant's conduct has forced both Plaintiff and Slabbed New Media to choose between performing journalism in the public interest and sharing this work with the public and risking legal liability via meritless SLAPP suits originating from Louisiana, a venue with no connection to Plaintiff Handshoe in his personal capacity. The controversy between Handshoe and the Defendant is thus real and substantial and demands specific relief through a decree of a conclusive character.

75. Plaintiff Handshoe is entitled to declaratory judgment that his use of the photographs in question as agent and Publisher of Slabbed New Media, LLC is lawful under the fair use doctrine and does not infringe on any of the Defendants' copyrights.

76. Further Plaintiff Handshoe is entitled to declaratory judgment that as a matter of law he has no liability in his personal capacity over content belonging to a third party in which he acts as agent pursuant to the Mississippi Limited Liability Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

a. For actual, compensatory, punitive and nominal damages according to proof in the minimum amount of $113,802 plus addition amounts according to proof;

b. For an order enjoining Defendants, their agents, attorneys, and assigns from asserting a copyright claim or incorporating their abuses 17 U.S.C. § 512 or abuses of process as a factual basis in any further state court actions and to enjoin defendants from continuing such actions so adjudged without first seeking leave of this Court.

c. For an order declaring as "Fair Use" all photographs used in the reporting posted by Publisher Handshoe to the Slabbed New Media website that was previously subject to Takedown notices as alleged in this action.

d. For costs and attorneys' fees pursuant to 17 U.S.C. § 512(f), or otherwise as allowed by law; and

e. For such other and further relief as the Court shall find just and proper.

Respectfully submitted this 6th day of January, 2016,

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on January 6th, 2016 the foregoing was sent for

electronically filing by me via the Clerk of the Court using the ECF system which sent

notification of such filing to the following ECF participants:

Chris Yount
Pro Se
545 Terrace Street
Jefferson, LA 70121

I, Douglas Handshoe, certify I have sent a true and correct copy of the foregoing to the

following via United States Mail:

Daniel G. Abel
Pro Se
C/O The Super 8 Motel / Desai Enterprises
2421 Clearview Parkway, Room 106
Metairie, LA 70001

Respectfully submitted this 6th day of January, 2016,

Douglas Handshoe, Pro Se
Post Office Box 788
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com