# EXHIBIT A

# AFFIDAVIT OF TAMI STEITLE

STATE OF LOUISIANA

PARISH OF JEFFERSON

The undersigned, TAMI STEITLE, being duly sworn, hereby deposes and says:

I am over the age of 18 and am a resident of the State of Louisiana. I have personal knowledge of the facts herein, and, if called as a witness, could testify completely thereto. I suffer no legal disabilities and have personal knowledge of the facts set forth below.

1. I am the mother of a minor child in an ongoing custody case. Ramona Fernandez was appointed as attorney for my son in the custody case. Ramona Fernandez injected my minor son in an appellate defamation case Yount v. Handshoe without my permission, his mother, "Tami Steitle." When Chris Yount filed the original petition alleging defamation by Douglas Handshoe, filed in April of 2014, I had joint custody of my son and was never consulted concerning the filing.

2. Mr. Yount was given temporary interim custody August of 2014, after this case was filed. See attached Exhibit "A"

3. Ramona Fernandez was sent emails by me asking her to remove my son from the defamation case Yount v. Handshoe, and refused to do so. See attached Exhibit "B"

4. The postings of Mr. Handshoe regarding my minor child did not come to my attention until it was discussed in an in chambers conference with Judge Molaison February 28, 2014. Judge Molaison did order the we take necessary steps to remove the pictures. See exhibit "C"

5. In a phone conversation with Mr. Yount and myself, I was told by him not to contact Mr. Handshoe that he personally was taking care of it.

6. After multiple phone calls asking Mr. Yount what steps he had taken to do so, he just replied don't worry about it, I'm taking care of it.

7. After weeks of no confirmation of the handling from Mr. Yount regarding the matter, I contacted Mr. Handshoe to insure the removal of my son's drawing. I was contacted regarding this matter by attorney Connie Montgomery at Mr. Handshoe's request. I was assured in that conversation with Ms. Montgomery that the postings had been removed and would not be posted in public view again and saw no reason to pursue the matter further, legally or otherwise.

8. Without my knowledge or permission, Mr. Yount filed a petition against Mr. Handshoe regarding personal defamation of himself. To my knowledge, my son was never involved in the original petition Mr. Yount filed against Mr. Handshoe in April of 2014.

9. It recently came to my attention that Ramona Fernandez filed a co-brief in the appellate court with Mr. Yount injecting my son, and then later removed him from that brief and injected our son in the case a second time independent from Mr. Yount's defamation case against Mr. Handshoe. Ramona Fernandez was only assigned to represent our son in the civil custody case and never did Judge Molaison allow or give her permission to inject our son in any defamation suit for personal gain. In fact, I'm sure the Judge has no knowledge of it since this matter has not been before the court in our civil custody case. It is certainly very questionable and a conflict why she would enter into a co-brief with my ex-husband Mr. Yount, especially while we were undergoing a custody evaluation for custody. Definitely a conflict at play with Ms. Fernandez in this case.

10. I did not agree that it was necessary for Mr. Handshoe to post my son's drawing on his sight to make his point, however, I did not find any reason to personally inject my son in a legal defamation suit that would only bring him into a legal arena causing him more embarrassment, and emotional problems if better left alone. I personally don't see how to date my son was harmed, and is my belief that this case is a frivolous attempt by Mr. Yount and Ramona Fernandez to extract financial gain personally from Mr. Handshoe. In fact, the actions of Mr. Yount and Ramona Fernandez have increased the likelihood of harm to my son by exposing him to potential liability and subject to depositions and appearance in court. I do respect our right to freedom of speech in our country even if I don't agree with some of the speech. It is one of the very freedoms of living in the United States of America

11. Ramona Fernandez' ethical and legal integrity are seriously at question when she has not adhered to the legal and proper procedure in not only this case by injecting our son in this case without authority or proper investigation of her legal authority by overstepping the law, but also in my personal ongoing civil case as well. She recently denied any visitation with my son that was ordered by the 24th JDC of Jefferson Parish, never going through any legal procedure to change that order still in place to date.

## NOTARY ACKNOWLEDGEMENT

STATE OF LOUISIANA

PARISH OF JEFFERSON

On this 24 day of August, 2015, before me personally appeared Tami Steitle, to me known to be the person described in and who executed the foregoing Affidavit, and, being first duly sworn on oath according to law, desposes and says tha she has read the foregoing Affidavit subscribed by her and that the matters stated herein are true to the best of her information, knowledge and belief.

AFFIANT: _____

TAMI STEITLE

SWORN TO AND SUBSCRIBED

BEFORE ME, NOTARY PUBLIC,

THIS 24 DAY OF AUGUST, 2015.

_____

CONNIE S. MONTGOMERY
NOTARY PUBLIC
Commission No.: 54735
My Commission is for Life

24th JUDICIAL COURT FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO: 665-658                                        DIVISION "E"

CHRIS EDWIN YOUNT

VERSUS

TAMI RENEE STEITLE

FILED

FILED:_____     _____
                          DEPUTY CLERK

NOV 17 2014
DEPUTY CLERK

## INTERIM CONSENT JUDGMENT

This matter came before the Court on Defendant, Tami Renee Steitle's Motion for Contempt and Request for Additional Visitation Time and Sanctions for Contempt, on the 28th day of August 2014.

Present:   Chris Edwin Yount, Plaintiff         Tami Renee Steitle, Pro Se Defendant
           Daniel Abel, Attorney for Plaintiff

           Janey Lamar, Student Practitioner, and
           Ramona G. Fernandez, Supervising Attorney
           Stuart H. Smith Clinic & Center for Social Justice,
           Attorneys for the child.

The Court considering the law, the evidence and the consent of the parties, Chris Edwin Yount and Tami Renee Steitle, agree to the following:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Interim Consent Judgment issued on August 7, 2014 and signed August 28, 2014, granting Plaintiff, Chris Edwin Yount Temporary Sole Custody, and granting Defendant, Tami Renee Steitle, supervised visitation with the minor child, Carver Yount, every other weekend is hereby amended and Defendant shall have supervised visitation with the minor child, Carver Yount, every weekend, beginning Saturday, August 30, 2014, from 10:30 a.m. until 7:00 p.m.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Tami Renee Steitle's request for additional visitation time with the minor child is hereby pretermitted.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff, Chris Edwin Yount, is found not to be in contempt of court for Tami Renee Steitle not having visitation with Carver Yount at least half of the week of July 14, 2014 through July 20, 2014 and for week of July 28, 2014 to August 3, 2014.

EXHIBIT A (2 PAGES)

Carver Yount at least half of the week of July 14, 2014 through July 20, 2014 and for week of July 28, 2014 to August 3, 2014.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Hearing Officer Paul Fiasconaro's recommendation that Plaintiff, Chris Edwin Yount, be found in contempt for violating the December 2013 Christmas visitation week is hereby dismissed.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the minor child, Carver Yount shall resume therapy sessions with child psychiatrist, Dr. Douglas Pool and that Tami Renee Steitle, shall participate in therapy sessions with the child psychiatrist.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Chris Edwin Yount shall execute any authorization necessary for the child psychiatrist, Dr. Douglas Pool, to release reports to the attorney for the child, Ramona G. Fernandez and the Stuart H. Smith Clinic & Center for Social Justice. Furthermore, he shall authorize Dr. Douglas Pool to release a periodic report directly to the court.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the court costs awarded to Defendant, Tami Steitle by Hearing Officer Paul Fiasconaro, shall be awarded Court Costs in the amount of $132.00, is hereby dismissed.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Chris Edwin Yount shall pay court costs for the protective order signed on September 11, 2013 by Commissioner Bailey.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the parties shall contact the previously appointed custody evaluator, Martha Bujanda, M.S., L.P.C. and for her to submit an updated report to the court and the attorney for the child.

JUDGMENT RENDERED AND SIGNED on the 17th day of November 2014, in Chambers of Gretna, Louisiana.

_____
Chris Edwin Yount, Plaintiff

Daniel G. Abel
_____
Daniel G. Abel, Attorney for Plaintiff

_____
Tami Renee Steitle, Pro Se

_____
Janey Lamar, Student Practitioner

_____
Ramona G. Fernandez
Stuart H. Smith Clinic &
Center for Social Justice,
Attorneys for the minor child.

_____
JUDGE
S/ JOHN J. MOLAISON, JR.

Exhibit "B"

**tamandcarv .** <tamandcarv@gmail.com>  Mar 3

 ramona
Janey
quigley77
bcc:
tamandcarv

**Ramona and Janey,**

It has come to my attention that you have allegedly involved my son Carver Yount in an appellate defamation suit. Is this true, and would you please explain to me how or why you would inject my son in a lawsuit you have no legal authority to, according to Louisiana Law codes attached. I was not ever aware he was even involved at the Civil District Court level in a defamation suit, much less an appellate suit. I am very concerned at the irreparable damage from the shameful embarrassment it would cause him, and emotional scars he would be left with regarding this suit. If you have involved him in the alleged appellate defamation suit, I am asking you to remove him from this suit immediately. I await your prompt response to my questions, and your position handling this matter moving forward.

**With kindest regards,**

**Tami Steitle**
**Attachments area**
**Preview attachment Louisiana civil code.docx**

W

Louisiana civil code.docx

EXHIBIT B (3 PAGES)

**Ramona Fernandez** <ramonagfernandez@gmail.com>                               Mar 4

 me
ramona
Janey
bill

Dear Tami,

As you know, we were appointed as attorney for the child in the custody matter before Judge Molaison, shortly after your son's drawing were published and viewed by people on the internet. Judge Molaison instructed you and Chris to take whatever action was necessary to have the drawing removed from the internet. As a result, Chris, as the father and sole custodian of the child, filed an action to restrain the publisher of the blog from posting the drawing and stop posting defamatory comments about your son & his father on the internet. Therefore, we as attorneys representing the child, filed a brief to protect the child's interest. We will continue to represent our client until the court releases us from our appointment.

Sincerely,

Ramona

*Ramona G. Fernandez*
**Assist. Clinic Professor&**
**Assoc. Clinic Director**

**tamandcarv .** <tamandcarv@gmail.com>                                    Mar 4


Ramona

Ramona,

**Chris was not the sole custodial parent when the brief was filed against the blog site, we still had joint custody.**
**Is your position still the same regarding moving forward with this case. Awaiting your response.**

**Respectfully,**

**Tami Steitle**

634
P-1

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON
STATE OF LOUISIANA

NO. 665-658                                                    DIV. "E"

CHRIS EDWIN YOUNT
VERSUS
TAMI RENE STEITLE

FILED: _February 24, 2014_                        _Mary Najolia_
                                                    Deputy Clerk

## JUDGMENT

This matter came before Judge John J. Molaison, Jr. on the 18th day of February 2014.

Present:    CHRIS E. YOUNT, Plaintiff
            DANIEL G. ABEL, Attorney for Plaintiff
            TAMI RENE STEITLE, PRO SE DEFENDANT

After the testimony, evidence, argument of counsel and defendant and reviewing the pleadings the Court issued the following the Judgment:

IT IS ORDERED the following exhibits, previously filed into the records, are now under seal: filed on 01.16.2014 Exhibits A – Drawings (6 pgs), Exhibit B – Drawings (3 pgs), Exhibit C – Suspension Sheet (6 pgs), Exhibit D – Drawings (2 pgs); and filed on 06.09.2009 the report authored by Martha Buijanda (28 pgs). Also, under seal the Judgment signed by Judge Raymond Steib – Div. A on 12.30.2013.

IT IS ORDERED that both parents are to subscribe to the "Family Wizard (with toner).

IT IS ORDERED that Karen Houghtaling be appointed as the parent coordinator with access to the "Family Wizard". Both parties are to contact Ms. Houghtaling within seven (7) days.

IT IS ORDERED that the Stuart Smith Law Clinic is to represent the minor child.

IT IS ORDERED that Ms. Steitle is to have visitation with the minor child on weekends from Fridays after school until 5pm on Sundays, and minor is not to choose between parents in regards to weekend visitation.

IT IS ORDERED that the minor will spend two hours with Ms. Steitle on Wednesdays from 5pm to 7pm, and Ms. Steitle is no longer required to assist with homework assignments during this visitation time.

IT IS ORDERED that both parties and counsel do whatever maybe required to have all matters pertaining to the minor child removed from the website Slabbed.org.

JUDGEMENT RENDERED ON 18TH day of February 2014.

JUDGEMENT SIGNED this 24th day of February 2014, Gretna, Louisiana.

ISSUED _____
DATE _2/25/14_
                                            _____
                                                        JUDGE

EXHIBIT C