# EXHIBIT C

FILE FOR RECORD

2015 APR -1  AM 8: 43

DEPUTY CLERK
5TH CIRCUIT COURT OF APPEALS
STATE OF LOUISIANA

COURT OF APPEAL

FIFTH CIRCUIT

STATE OF LOUISIANA

DOCKET NO. 2014-CA-919

CHRIS E. YOUNT

V.

DOUGLAS K. HANDSHOE & JACK E. TRUITT

MOTION FOR LEAVE TO FILE
*AMICUS CURIAE* BRIEF

ARISING FROM THE 24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
CASE NO. 736,680
HON. SCOTT SCHLEGEL PRESIDING

Charles L. Leary, PhD

189 Trout Point Road
East Kemptville
Nova Scotia, Canada
B5A 5X9
Phone 902.482-8360
Email: foodvacation@gmail.com

Vaughn J. Perret

189 Trout Point Road
East Kemptville
Nova Scotia, Canada
B5A 5X9
Phone 902.482-8360
Email: foodvacation@gmail.com



Pursuant to *Rule of Court 2-12.11. Amicus Curiae Briefs*, Charles Leary, Ph.D. and Vaughn J. Perret hereby move for this Honorable Court to accept an *Amicus Curiae* brief in the case of Chris Yount v. Douglas Handshoe and Jack E. Truitt (2014-CA 919).

> **2-12.11. Amicus Curiae Briefs** Amicus curiae briefs may be filed only upon motion by the applicant and order of the court. The motion shall identify the interest of the applicant, state that the applicant has read the briefs of the parties, and state specific reasons why applicant's brief would be helpful to the court in deciding the cases. An amicus curiae may not request oral argument

Applicant Dr. Leary is not an attorney; Mr. Perret has been on longstanding leave of absence from the Louisiana State Bar. Both file this motion *pro se*. The Applicants have read the briefs of the parties as well as the *Amicus* brief of Jack E. Truitt.

The Applicants have an interest in this matter because they hired Appellant/Plaintiff Chris E. Yount as a process server to serve legal process on several occasions in civil litigations involving Mr. Handshoe; the defamatory blog publications at issue in this instant proceeding center on Mr. Handshoe's reaction to being served on various occasions by Mr. Yount while in the employ of the Applicants and others. The Applicants therefore have intimate knowledge of the facts in the case.

The Applicants's brief will speak to the public policy protecting process servers from retaliatory actions by defendants in civil litigation, and argue that retaliation against a process server through online harassment is not a matter of public interest as required by La. CCP Art. 971. The Applicants have special insight into both the law and the facts surrounding the current appeal, as they have spent a large part of the past four years studying and briefing the issue of Internet defamation as applied to civil cases

litigated both in the United States and Canada involving Mr. Handshoe and Mr. Truitt.

Former Louisiana residents, the Applicants were the Plaintiffs in defamation and copyright infringement actions against Mr. Handshoe in two Nova Scotia Supreme Court (Canada) decisions, with the enforcement of those judgments ongoing in the United States. In attempting to enforce the first 2012 $427,000 CAD defamation judgment against Handshoe (hereafter, "Handshoe I"), the case was removed to the U.S. District Court for the Southern District of Mississippi and then to the U.S. Court of Appeal for the Fifth Circuit by Handshoe, where he prevailed while being represented by Mr. Truitt.

A motion by Applicant Leary to vacate the trial court decision based upon fraud upon the court under Federal Rule of Civil Procedure 60(d)(3) is currently in preparation as per instructions from the judge's chambers.

In the second case of a 2014 $390,000 CAD combined defamation and copyright infringement judgment against Handshoe (hereafter "Handshoe II"), enforcement proceedings are ongoing for the copyright infringement component judgment, which was remanded to Hancock County Circuit court by the same federal district court and judge as in Handshoe I. The defamation component judgment awaits enforcement in the United States, and the case for potential enforcement will hinge on issues pertinent to this instant matter.

In Handshoe I, the federal district court found that Handshoe was on a private "campaign to damage" "embarrass" and "harass" the Applicants while the Nova Scotia court found Handshoe had promised to roll out in "excruciating detail" blog posts

targeting anyone associated with the Applicants, which includes Mr. Yount. It is an undisputed fact that Mr. Yount's only association with Mr. Handshoe was as a process server.

Another reason the Applicants' brief will be of benefit to this Honorable Court is that Applicants are mentioned repeatedly by the Appellee and his co-defendant, despite the fact the Applicants are not parties to this dispute. The reasons for this will shed light on the current dispute, and can be explicated with reference to the record and court decisions.

Both Mr. Handshoe and Mr. Truitt have in court filings made with both this the Court of Appeal and the trial court stated as fact that the Plaintiff's action in defamation is somehow part of a broader criminal conspiracy involving Applicants, Daniel Abel, and others to silence the "investigative journalism" of Mr. Handshoe, a Mississippi blogger.

Appellee/Defendants also (falsely) allege that Applicant and his close associates were involved in criminal wrongdoing "uncovered" by Mr. Handshoe, and falsely portray previous or ongoing litigation involving the Applicants to this Honorable Court.

The Applicants' capacity to address not only these issues, but also the law of defamation and La. CCP Art. 971 motions will be on benefit to the Court. In particular, **the Applicants will speak to whether or not the defamatory blog posts at the center of this controversy "arose from" the 24th Judicial District family court proceeding in Yount v. Steitle.** The "arising from" test is required by the language of Art. 971. As

proponents for Mr. Yount, the Applicants was explain why the defamatory blogs posts, while connected to a judicial proceeding, did not actually "arise from" the facts of that proceeding even though Mr. Handshoe's blogs were perhaps connected to that judicial proceeding. Applicants will provide case law.

The Applicants will also speak to the matter of "public interest" and the legal concept of illegal "bootstrapping" by defendants in defamation cases, also citing case law. In the instant case, the record shows Handshoe tried to fabricate a "matter of public interest" through his own publications, which courts throughout the United States have denied as an allowable tactic to fashion a "protected speech" argument after the fact.

Finally, by claiming a "journalistic" credential for the "Slabbed" blog, Defendants Handshoe & Truitt have also made the credibility of Mr. Handshoe and the "journalistic" integrity of his blogging an issue before the Court. Applicants have information and evidence that will be of benefit to the Court in weighing the validity of this argument, including evidence of intentional false representations made to courts of law.

The Applicants apologize for the late nature of this motion, but have just learned of this Honorable Court's hearing of this appeal. The Applicants therefore pray that this Court give leave from them to file an Amicus brief. All of the above is respectfully submitted. JURAT.

Signed this 31th day of March, 2015.

*[signature]*
Charles L. Leary, PhD

*[signature]*
Vaughn J. Perret

189 Trout Point Road
East Kemptville
Nova Scotia, Canada
B5A 5X9
Phone 902.482-8360
Email: foodvacation@gmail.com

189 Trout Point Road
East Kemptville
Nova Scotia, Canada
B5A 5X9
Phone 902.482-8360
Email: foodvacation@gmail.com

Certificate of Service

We have had this pleading placed in the United States Mail on this 1st Day of April 2015.

*[signature]*
Charles L. Leary, PhD

Copies Mailed To:

**Ms. Connie Sue Montgomery**
1403 W Esplanade Ave
Kenner, LA 70065
Phone: (504) 464-7000
Fax: (504) 464-0908
Email: cmontgomerylaw@aol.com

**Mr. Jack E Truitt**
149 N New Hampshire St
Covington, LA 70433
Phone: (985) 327-5266
Fax: (985) 327-5252
Email: btruitt@truittlaw.com