IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DOUGLAS HANDSHOE**                                                                   **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO. 1:14-CV-159-KS-MTP**

**DANIEL G. "DANNY' ABEL and**
**CHRIS YOUNT**                                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on its own orders [76][77] instructing Plaintiff Douglas Handshoe ("Plaintiff") to show cause why his remaining abuse of process claim should not be dismissed for lack of subject matter jurisdiction and to amend his complaint in order to cure the pleading defects of his misrepresentation claim under 17 U.S.C. § 512(f). The Court finds that Plaintiff has not shown that subject matter jurisdiction exists for his abuse of process claim and that this claim should be dismissed without prejudice. The Court further finds that Plaintiff has not stated a claim for misrepresentation under § 512(f) upon which relief can be granted and that this claim should therefore be dismissed with prejudice.

## I. BACKGROUND

Plaintiff filed the current action with the Court on April 10, 2014, against Defendants Chris Yount ("Yount") and Daniel Abel ("Abel"). Plaintiff filed an Amended Complaint [27] with the Court's leave on March 13, 2015. In his Amended Complaint [27], Plaintiff brings claims of misrepresentation under 17 U.S.C. § 512(f) against Yount and Abel, abuse of process against Yount and Abel for the service of a court order on his web host, malicious prosecution against Yount and Abel, and abuse of process against Yount and Abel for the filing of an appellant brief in a Louisiana case. Abel and Yount are both residents of Louisiana.

Plaintiff is the publisher and owner of Slabbed New Media, LLC. On February 13, 2014, Plaintiff published a blogpost entitled "Very disturbing child welfare issues raised in 24th JDC case," which included an image obtained from the then-unsealed case *Yount v. Steitle* pending in Louisiana court. The image was alleged drawn by a minor child. On February 18, 2014, Yount, through his lawyer Abel, obtained a court order in the pending Louisiana case and served it upon Plaintiff's web host in Texas in order for the post to be taken down.

In response, on February 21, 2014, Plaintiff published another post titled "Ready, Willing and unAbel: A Super 8 Motel Legal Department Update." This post contained a hyperlink to the same image as the previous post. On February 28, 2014, Plaintiff received a Digital Millennium Copyright Act ("DMCA") takedown notice from his web host, which was issued after Yount and Abel, on behalf of the minor child, represented that the image infringed on the child's copyright.

On March 20, 2014, Abel filed a defamation suit against Plaintiff on behalf of Yount and on behalf of an unnamed minor child. (*See* Louisiana Petition [27-1].) On July 28, 2014, the Louisiana court dismissed the defamation suit under Louisiana's anti-SLAPP statute. On September 17, 2014, Abel filed an appeal on Yount's behalf with the Louisiana Fifth Circuit Court of Appeals.

On November 6, 2014, Abel was suspended from the practice of law. On January 20, 2015, Yount filed his appellate brief pro se. Plaintiff filed a motion to strike.

The claims against Yount for malicious prosecution and abuse of process for filing the appellant brief in the Louisiana action have been dismissed for lack of personal jurisdiction. (Order [69] at p. 10.) Default [74] was entered by the Clerk of the Court against Abel on December 11, 2015, for failure to appear. Plaintiff subsequently filed a Motion for Default Judgment [75] on December 14, 2015.

In support of his Motion for Default Judgment [75], Plaintiff submitted an Affidavit [75-1] claiming that his damages in this case was $75,000. On December 16, 2015, the Court denied Plaintiff's Motion for Default Judgment [75] against Abel and dismissed the claims against him for abuse of process for the appellant brief and malicious prosecution for lack of personal jurisdiction and the abuse of process for service of the court order for lack of subject matter jurisdiction. (*see* Order [76].)  Though the Court denied default judgment on the misrepresentation claim under 17 U.S.C. § 512(f) for failure to state a claim, because this claim was identical to the pending claim against Yount, Plaintiff was afforded twenty-one days to amend this claim as to both defendants before a dismissal would issue. (*Id.* at pp. 6-7.)  The Court issued a separate Order to Show Cause [77], directing Plaintiff to show why his remaining abuse of process claim against Yount should not be dismissed for lack of subject matter jurisdiction for failure to meet the jurisdictional amount.

## II.  DISCUSSION

The Court notes at the onset of its discussion that Plaintiff's amendments to his complaint exceed the allowance made by the Court.  Plaintiff was given permission to amend his complaint only to cure the defects in his misrepresentation claim under § 512(f).  Plaintiff exceeded this scope by adding claims, parties, and superfluous facts to his Amended Complaint [80].  The Court will strike these amendments and all added claims and parties will be **dismissed without prejudice**.  Plaintiff is warned that the proper avenue for adding such claims and parties is through a motion for the Court's leave or with opposing party's written consent pursuant to Federal Rule of Civil Procedure 15(a)(2).

    A.    **Subject Matter Jurisdiction of Abuse of Process Claim**

In order for diversity jurisdiction to exist, the sum in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs."   28 U.S.C. § 1332(a).   In Plaintiff's sworn

Affidavit [75-1], he represented that his claims against Abel, who is jointly and severally liable for the same claims against Yount, entitled him to a damages award amounting to $75,000, which does not exceed jurisdictional amount required for diversity jurisdiction. In his Response [79] to the Court's Order to Show Cause [77], Plaintiff claims that, in his Motion for Default Judgment [75], he intended to plead the minimum amount in order to secure the Court's jurisdiction. His failure was due to a misreading of the law that, he argues, should be excused because of his status as a *pro se* litigant. He further claims that a detailed calculation of his claims shows that his damages amount to at least $113,802.

Plaintiff submitted a signed, sworn Affidavit [75-1] representing that his damages in this action amounted to $75,000. In doing so, Plaintiff represented by implication that this amount was calculated based on the total amount of damages which he incurred and to which he was entitled under law. Plaintiff's argument now amounts to an admission that he previously made false representations concerning his damages to the Court and that, in doing so, willingly forewent an additional potential award of about $40,000 from Abel in default judgment. The Court will not accept this argument. The Court will take Plaintiff's signed and sworn Affidavit [75-1] as true, and find that the damages claimed in this action amount to $75,000. As such, the jurisdictional amount required for diversity jurisdiction under 28 U.S.C. § 1332(a) is not met, and Plaintiff's claim of abuse of process must be **dismissed without prejudice** for want of subject matter jurisdiction.

### B.   Misrepresentation under 17 U.S.C. § 512(f)

A person is liable under 17 U.S.C. § 512(f) if he "knowingly materially misrepresents under this section . . . that material or activity is infringing." In his new amendments relating to this claim, Plaintiff contends that he had a right to the image in controversy based upon it appearing in an

unsealed and public court document.  As such, he argues that his use of the image was not infringing, and Yount and Abel's contention that it amounted to a misrepresentation under § 512(f).

From the Court's reading of the Amended Complaint [80], it appears that Plaintiff is claiming that, because the image appears in an unsealed and public court document, the image has entered the public domain and therefore no copyright protection exists.  However, a copyrighted work does not lose its copyright protection simply because it is easily available to the public.  *See Kepner-Tregoe, Inc. v. Leadership Software, Inc.*, 12F.3d 527, 537 (5th Cir. 1994) ("[P]rotected expression does not lose its protection simply because it is widely disseminated.  If [the expression] is widely discussed, described, and reproduced, it is presumably with the permission of the copyright holder . . . [or] because such discussion, description, and reproduction constitutes *fair use*.") (emphasis in original).

Given that there is no dispute that the minor child drew the image, and therefore held a copyright in it under 17 U.S.C. § 102(a)(5), nor is there a dispute that Plaintiff posted the image without permission of the copyright owner or his agent, the only avenue through which Plaintiff could have used the image was through the doctrine of fair use.  *See* 17 U.S.C. §§ 106-07.  Plaintiff does not plead that his use of the image constituted fair use.  More importantly, though, Plaintiff does not allege that Yount and Abel did not in good faith consider any fair use defense he may have had before issuing the DMCA takedown notice.  *See Lenz v. Universal Music Corp.*, 801 F.3d 1126, 1132-33 (9th Cir. 2015) (holding that the DMCA requires copyright owners to consider fair use before issuing a takedown notice under § 512).  In fact, Plaintiff's Amended Complaint [80] excerpts the takedown notice, which states that Yount and Abel did "have a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or *the law*." (Amended Complaint [80] at p. 11 (emphasis added).)  As fair use is an authorized use under copyright law, *see Lenz.*, 801 F.3d at 1132, the Court can only assume, absent any contrary

5

allegations from Plaintiff, that Yount and Abel considered in good faith the applicability of the fair use doctrine in forming this belief. The Court therefore does not find that Plaintiff has sufficiently pleaded a misrepresentation under § 512(f).

The Court has already afforded Plaintiff an opportunity to amend his complaint as it pertains to his § 512(f) claim in order to state a claim upon which relief could be granted. The Court warned that failure to do so would result in a dismissal with prejudice. As Plaintiff's amendments do not state a claim upon which relief can be granted, this claim will be **dismissed with prejudice**.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's abuse of process claim against Yount is **dismissed without prejudice** for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's misrepresentation claim against Yount and Abel under 17 U.S.C. § 512(f) is **dismissed with prejudice** for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED AND ADJUDGED that all additional claims and parties introduced in Plaintiff's Amended Complaint [80] are **dismissed without prejudice** due to Plaintiff's failure to seek leave of Court to amend or to gain opposing parties' written consent.

As all claims have been dismissed in this action, the Court will issue a separate final judgment pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED AND ADJUDGED this the 8th day of January, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE