
# THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI SOUTHERN DIVISION



| | | |
|---|---|---|
| DOUGLAS HANDSHOE<br>PLAINTIFF | * * * | CIVIL ACTION NO.<br>1:14-CV-159-KS-MTP |
| V. | * * | |
| DANIEL G. "DANNY' ABEL and<br>CHRIS YOUNT | * * * | |
| DEFENDANTS | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF THREATENING EMAIL SENT BY HANDSHOE; WHICH THREATENS AND NAMES MY MINOR CHILD; MOTION FOR RETURN OF SERVICE FEE PAID BY DEFENDANT CHRIS YOUNT TO DOUGLAS HANDSHOE, and FORMAL REQUEST FOR SANCTIONS AS APPLICABLE

Comes Now Mr. Chris Yount, in my personal capacity as the pro se defendant, who verifies the facts set forth below and requests the following relief.

### PRELIMINARY STATEMENT

I was preparing my response to Mr. Handshoe brief and amended complaint filed January 6, 2016, when I received the Honorable Court's decision and final judgment, for which I am grateful. However, I believe it very important to bring to the Court's attention a few of the topics I was going to detail in my brief, some of which are now moot given Your Honor's decision.

In particular, there are two inter-related pieces of evidence for Your consideration that remain relevant to Mr. Handshoe's abuse of this court's process and vexatious litigation tactics by Mr. Handshoe. The litigation background is mostly known to the Court, but I will briefly summarize as Mr. Handshoe attempted to add my minor son in this case and also tried to add Dr. Charles Leary and attorney Vaughn Perret.

Not only did Mr. Handshoe's attempt to add my minor child and these parties to this lawsuit, violate this Court's very specific order, but Mr. Handshoe has once again made serious misrepresentations [to use the more polite term] to the Court which the Court took notice of and admonished him for in Its order. Mr. Handshoe added Dr. Leary and Attorney Mr. Perret in his on-going attempt to prevent them from collecting judgments against Mr. Handshoe already awarded by other courts.

United States citizens Charles Leary and Vaughn Perret, as well as the business they own, Trout Point Lodge, have a final $180,000 CAN judgment for copyright infringement against Mr. Handshoe from Nova Scotia Supreme Court that they are currently in the process of enrolling in Hancock County Circuit Court. Trout Point Lodge has received favorable publicity and/or accolades from the Toronto Star newspaper, the National Geographic Society, and the Halifax Chronicle-Herald newspaper. They filed suit in January, 2013.

Daniel Abel has had a defamation lawsuit pending against Mr. Handshoe and two co-defendants in New Orleans Civil District Court since the early summer of 2013. The Louisiana Fourth Circuit Court of Appeal has upheld the trial court's decision that Mr. Handshoe's anti-SLAPP special motions to strike should be denied. Mr. Handshoe's owes mandatory attorney's fees to Mr. Abel. On 13 February 2015, the Louisiana Supreme Court upheld the decision against Mr. Truitt and therefore Mr. Truitt and his client Mr. Handshoe, are personally liable for the two years of costs and all reasonable attorney fees in Mr. Abel's defamation suit.

I have had a defamation, invasion of privacy, and cyber-stalking lawsuit pending against Mr. Handshoe since March, 2014. The Louisiana Fifth Circuit Court of Appeal has reversed and remanded the trial court's decision that Mr. Handshoe's anti-SLAPP special motion to strike should be granted. Mr. Handshoe owes me mandatory attorney's fees. The Fifth Circuit ruled

against Mr. Truitt himself and the Fifth Circuit also awarded me attorney fees from Mr. Truitt personally and the related costs for the appeal.

My only contact with Mr. Handshoe was that I previously acted as a process server for Trout Point Lodge, Leary, Perret, and Abel, effecting service on Mr. Handshoe.

### UNFOUNDED ATTACKS ON LOYOLA UNIVERSITY, ITS FAMILY LAW CLINIC & ITS LAW STUDENTS

Mr. Handshoe put his sole-proprietor Slabbed New Media, LLC into Chapter 11 bankruptcy this past summer, and claimed in October that the company whose paltry earnings were detailed to Your Honor on January 6, 2016, by Mr. Handshoe himself owes him $500,000.

Against, this background, Mr. Handshoe has launched numerous frivolous lawsuits devoid of jurisdiction and content, most if not all of which have either been tactical lawsuits designed to harass and delay my lawsuit (and others) against Mr. Handshoe, or have been efforts to damage Trout Point Lodge and those friendly to it, including me, or to damage me and those representing the legal interests of my son, including the former defendant in this very case, Loyola University. This is an abuse of this Court's process, and Mr. Handshoe is a vexatious litigant.

### MR. HANDSHOE'S THREATS AGAINST AND CYBER-STALKING ON MY MINOR CHILD

No better proof of this exists than an email I received from Mr. Handshoe attempting to blackmail me into dropping my lawsuit against him in Louisiana 24th Judicial District Court, with the threat that he would add my minor son as a defendant in this lawsuit before Your Honor. Mr. Handshoe in fact carried out his threat, which gratefully was dismissed by this Court. That email I received on December 11, 2015, is attached as Exhibit "A". Notably it is the same day

Mr. Handshoe took default against Mr. Abel.

Attached is the threatening email I received from Mr. Handshoe threatening to name my minor child in this lawsuit if I did not drop my lawsuit against him and his attorney Mr. Jack E. "Bobby" Truitt in the 24th JDC for Jefferson Parish in Louisiana. The threat results from actions against Mr. Handshoe by the Courts in Louisiana. The Louisiana Fifth Circuit Court of Appeals has already awarded me all costs and reasonable attorney fees against Mr. Handshoe and Mr. Truitt, to be paid by each of them personally. As those matters were on appeal, the Fifth Circuit's decision is now the law of that case against Mr. Handshoe [See: Exhibit A - Threatening Email From Mr. Douglas Handshoe - Attached].

Mr. Handshoe has completely ignored compulsory counterclaim (compulsory "reconventional demand" in Louisiana) rules in the cases in which he is a defendant, and has instead intentionally decided to create a multiplicity of litigation for no reasonable purpose except harassment and injury.

Mr. Handshoe, for example, has just removed the Trout Point copyright infringement judgment case for a second time to this Court under the SPEECH Act of 2010, even though the case has already once been remanded by Judge Guirola and no facts have changed (cf. case number 2016-cv-00007).

The enrolment in Hancock County was simply done a second time after a procedural fault caused a dismissal without prejudice of the first enrolment a short time ago. The remand/ jurisdiction issue is res judicata, but this does not stop Mr. Handshoe from effecting removal a second time to harass and delay the plaintiffs.

## REQUEST FOR REVIEW OF MR. HANDSHOE'S ABUSE OF PROCESS IN THESE COURTS AND FOR AN INJUNCTION BARRING FUTURE ATTEMPTS

I am not asking Your Honor to rule on the merits of these other cases, but I believe the Court needs to control abuse of Its own process. I believe a show cause order should issue as to why this Court should not enjoin Mr. Handshoe from any future litigation (without a judge's permission), and why sanctions for his conduct in this case should not be imposed.

The court in ESTATE OF KATES v. PRESSLEY & PRESSLEY, PA, No. 11-CV-3221 (JFB)(ARL) (E.D.N.Y. Feb. 7, 2013) has recently succinctly summarized the legal standard for treatment of a vexatious litigant.

> Where a vexatious litigant engages in a manifest abuse of the judicial process, Section 1651 of Title 28 of the United States Codes offers recourse. Specifically, it allows a court to "sanction a vexatious litigant who abuses the judicial process by enjoining him from pursuing future litigation without leave of the court." Levine v. Landy, 860 F. Supp. 2d 184, 193 (N.D.N.Y. 2012) (citing 28 U.S.C. § 1651); Conway v. Brooklyn Union Gas Co., 236 F. Supp. 2d 241, 252 (E.D.N.Y. 2002) ("District courts, of course, have authority to enjoin a litigant from initiating vexatious actions."). A district court's power to so sanction is well accepted, as it "is part of the federal judicial system and has an obligation to protect and preserve the sound and orderly administration of justice throughout that system." In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).
>
> Stated most simply, a court considering the propriety of a litigation injunction must first consider whether the vexatious litigant "is likely to continue to abuse the judicial process and harass other parties," and from such a determination, assess whether an injunction is appropriate.

Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986). Before a court may issue such an injunction and restrict a litigant's access to the courts, several factors must be considered. Conway, 236 F. Supp. 2d at 252. These include "(1) the litigant's history of vexatious, harassing or duplicative lawsuits; (2) the litigant's motive; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties; and (5) whether sanctions would be adequate to protect the civil parties." Id. at 252 (citing Fitzgerald v. Field, No. 99 Civ. 3406, 1999 WL 1021568, at *5 (S.D.N.Y. Nov. 9, 1999)); see also Landy, 860 F. Supp. 2d at 193-94.

Mr. Handshoe has filed complaints again and again naming the same parties, claiming the same conspiracy, referring to slight variants of the same facts, making disingenuous legal arguments, and has failed to file mandatory counterclaims under Canadian and Louisiana law. He did so again in this Court on January 6, 2016.

I have prepared a Table of the litigation launched by Mr. Handshoe against various defendants, which is attached as Exhibit "B". The bulk of it took place in the matter Mr. Handshoe filed against me within this Court. Not only has Mr. Handshoe attacked me, my minor son and others, he has also attacked Judge Piper Griffin [and other judges] in Louisiana. Note the motion he filed against her cited in Exhibit B.

### RETURN OF SERVICE FEES REQUESTED

I have also paid Mr. Handshoe service fees in the amount of $211.30, by order of the Court, my appreciation is that Mr. Handshoe would have to pay back those fees if his case is dismissed, as it has been by the Honorable Court [See: Exhibit C - Copy of Cashier Check for Service Fees].

### REQUEST FOR SANCTIONS

As it appears that the Court has found that Mr. Handshoe has violated Federal Rule 11 in several ways, It should impose the proper sanctions upon him at this time. It particular it appears evident that Mr. Handshoe in this matter and a number of others has violated Rule 11, Section (b) (1), cited below:

> Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions
>
> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;"

The Court should impose whatever Sanctions It determines are necessary to "deter repetition of the conduct" particularly the threats against and cyber-stalking of my minor son and under founded attacks on Loyola University, Its Law Students who work in the Family Law Clinic, and the Family Law Clinic itself.

> (c) Sanctions.
>
> (4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.
>
> (As amended Apr. 28, 1983, eff. Aug. 1, 1983; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 30, 2007, eff. Dec. 1, 2007.)

## CONCLUSION

I verify the facts stated above and request all relief that this Honorable Court finds appropriate as well as an injunction to "deter all such conduct" by Mr. Douglas K. Handshoe in the future against my minor child, myself, Loyola Law School and its Student Practitioners by Mr. Handshoe or any of Mr. Handshoe's other attorneys.

## JURAT

Respectfully submitted,

*[signature]*

Chris E. Yount, Pro Se
545 Terrace Street
Jefferson, LA 70121

Certificate of Service

*[signature]*

I have served Mr. Handshoe with a Copy of This Pleading and All of Its Attachments on or before 12 January 2016.