SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JAN 29 2016

ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

DOUGLAS HANDSHOE                                )
                                                )
v.                                              )      **CIVIL ACTION NO.** 1:14CV159 KS-MTP
                                                )
DANIEL G. "DANNY" ABEL,                         )
CHRIS YOUNT, INDIVIDUALLY AND AS                )
GUARIDIAN OF CARVER YOUNT,                      )
CHARLES LEARY AND VAUGHN PERRET                 )
                                                )

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTIONS FOR JUDGMENT COSTS AND FOR SANCTIONS

COMES NOW INTO COURT, Plaintiff Douglas Handshoe, in his individual capacity

and as publisher of Slabbed New Media, LLC and files this memorandum in opposition to Mr.

Yount's Motion for Judgment costs and for sanctions and states as follows:

### DEFENDANT YOUNT HAS NOT INCURRED ANY RECOVERABLE COSTS

The basis for awarding costs in Federal Court is derived from Rule 54(d), Federal Rules

of Civil Procedure, which provides that:

> Except when express provision therefor is made either in a statute of the United States or
> in these rules, costs other than attorneys' fees shall be allowed as of course to the
> prevailing party unless the court otherwise directs.[1]

Federal Rule 54(d) creates a presumption that the prevailing party shall recover costs.

Allowable items of judgment costs are set forth in 28 U.S.C. § 1920 and includes:

- Fees of the clerk and marshal;
- Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
- Fees and disbursements for printing and witnesses;

---

[1] Fed. R. Civ. P. 54 (d)(1).

- Fees for exemplification and copies of papers necessarily obtained for use in the case;
- Docket fees under section 1923 of this title;
- Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Further, the prevailing party has the burden of demonstrating the amount of its recoverable costs while the losing party bears the burden of showing that the claimed costs are not appropriate. Plaintiff argues that Mr. Yount has failed to meet his burden in demonstrating that he has incurred any recoverable costs as the Costs of Service for his failure to discharge his duty to minimize litigation costs under Fed. R. Civ. P. 4 is not a recoverable judgment cost per 28 U.S.C. § 1920. Further this cost of litigation was entirely avoidable had Mr. Yount discharged his affirmative duty under Rule 4. For all these reasons Mr. Yount's Motion should be denied.

## SANCTIONS UNDER FED. R. CIV. P. 11

Mr. Yount additionally seeks sanctions against Plaintiff including an injunction under Rule 11 of the Federal Rules of Civil Procedure. Ensnared as Mr. Yount is in a legal quagmire that he, along with Trout Point Lodge themselves created, he now seeks this court's intervention to prevent Plaintiff from asserting additional abuse of process counts in Mississippi State court against him along with Chares Leary, Vaughn Perret and Mr. Yount's putative former Attorney Daniel Abel for violating a case seal in Mr. Yount's Louisiana defamation action against Plaintiff which also joined Plaintiff's lawyer per Mr. Yount's own admission[2].

Additionally, Mr. Yount claims that Plaintiff threatened his son submitting a partial email chain as evidentiary proof.[3]  However, a closer inspection of Mr. Yount's rambling, barely comprehensible screed reveals it contains allegations that address Trout Point Lodge's legal

---

[2] ECF #84, Page 4, First Paragraph
[3] Plaintiff was clearly attempting to settle both this matter and the one in Louisiana which would have freed Mr. Yount from his legal entanglements, a result he clearly does not desire.

arguments in a civil action(s) that is supposedly unrelated to Mr. Yount and Abel's submission of a DMCA Takedown Notice in this instant matter. In fact, despite Mr. Yount's protestations to the contrary that he is a simple process server contracted by Trout Point Lodge, the fact that his Motion for Sanctions advances legal arguments concerning another Trout Point Lodge matter that was very recently removed to and is currently before the Honorable Court in the form of a Trout Point remand motion that was filed on January 20, 2016, eight days after Mr. Yount filed his Motion for Sanctions cannot be gainsaid.[4][5]

Amazingly, referring to Trout Point's campaign of Libel Tourism on page 6 of his brief, Mr. Yount advancing his argument for an injunction states:

> Mr. Handshoe has filed complaints again and again naming the same parties, claiming the same conspiracy, referring to slight variants of the same facts, making disingenuous legal arguments, and has failed to file mandatory counterclaims under Canadian and Louisiana law. He did so again in this Court on January 6, 2016.

While it is clear Plaintiff has sued Trout Point Lodge and its litigious owners, the record is clear his first civil action was preceded by five separate civil actions against him in Canada and Louisiana which also joined Plaintiff's counsel in acts of retaliation that literally undermine the administration of the justice system. And while it is true Plaintiff has sued the lawyers with the Stuart Smith Law Clinic, it is equally true by their own admission to the Louisiana District Court they represented no party in Mr. Yount's Louisiana defamation suit despite the fact they had previously filed Motions with the Louisiana Court of Appeals enrolling on behalf of Mr.

---

[4] ECF #84, Page 4, Third and Fourth Paragraphs

[5] Plaintiff is greatly relieved that despite the constant joining of his Attorneys in subsequent civil actions by Yount and the Trout Point partners he was able to obtain legal representation in the latest Trout Point attempt to circumvent the United States SPEECH Act.

Yount's son, who had previously been disregarded by the parties in that matter.[6] Further, Loyola's briefs to the Louisiana appellate court contains assertions of facts involving Plaintiff's Company's webhost that they only could have received from Trout Point Lodge in the form DCMA Takedown Notice submitted by Charles Leary and Vaughn Perret on February 18, 2014 to HostGator.com, LLC.  Finally, an examination of the events in Mr. Yount's defamation action in time reveals that Loyola's involvement in Yount's defamation action became manifest immediately after Mr. Yount's putative attorney Daniel Abel was suspended from the practice of law pending permanent disbarment by the Louisiana Supreme Court leaving Mr. Yount as a pro se litigant left alone to face the counter claims asserted against him by both instant Plaintiff and his attorney in that action.

Notably, the Loyola defendants cannot be ruled out as being the source of the sealed Louisiana court records submitted by Trout Point Lodge in Trout Point's previous motions before this Court accusing Plaintiff and his lawyers of misconduct in the matter *Trout Point et al v Handshoe*.  Those issues will be explored in an existing Mississippi State circuit court matter in which Plaintiff has now been able to obtain and enroll counsel.

Mr. Yount finds himself ensnared in a legal quagmire as a result of his own actions. Plaintiff offered Mr. Yount the opportunity to extricate himself as shown in Mr. Yount's own exhibit in his motion now before this court, an opportunity that Mr. Yount failed to avail himself in favor of attempting to argue the merits of litigation involving Trout Point Lodge of Nova Scotia.  Knowing his position as the proverbial little lamb on the way to the slaughter house, he seeks to have this Court enjoin Plaintiff from litigating torts against him while ostensibly leaving

---

[6] Were it not for the ham handed way that both Loyola and Yount have attempted to use Yount's son Carver in a Louisiana state court defamation action which joins Plaintiff's lawyer, Mr. Yount's son would not now be involved as a potential counter defendant in that same state court action.

him free to continue his participation in Trout Point Lodge's continuing campaign of Libel

Terrorism against Plaintiff and his previous lawyers.

While Plaintiff was unsuccessful in advancing this action under Section 512(f), he is

putting both Mr. Yount and Mr. Abel on notice that Plaintiff will absolutely assert claims against

them should they contact or submit another DMCA Takedown notice to Plaintiff's company's

webhost.

For all the foregoing reasons Mr. Yount's Motion for Judgment Costs and for Sanctions

should be denied as unsupported.

Respectfully submitted this 28th day of January, 2016,

Plaintiff
Douglas Handshoe
Post Office Box 788
110 Hall Street
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

## CERTIFICATE OF SERVICE

I, Douglas Handshoe, hereby certify that on January 28th, 2016 the foregoing was sent for electronically filing by me via the Clerk of the Court using the ECF system which sent notification of such filing to the following ECF participants:

    Chris Yount
    Pro Se
    545 Terrace Street
    Jefferson, LA 70121

I, Douglas Handshoe, certify I have sent a true and correct copy of the foregoing to the following via United States Mail:

    Daniel G. Abel
    Pro Se
    C/O The Super 8 Motel / Desai Enterprises
    2421 Clearview Parkway, Room 106
    Metairie, LA 70001

Respectfully submitted this 28th day of January, 2016,

Douglas Handshoe
Post Office Box 788
Wiggins, MS 39577
(601) 928-5380
earning04@gmail.com

6