**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**DOUGLAS HANDSHOE**                                                                               **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO. 1:14-CV-159-KS-MTP**

**DANIEL G. "DANNY' ABEL and
CHRIS YOUNT**                                                                              **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Chris Yount's ("Yount") Motion for Sanctions and Return of Service Fee Paid ("Motion for Sanctions") [84]. After considering the submissions of the parties, the record, and the applicable law, the Court finds that the motion is not well taken and should be denied.

**I. BACKGROUND**

Plaintiff Douglas Handshoe ("Plaintiff") is the publisher and owner of Slabbed New Media, LLC. On February 13, 2014, Plaintiff published a blogpost entitled "Very disturbing child welfare issues raised in 24th JDC case," which included an image obtained from the then-unsealed case *Yount v. Steitle* pending in Louisiana court. The image was allegedly drawn by a minor child. On February 18, 2014, Defendant Chris Yount ("Yount"), through his lawyer Defendant Daniel Abel ("Abel"), obtained a court order in the pending Louisiana case and served it upon Plaintiff's web host in Texas in order for the post to be taken down.

In response, on February 21, 2014, Plaintiff published another post titled "Ready, Willing and unAbel: A Super 8 Motel Legal Department Update." This post contained a hyperlink to the same image as the previous post. On February 28, 2014, Plaintiff received a Digital Millennium

Copyright Act ("DMCA") takedown notice from his web host, which was issued after Yount and Abel, on behalf of the minor child, represented that the image infringed on the child's copyright.

On March 20, 2014, Abel filed a defamation suit against Plaintiff on behalf of Yount and on behalf of an unnamed minor child.  (*See* Louisiana Petition [27-1].)  On July 28, 2014, the Louisiana court dismissed the defamation suit under Louisiana's anti-SLAPP statute.  On September 17, 2014, Abel filed an appeal on Yount's behalf with the Louisiana Fifth Circuit Court of Appeals.

On November 6, 2014, Abel was suspended from the practice of law.  On January 20, 2015, Yount filed his appellate brief pro se.

Plaintiff filed the current action with the Court on April 10, 2014, against Yount and Abel. All claims in this case have been dismissed as of January 8, 2016.  Yount now brings his Motion for Sanctions [84], seeking sanctions against Plaintiff and a return of his service of process fee.

## II.  DISCUSSION

Yount's request of his service of process fee has no basis in law other than as an additional sanction against Plaintiff.  Therefore, the Court will analyze the entire motion as a request for sanctions under Federal Rule of Civil Procedure 11.

Rule 11(c) provides for a "safe harbor" provision that requires a party to serve a motion for sanctions on the opposing party twenty-one (21) days before filing it with the Court.  Yount's Motion for Sanctions [84], filed on January 12, 2016, references actions taken by Plaintiff on January 6, 2016, just six days prior to the filing of the motion.  It is therefore apparent that Yount could not have possibly served the motion on Plaintiff the twenty-one (21) days before filing it with the Court, as required by Rule 11(c).  His Motion for Sanctions [84], then, is procedurally barred and must be **denied**.

## III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Yount's Motion for Sanctions [84] is **denied**.

SO ORDERED AND ADJUDGED this the 8th day of February, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE